JUDGE ROBINSON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

COLUMBIA GAS TRANSMISSION                    :       Civil Action No.
CORPORATION,
                                             :       07 CIV 5739
                    Plaintiff,
                                             :
        - against -
                                             :       **COMPLAINT**
LEWIS PERRY, YOLANDA PERRY,
ALEXANDER ROAD ASSOCIATION, INC.,            :
ANTHONY VULPONE, ESTATE OF ANTHONY
VULPONE, ROBERT ANTALOCY,                    :
THOMAS HARRIS, DOLORES A. KORZ,
JOHN P. KILDUFF, KENNETH LEE d/b/a           :
"I CAN GET IT FOR YOU WHOLESALE",
SALLIE E. HARMON, PAUL RUGGIERO,             :
MICHELLE RUGGIERO, TERRANCE
DONNARY, ANDREW PERNA, KAREN                 :
PERNA, ROBERT McMAHON, CARL
McMAHON, KELVIN M. LEWIS, MARCHELLE          :
KIRBY, JHON GORDON, RUTH MONROE,
EDWARD R. MATEO, ROSANN P. MATEO,            :
ADAM DORAN, NICOLE DORAN, CREDENCE
DEVELOPMENT INC., RICHARD DELISI,            :
ADELAIDE FAULKNER, PAUL ESPEL,
CAROL ESPEL, DAWN FORNOFF, RICHARD           :
BURTON, GARY MARINA, and JOHN DOE
NO. "1" through "10" inclusive, the names of the    :
last ten defendants being ficticous, the true names
being unknown to plaintiff, the parties intended    :
being those having an ownership interest in
property effected by a certain easement described   :
in the complaint,
                                             :
                    Defendants.
-------------------------------------------------------------X

Plaintiff, Columbia Gas Transmission Corporation ("Columbia Gas"), by its attorneys,

Reed Smith LLP, as and for its complaint against the defendants Lewis Perry, Yolanda Perry

(collectively the "Perrys"), Alexander Road Association, Inc. ("ARA"), Anthony Vulpone, the

Estate of Anthony Vulpone, Robert Antalocy, Thomas Harris, Dolores A. Korz, John P. Kilduff,

Kenneth Lee d/b/a "I Can Get It For You Wholesale", Sallie E. Harmon, Paul Ruggiero,

Michelle Ruggiero, Terrance Donnary, Andrew Perna, Karen Perna, Robert McMahon, Carl

McMahon, Kelvin M. Lewis, Marchelle Kirby, Jhon Gordon, Ruth Monroe, Edward R. Mateo,

Rosann P. Mateo, Adam Doran, Nicole Doran, Credence Development Inc., Richard Delisi, Adelaide Faulkner, Paul Espel, Carol Espel, Dawn Fornoff, Richard Burton, Gary Marina and Jonh Doe No. "1" through "10", inclusive (collectively "Interested Party Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

1.      Columbia Gas owns and operates natural gas pipelines throughout the State of New York and elsewhere.  In connection with its business, Columbia Gas possesses many land rights in the form of easements and right-of-ways across various properties.  In 1949, Home Gas Company, predecessor-in-interest to Columbia Gas, obtained from Lillian A. Alexander, defendants' predecessor-in-interest, an easement across certain property to lay, maintain, operate, repair, change and remove a natural gas pipeline with ingress and egress to the same.  The rights also include the right, at any time, to lay a second line upon the same terms and conditions as the initial lay.  This easement was duly recorded among the land records of the Office of the Orange County Clerk on October 31, 1949, in Liber 1140, at Page 119.  Lillian A. Alexander's property was subsequently subdivided into various plots.  The subdivisions that are subject to Columbia Gas' easement are currently owned by the various defendants.  Defendants, ARA and the Perrys, despite acquiring their land rights subject to Columbia Gas' rights, have now taken the position that Columbia Gas' easement does not entitle it to lay, maintain, operate, repair, change or remove the existing pipelines across their property and have demanded that Columbia Gas purchase easement rights--again--across their property.

