UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | | |
|---|---|---|
| COLUMBIA GAS TRANSMISSION CORPORATION, | : | Civil Action No. |
| | : | |
| Plaintiff, | : | |
| | : | |
| - against - | : | |
| | : | |
| LEWIS PERRY, YOLANDA PERRY, ALEXANDER ROAD ASSOCIATION, INC., ANTHONY VULPONE, ESTATE OF ANTHONY VULPONE, ROBERT ANTALOCY, THOMAS HARRIS, DOLORES A. KORZ, JOHN P. KILDUFF, KENNETH LEE d/b/a "I CAN GET IT FOR YOU WHOLESALE", SALLIE E. HARMON, PAUL RUGGIERO, MICHELLE RUGGIERO, TERRANCE DONNARY, ANDREW PERNA, KAREN PERNA, ROBERT McMAHON, CARL McMAHON, KELVIN M. LEWIS, MARCHELLE KIRBY, JHON GORDON, RUTH MONROE, EDWARD R. MATEO, ROSANN P. MATEO, ADAM DORAN, NICOLE DORAN, CREDENCE DEVELOPMENT INC., RICHARD DELISI, ADELAIDE FAULKNER, PAUL ESPEL, CAROL ESPEL, DAWN FORNOFF, RICHARD BURTON, GARY MARINA, and JOHN DOE NO. "1" through "10" inclusive, the names of the last ten defendants being ficticous, the true names being unknown to plaintiff, the parties intended being those having an ownership interest in property effected by a certain easement described in the complaint, | : | **REPLY** |
| | : | |
| Defendants. | : | |

------------------------------------------------------------X

Plaintiff Columbia Gas Transmission Corporation ("Columbia") by its attorneys, Reed

Smith LLP, as and for its Reply to defendants Lewis Perry, Yolanda Perry, Alexander Road

Association, Inc., Edward Mateo, Rosann Mateo, Adam Doran, Nicole Doran, Credence

Development, Inc. and Richard Delisi (collectively "Counterclaim Defendants") Answer and

Counterclaim ("Counterclaim"), responds and alleges as follows:

1.      In response to paragraph "73" of the Counterclaim, the allegations set forth in this

paragraph do not require a response, but to the extent one is required, Columbia denies

knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

2.      Admits the allegations set forth in paragraph "74" of the Counterclaim.

3.      Denies the allegations set forth in paragraph "75" of the Counterclaim, except admits that Columbia, among other rights, has the "right and privilege to lay, maintain, operate, repair, change and remove a pipeline over and through" certain lands currently owned by the defendants and specifically refers this Court to the relevant easement for its terms and conditions.

4.      Denies the allegations set forth in paragraph "76" of the Counterclaim, except admits that Columbia, among other rights, has the right to ingress, egress and regress to its right of way granted under the relevant easement and specifically refers this Court to the relevant easement for its terms and conditions.

5.      Denies the allegations set forth in paragraph "77" of the Counterclaim and specifically refers this Court to the relevant easement for its terms and conditions.

6.      Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "78" of the Counterclaim, and therefore denies them.

7.      Denies the allegations set forth in paragraph "79" of the Counterclaim, but admit that the Counterclaim Defendants' properties fall within the scope of and are subject to the terms and grants of the relevant easement.

8.      Denies the allegations set forth in paragraph "80" of the Counterclaim, except admit that the Federal Energy Regulatory Commission approved of the Millenium Pipeline Project as it is in the public interest and benefit.

9.      Denies the allegations set forth in paragraph "81" of the Counterclaim, except admit that the reasonable and necessary permanent width for the right of way granted pursuant to the relevant easement is 50 feet (25 feet on either side of the pipeline), and that the reasonable and necessary width may temporarily expand to 75 to 150 feet on either side of the pipeline

during times of construction or major work in order to fulfill the purpose of the granted easement.

10. Denies the allegations set forth in paragraph "82" of the Counterclaim.

11. In response to paragraph "83" of the Counterclaim, Columbia repeats and realleges its responses to the allegations set forth in paragraphs "73" through "82" of the Counterclaim as if fully set forth herein.

12. Denies the allegations set forth in paragraph "84" of the Counterclaim, except admits that the reasonable and necessary permanent width for the right of way granted pursuant to the relevant easement is 50 feet (25 feet on either side of the pipeline), and that the reasonable and necessary width may temporarily expand to 75 to 150 feet on either side of the pipeline during times of construction or major work in order to fulfill the purpose of the granted easement.

13. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "85" of the Counterclaim and therefore denies them.

14. Denies the allegations set forth in paragraph "86" of the Counterclaim.

15. Denies the allegations set forth in paragraph "87" of the Counterclaim.

16. Denies the allegations set forth in paragraph "88" of the Counterclaim.

## FOR A FIRST DEFENSE

17. The Counterclaim fails to state facts sufficient to constitute a claim against Columbia.

## FOR A SECOND DEFENSE

18. Counterclaim Defendants all acquired their property interests subject to the relevant easement.

### FOR A THIRD DEFENSE

19.    Upon information and belief, Defendant Alexander Road Association, Inc. is not an owner of record of any property affected by the relevant easement, has never obtained, nor does it seek in this action, any declaration or adjudication that it has any property interests covered by the relevant easement and, as a result, lack any standing or privity to seek injunctive relief.

### FOR A FOURTH DEFENSE

20.    Counterclaim Defendants' claim is barred by the doctrine of laches.

### FOR A FIFTH DEFENSE

21.    Counterclaim Defendants' claim is barred due to its failure to name a necessary party.

### FOR A SIXTH DEFENSE

22.    Counterclaim Defendants' claim is barred because its attempt to enjoin the FERC approved Millenium Pipeline Project is untimely and made in the wrong forum.

### FOR A SEVENTH DEFENSE

23.    Counterclaim Defendants' claim is barred because of their unclean hands. Their claim is nothing more than an inappropriate attempt to extort money from Columbia. Columbia has always maintained a fifty foot right of way, and Counterclaim Defendants have asked permission every time they sought to encroach upon Columbia's fifty foot right of way.

**WHEREFORE**, Columbia respectfully requests judgment dismissing the Counterlcaim with prejudice, granting its claims, as well as, against the Counterclaim Defendants, for its costs,

expenses and attorneys' fees incurred in this action, and for such other, further and different

relief as this Court may deem just and proper.

Dated:       New York, New York
             September 5, 2007

                                  REED SMITH LLP


                                  By:_____/s/_____
                                        Scott S. McKessy (SM-5479)
                                  599 Lexington Avenue
                                  New York, New York  10022
                                  212-521-5400

                                  Attorneys for Plaintiff

TO:    Stuart E. Nahas, Esq.
       Zraick, Nahas & Rich
       303 Fifth Avenue
       New York, New York  10016