2.      As a dispute has arisen concerning Columbia Gas' rights, title and interest in its easement, Columbia Gas now brings the instant action seeking:  injunctive relief preventing the Perrys and ARA from interfering with Columbia Gas' rights as set forth in the applicable easement; a declaratory judgment establishing that the reasonable and necessary scope of the right-of-way granted under the easement is fifty (50) feet in width (twenty-five (25) feet on either side of the pipeline); and a declaratory judgment establishing that while construction or major work is performed on the gas pipeline the reasonable and necessary scope of the right-of-

way temporarily expands to seventy-five (75) to one hundred fifty (150) feet in total width (from twenty-five (25) feet on one side and fifty (50) feet on the other side of the pipeline to as much as seventy-five (75) feet on either side of the pipeline).

3.    Columbia Gas is not currently aware that any of the Interested Party Defendants are challenging Columbia Gas' rights under the easement, but are being named herein as interested parties since their land is subject to the easement and within one hundred fifty (150) feet of the center line of Columbia Gas' pipeline.

## THE PARTIES

4.    Columbia Gas is a Delaware corporation with its principal place of business in West Virginia.  Columbia Gas transports natural gas for and to local distribution companies and others for ultimate consumption by the general public.

5.    Upon information and belief, Defendants Perrys are individuals who are the owners of and reside at subdivision tract number 110339, also known as 125 Alexander Road, Greenwood Lake, New York.

6.    Upon information and belief, Defendant ARA is a New York non-profit corporation managing the common areas of certain defendants' subdivision.  ARA claims to possess certain rights in and to the Alexander Road itself (upon information and belief, subdivision tract numbers 110331 and 110338) through adverse possession, but that its rights are not recorded in any deed, nor has it ever sought a judicial declaration that it has rights in the property.

7.    Upon information and belief, interested-party defendant Anthony Vulpone is deceased and his property is being administered by the Estate of Anthony Vulpone.  Anthony Vulpone was the owner of subdivision tract number 110313, also known as P.O. Box 937, Greenwood Lake, New York 10925.  Columbia Gas' pipeline traverses this subdivision tract of land.

-3-

8. Upon information and belief, interested-party defendant Robert Antalocy is the owner of and resides at subdivision tract number 110314, also known as 105 Jarmain Road, Monroe, New York 10950. Columbia Gas' pipeline traverses this subdivision tract of land.

9. Upon information and belief, interested-party defendant Thomas Harris is the owner of subdivision tract number 110316 and resides at 328 Flatbush Avenue, Brooklyn, New York 11238. Columbia Gas' pipeline traverses this subdivision tract of land.

10. Upon information and belief, interested-party defendants Dolores A. Korz and John P. Kilduff are the owners of and reside at subdivision tract number 110320, also known as 129 Jarmain Road, Monroe, New York 10950. Columbia Gas' pipeline traverses this subdivision tract of land.

11. Upon information and belief, interested-party defendant Kenneth Lee d/b/a "I Can Get It For You Wholesale" is the owner of the subdivision tract number 110321 and resides at PO Box 296, Washingtonville, New York 10992. Columbia Gas' pipeline traverses this subdivision tract of land.

12. Upon information and belief, interested-party defendant Sallie E. Harmon is the owner of and resides at subdivision tract number 110323, also known as 295 Old Dutch Hollow Road, Monroe, New York 10950. Columbia Gas' pipeline traverses this subdivision tract of land.

13. Upon information and belief, interested-party defendants Paul and Michelle Ruggiero are the owners of and reside at subdivision tract number 110324, also known as 291 Old Dutch Hollow Road, Monroe, New York 10950. Columbia Gas' pipeline is within 150 feet of this subdivision tract of land.

14. Upon information and belief, interested-party defendant Terrance Donnary is the owner of and resides at subdivision tract number 110325, also known as 315 Old Dutch Hollow Road, Monroe, New York 10950. Columbia Gas' pipeline is within 150 feet of this subdivision tract of land.

-4-

15.    Upon information and belief, interested-party defendants Andrew and Karen Perna are the owners of and reside at subdivision tract number 110327, also known as 322 Old Dutch Hollow Road, Monroe, New York 10950.  Columbia Gas' pipeline traverses this subdivision tract of land.

16.    Upon information and belief, interested-party defendants Robert and Carl McMahon are the owners of and reside at subdivision tract number 110328, also known as 296 Old Dutch Hollow Road, Monroe, New York 10950.  Columbia Gas' pipeline is within 150 feet of this subdivision tract of land.

17.    Upon information and belief, interested-party defendants Kelvin M. Lewis and Marchelle Kirby are the owners of subdivision tract number 110330 and reside at 168-10 127th Street, Jamaica, New York, 11434.  Columbia Gas' pipeline traverses this subdivision tract of land.

18.    Upon information and belief, interested-party defendant Jhon Gordon is the owner of subdivision tract numbers 110332 (74 Alexander Road) and 110334 (70 Alexander Road) and resides at PO Box 383, Greenwood Lake, New York 10925.  Columbia Gas' pipeline is within 150 feet of subdivision tract number 110334 and traverses subdivision tract number 110332.

19.    Upon information and belief, interested-party defendant Ruth Monroe is the owner of the subdivision tract number 110333 and resides at 16 Seventh Street Mount Lambert, Trinidad, West Indies, 00109-6000.  Columbia Gas' pipeline is within 150 feet of this subdivision tract of land.

20.    Upon information and belief, interested-party defendants Edward R. and Rosann P. Mateo are the owners of and reside at subdivision tract number 110335, also known as 144 Alexander Road, Monroe, New York 10950.  Columbia Gas' pipeline traverses this subdivision tract of land.

21.    Upon information and belief, interested-party defendants Adam and Nicole Doran are the owners of and reside at subdivision tract number 110336, also known as 146 Alexander

Road, Monroe, New York 10950. Columbia Gas' pipeline is within 150 feet of this subdivision tract of land.

22.    Upon information and belief, interested-party defendant Credence Development Inc. is the owner of and has a place of business at subdivision tract number 110337, also known as 136 Alexander Road, Monroe, New York 10950. Columbia Gas' pipeline is within 150 feet of this subdivision tract of land.

23.    Upon information and belief, interested-party defendant Richard Delisi is the owner of and resides at subdivision tract number 110339.10, also known as 155 Alexander Road, Monroe, New York 10950. Columbia Gas' pipeline traverses this subdivision tract of land.

24.    Upon information and belief, interested-party defendant Adelaide Faulkner is the owner of subdivision tract number 110340 and resides at 2200 Madison Avenue, New York, New York 10037. Columbia Gas' pipeline traverses this subdivision tract of land.

25.    Upon information and belief, interested-party defendants Paul and Carol Espel are the owners of and reside at subdivision tract number 110341, also known as 263 Nelson Road, Monroe, New York 10950. Columbia Gas' pipeline traverses this subdivision tract of land.

26.    Upon information and belief, interested-party defendants Dawn Fornoff and Richard Burton are the owners of and reside at subdivision tract number 110343, also known as 268 Nelson Road, Monroe, New York 10950. Columbia Gas' pipeline traverses this subdivision tract of land.

27.    Upon information and belief, interested-party defendant Gary Marina is the owner of and resides at subdivision tract number 110344, also known as 266 Nelson Road, Monroe, New York 10950. Columbia Gas' pipeline traverses this subdivision tract of land.

28.    Upon information and belief, John Doe No. "1" through "10", inclusive, are fictitious names of entities or individuals that, while presently their true names are unknown to plaintiff, have an interest in property affected by the Easement.

## JURISDICTION

29.    This Court has jurisdiction over the Defendants because they reside and/or own property in this district.

30.    Venue in this district is proper under 28 U.S.C. § 1391(b).

31.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337 because this action involves substantial questions arising under federal laws, including laws regulating interstate commerce, and federal common law.  Columbia Gas' operations, including its operation and maintenance of its natural gas pipelines, are threatened by Defendants' actions and are subject to pervasive federal regulation under the Natural Gas Act, 15 U.S.C. §§ 717-717a, and accompanying regulations.

32.    This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states. In particular, the value of the easement rights that Columbia Gas seeks to protect in this action exceeds the sum of $75,000.

## FACTS

33.    Columbia Gas owns and operates interstate natural gas pipelines pursuant to certificates of public convenience and necessity issued by the Federal Energy Regulatory Commission ("FERC").  Columbia Gas serves customers throughout the Northeast as a high-pressure natural gas transmission pipeline company.

34.    By deed dated July 9, 1949, duly recorded in the Land Department of the Orange County Clerk's office on August 30, 1949, Lillian A. Alexander deeded to Home Gas Company, and any of its successors or assigns, the right and privilege to "lay, maintain, operate, repair, change and remove a pipeline over and through" a certain parcel of property then owned by Lillian A. Alexander (the "Easement").  A copy of the Easement is annexed hereto as Exhibit A.

35.    In 1937 Columbia Gas acquired Home Gas Company, among others, and became the successor-in-interest to Home Gas Company's rights, including, but not limited to those in the Easement.

-7-

36.     In accordance with the terms of the Easement, a natural gas pipeline was constructed across the relevant property and became subject to the authority of FERC in 1979, upon the establishment thereof, pursuant to FERC order 6 F.E.R.C. P61,123.

37.     The property originally owned by Lillian A. Alexander was subsequently subdivided into various plots.  The Perrys, ARA and the Interested Party Defendants all acquired their respective rights subject to the rights conferred under the Easement.

38.     Specifically, the Perrys purchased their current plot of land in or about April 15, 1981.  The Perrys purchased their land subject to the terms and conditions of the Easement which was of record at the time the Perrys purchased their property.

39.     Specifically, ARA claims to have acquired certain rights to a portion of the Alexander Road itself by adversely possessing the road for more than twenty-five years, but, according to ARA, its claimed land rights has never been tested in or supported by any court.  As a result of ARA's vague and undocumented claims, it is unclear when exactly ARA claims to have obtained its unadjudicated rights of adverse possession, but it was not prior Lillian A. Alexander's grant of rights under the Easement.

40.     Regulations promulgated by the United States Department of Transportation under the Natural Gas Pipeline Safety Act ("Natural Gas Act"), set minimum federal safety standards relevant to, among other things, the operation, inspection, testing, and maintenance of natural gas pipelines.

41.     Implicit in the rights granted under the Easement, Columbia Gas has the right to operate, inspect, test, and maintain its pipelines in accordance with the Natural Gas Act, as well as other applicable federal and state laws and regulations, and other applicable safety standards.

42.     Among other things, Columbia Gas must be able to readily locate and access the pipeline in the right-of-way, to inspect the pipeline, and take all steps necessary to allow early detection of leaks in order to facilitate the rapid taking of corrective actions.  Delays in this regard can result in catastrophic failures which could jeopardize public safety.

43.     Among other activities, Columbia Gas personnel periodically perform a variety of tests on its natural gas pipelines and attendant facilities which requires unobstructed access to its various lines.

44.     Operation and maintenance of a natural gas pipeline also requires routine inspections across the right-of-way by Columbia Gas' crews and agents and, as a result, access to these right-of-ways cannot be restricted or obstructed, in any way, by the subservient landowners.

45.     In order to carry out these as well as other activities in compliance with the Natural Gas Act and other applicable safety and maintenance regulations, Columbia Gas must maintain an approximate twenty-five (25) foot wide area on both sides of its pipeline.

46.     The Easement grants Columbia Gas an undefined width within which to lay, maintain, operate, repair, change and remove a natural gas pipeline over and through the applicable property.  The fifty (50) foot area Columbia Gas requires is the reasonable and necessary width for it to comply, in the ordinary course of its business, with all applicable laws and to appropriately enjoy the rights and uses granted in the Easement.

47.     This distance allows Columbia Gas crews and agents, *inter alia*, to inspect for and detect gas leaks.  It also allows for normal operational and maintenance activities to be performed, while providing for safe personnel, vehicular and equipment traffic along either side of the natural gas pipeline in the event mechanical or heavy equipment are required.  Indeed, crossing high-pressure pipelines with heavy equipment may cause undue mechanical stress on a pipeline and could lead to ruptures.

48.     This distance, among other things, also provides a sufficient perimeter of protection from unauthorized excavations around or near the pipeline that may further endanger public safety.

49.     The Easement also grants Columbia Gas, and any if its successors and assigns, the right and privilege to lay, change and remove a pipeline across the relevant property.

50.     When construction is needed to lay, repair and/or replace the existing pipeline, the reasonable and necessary width of the Easement expands to seventy-five (75) to one hundred fifty (150) feet in total width.  This seventy-five (75) to one hundred fifty (150) foot area is merely a temporary expansion of the usual fifty (50) foot area, and is needed to allow and accommodate proper and safe laying, repairing and replacement of the pipeline.  The actual width of the Easement required to properly and safely lay, repair and/or replace a pipeline is determined by the size of the pipe and construction equipment, the steepness of the terrain, environmental requirements, and features being crossed. For example, a road crossing typically requires a staging area on either side of the road with a typical width of one hundred twenty-five (125) feet to one hundred fifty (150) feet. This area is needed to string and weld the pipe, install a road pad, dig a bore hole, store the excavated material, allow for parking of construction vehicles and equipment, and provide space for topsoil if required. The usual construction Easement width of one hundred (100) feet is needed for similar reasons. The area is used to strip the topsoil from the Easement, if required, dig the pipeline trench, store the excavated material, string the pipe along side the pipeline trench, weld the pipe into sections, and provide a lane for equipment to handle the pipe sections so that they can be lowered into the ditch.

## FOR A FIRST CAUSE OF ACTION

51.     Columbia Gas repeats and realleges the allegations set forth in paragraphs "1" through "50" as if fully set forth herein.

52.     Pursuant to the Easement granted in 1949 Columbia Gas currently possesses "the right and privilege to lay, maintain, operate, repair, change and remove a pipeline over and through" the relevant property.  The Easement was duly recorded with the appropriate public offices in August 1949.

53.     Pursuant to the terms of the Easement, and other authorizations, a pipeline was laid across the relevant property.

54.     The Perrys, ARA and the Interested Party Defendants acquired their land rights subject to the rights granted in the Easement.

-10-

55.    The Easement does not define the width of the right-of-way, but the reasonable and necessary width to safely and properly operate and maintain the gas pipeline is fifty (50) feet -- twenty-five (25) feet on each side of the pipeline.

56.    The Perrys and ARA now challenge and deny the rights and uses granted Columbia Gas under the Easement and, as a result, have taken the position that Columbia Gas must purchase from them a fifty (50) foot right-of-way across their relevant property at a cost of twice fair-market value, as well as seek to impose other restrictions and limitations upon Columbia Gas' rights under the Easement.

57.    Consequently, an actual case and controversy exists over the rights granted pursuant to the Easement as well as to the width of Columbia Gas' right-of-way across the property.

58.    Accordingly, Columbia Gas seeks a declaratory judgment that the rights granted pursuant to the Easement, including, but not limited to Columbia Gas' right and privilege to lay, maintain, operate, repair, change and remove a pipeline, are enforceable, effective and binding upon defendants. Columbia Gas also seeks a declaratory judgment that the reasonable and necessary width of its right-of-way granted pursuant to the Easement is fifty (50) feet -- twenty-five (25) feet on each side of the pipeline.

## AS AND FOR A SECOND CAUSE OF ACTION

59.    Columbia Gas repeats and realleges the allegations set forth in paragraphs "1" through "58" as if fully set forth herein.

60.    Pursuant to the Easement granted in 1949 Columbia Gas currently possesses "the right and privilege to lay, maintain, operate, repair, change and remove a pipeline over and through" the relevant property. The Easement was duly recorded with the appropriate public offices in August 1949.

61.    Pursuant to the terms of the Easement, and other authorizations, a pipeline was laid across the relevant property.

62.     The Perrys, ARA  and the Interested Party Defendants acquired their land rights subject to the rights granted in the Easement.

63.     The Easement does not limit the width of the right-of-way, but the reasonable and necessary width to safely and properly lay, repair, change and remove the gas pipeline is between seventy-five (75) to one hundred fifty (150) feet in total width.  This is merely a temporary expansion of the normal fifty (50) foot reasonable-and-necessary width of the right-of-way and would only apply during times of construction and major work being performed on the pipeline.  The extra footage is needed to accommodate, *inter alia*, the larger equipment and vehicles that may be needed, staging areas, environmental concerns, excavated materials, as well as for the public's safety.

64.     The Perrys and ARA now challenge and deny the rights and uses granted Columbia Gas under the Easement and, as a result, have taken the position that Columbia Gas must purchase a license for the use of this one hundred (100) foot temporary construction right-of-way across their relevant property at a cost of twice fair-rental value, as well as seek to impose other restrictions and limitations upon Columbia Gas' rights under the Easement.

65.     Consequently, an actual case and controversy exists over the rights granted pursuant to the Easement as well as to the width of Columbia Gas' right-of-way across the property.

66.     Accordingly, Columbia Gas seeks a declaratory judgment that the rights granted pursuant to the Easement, including, but not limited to Columbia Gas' right and privilege to lay, maintain, operate, repair, change and remove a pipeline, are enforceable, effective and binding upon defendants.  Columbia Gas also seeks a declaratory judgment that the reasonable and necessary width of its right-of-way during times of construction and the performance of major work on the pipeline granted pursuant to the Easement is seventy-five (75) to one hundred fifth (150) feet in total width.

## AS AND FOR A THIRD CAUSE OF ACTION

67.    Columbia Gas repeats and realleges the allegations set forth in paragraph "1" through "50" as if fully set forth herein.

68.    The Perrys and ARA's unilateral decision that the Easement is unenforceable and ineffective substantially interferes with Columbia Gas' rights under the Easement as well as applicable federal and state law. The pipeline can only be accessed through and properly maintained and operated via the right-of-way granted in the Easement.

69.    If not enjoined, the Perrys and ARA's actions will impair Columbia Gas' duty to provide service under the Natural Gas Act.

70.    The Perrys' and ARA's interference is wanton, intentional and without regard for the rights and safety of Columbia Gas and the public.

71.    Columbia Gas has no adequate remedy at law.

72.    Accordingly, Columbia Gas requests a permanent injunction enjoining the Perrys and ARA from interfering, in any way, with Columbia Gas' rights, uses and privileges granted under the Easement, including, but not limited to, its right and ability to lay, remove and change the pipeline.

**WHEREFORE**, Plaintiffs demand judgment as follows:

(i)    on the First Cause of Action, a declaratory judgment establishing that the rights granted pursuant to the Easement, including, but not limited to Columbia Gas' right and privilege to lay, maintain, operate, repair, change and remove a pipeline, are enforceable, effective and binding upon defendants, and that the reasonable and necessary width of its right-of-way granted pursuant to the Easement is fifty (50) feet -- twenty-five (25) feet on each side of the pipeline;

(ii)    on the Second Cause of Action a declaratory judgment establishing the rights granted pursuant to the Easement, including, but not limited to Columbia Gas' right and privilege to lay, maintain, operate, repair, change and remove a pipeline, are enforceable, effective and binding upon defendants. Columbia Gas also seeks a declaratory judgment that the reasonable and necessary width of its right-of-way during times of construction and the performance of

-13-

major work on the pipeline granted pursuant to the Easement is between seventy-five (75) to one hundred fifty (150) feet in total width;

(iii)     on the Third Cause of Action a judgment permanently enjoining the Perrys and ARA from interfering with Columbia Gas' rights, uses and privileges bestowed under the Easement, including, but not limited to, its rights, privilege and ability to lay, change, repair and remove its existing pipeline; and

(iv)     awarding Plaintiffs costs, expenses and attorneys fees attendant to this action, as well as such other further and different relief as this Court deems just and proper.

Dated:   New York, New York        REED SMITH LLP
         June 15, 2007

                                   By: _____
                                        Scott S. McKessy (SM-5479)
                                   599 Lexington Avenue
                                   New York, NY 10022
                                   (212) 521-5400
                                   *Attorneys for Plaintiff Columbia
                                   Gas Transmission Corporation*

-14-