UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

COLUMBIA GAS TRANSMISSION : Civil Action No. 07 cv 5739 (KMK)
CORPORATION, ECF CASE
:
                Plaintiff,
:
   - against -
:
LEWIS PERRY, YOLANDA PERRY,
ALEXANDER ROAD ASSOCIATION, INC., :
ANTHONY VULPONE, ESTATE OF ANTHONY
VULPONE, ROBERT ANTALOCY, :
THOMAS HARRIS, DOLORES A. KORZ,
JOHN P. KILDUFF, KENNETH LEE d/b/a : **DECLARATION IN SUPPORT**
"I CAN GET IT FOR YOU WHOLESALE", **OF ENTRY OF DEFAULT**
SALLIE E. HARMON, PAUL RUGGIERO, : **JUDGMENT**
MICHELLE RUGGIERO, TERRANCE
DONNARY, ANDREW PERNA, KAREN :
PERNA, ROBERT McMAHON, CARL
McMAHON, KELVIN M. LEWIS, MARCHELLE :
KIRBY, JHON GORDON, RUTH MONROE,
EDWARD R. MATEO, ROSANN P. MATEO, :
ADAM DORAN, NICOLE DORAN, CREDENCE
DEVELOPMENT INC., RICHARD DELISI, :
ADELAIDE FAULKNER, PAUL ESPEL,
CAROL ESPEL, DAWN FORNOFF, RICHARD :
BURTON, GARY MARINA, and JOHN DOE
NO. "1" through "10" inclusive, the names of the :
last ten defendants being ficticous, the true names
being unknown to plaintiff, the parties intended :
being those having an ownership interest in
property effected by a certain easement described :
in the complaint,
:
                Defendants.
-------------------------------------------------------------X

      Scott S. McKessy, declares under penalty of perjury:

      1.    I am a member of Reed Smith LLP, attorneys for plaintiff Columbia Gas Transmission Corporation ("Columbia"). I am fully familiar with the facts set forth herein, and submit this declaration, pursuant to 28 U.S.C. § 1746, in support of Columbia's instant request for a default judgment against the following named defendants: Robert Antalocy; Dolores Korz; John Kilduff; Sallie Harmon; Paul Ruggiero; Michelle Ruggiero; Terrance Donnary; Andrew Perna; Karen Perna; Kelvin Lewis; Marchelle Kirby; Adelaide Faulkner; Paul Espel; Carol

Espel; Dawn Fornoff; Richard Burton; Jhon Gordon; and Estate of Anthony Vulpone (collectively the "Defaulting Defendants").

## INTRODUCTION

2.  Columbia is a natural gas pipeline company that transports natural gas throughout the State of New York. In 1949, Columbia acquired an easement from Lillian A. Alexander that grants Columbia the right to ingress, egress, and regress across her property "to lay, maintain, operate, repair, change and remove a pipeline" (the "Easement"). A copy of the Easement is annexed hereto as Exhibit A. Columbia recorded the Easement with the Land Department of Orange County that same year. Columbia did lay a natural gas pipeline across Ms. Alexander's property and currently maintains and operates a pipeline there today.

3.  Subsequent to Ms. Alexander's grant of rights under the Easement, Ms. Alexander's property was subdivided and sold. All of the named defendants herein, including the Defaulting Defendants, purchased property rights that are subject to the grant of rights contained in the Easement. Complaint, ¶ 37, a copy of which is annexed hereto as Exhibit B.

4.  While the width of Columbia's easement is undefined in the Easement, the reasonable and necessary width of the granted right-of-way under the Easement is 50 feet (25 feet on either side of the line) (the "Permanent ROW"). Complaint, ¶¶ 46-48. This is what Columbia considers to be its permanent right-of-way and protects this area from encroachments. This width is necessary for the safe and proper maintenance and operation of the pipeline, and is the clear cut swath of land that traverses or abuts the affected properties. *See* accompanying Declaration of Andrew Lake, ¶¶ 14-17, executed September 27, 2007 ("Lake Decl.").

5.  During times of construction or repair, when larger vehicles and equipment are required, the reasonable and necessary width, in order to effectuate the purpose of the original grant under the Easement, may temporarily expand up to a width of 150 feet or more ("Temporary Work Space"). A number of factors and considerations are taken into account when determining this Temporary Work Space footprint, and to the extent any marketable timber, structures or the like are damaged as a result of Columbia's use of the Temporary Work

Space, Columbia provides the affected landowner with reasonable compensation. Lake Decl., ¶22. In fact, the Easement provides for arbitration of the damages issue if it cannot be resolved amicably. Exhibit A.

6.  The Millennium Pipeline Project was issued a Federal Certificate of Necessity and Convenience by the Federal Energy Regulatory Commission ("FERC"). Lake Decl., ¶ 2.

7.  The FERC approved of the tree clearing in an area from Mile Post 347.6 through Mile Post 367 to mitigate harm to the Indiana bat. Defaulting Defendants' properties are between Mile Post 363 and 365. Lake Decl. ¶ 10. Pursuant to the FERC approval, this area is scheduled to begin pre-construction preparation and clearing beginning October 1, 2007 and must be completed by March 30, 2008 and will be utilizing the Permanent ROW and the Temporary Work Space for that purpose. Lake Decl. ¶ 10. The Defaulting Defendants will be compensated for any compensable damages caused by Columbia in the Temporary Work Space. Lake Decl., ¶ 22.

## THE INSTANT DISPUTE

8.  Some of the defendant-landowners have taken the position that the Easement does not grant Columbia the rights to have a Permanent ROW fifty (50) feet in width, nor that it allows for Temporary Work Space for construction purposes. Those defendants have appeared in this action: Lewis Perry, Yolanda Perry, Edward Mateo, Rosann Mateo, Adam Doran, Nicole Doran, Richard Delisi, Credence Development, Inc., and Alexander Road Association (the "Answering Defendants"). A copy of the Answering Defendants' Answer is annexed hereto as Exhibit C.

9.  As a result of this position, Columbia commenced this action seeking a declaratory judgment regarding its rights under the Easement. Exhibit B.

## THE DEFAULTING DEFENDANTS

10. The Defaulting Defendants have not challenged Columbia' rights under the Easement and were named herein merely as necessary parties since their properties are affected by the Easement. The complaint only seeks an adjudication against the Defaulting Defendants that, under the terms of the Easement, Columbia's Permanent ROW is 50 feet in width and that its Temporary Work Space may expand to as much as 150 feet or more in width during times of renovation, construction, repair or the like. *See* Complaint.

11. By letters, dated September 11, 2007, Columbia, through its counsel, reminded the Defaulting Defendants, *inter alia*, that they had been served with a Summons and Complaint in this action, that their time to respond had expired, that Columbia would be making an application to this Court for certain relief before the end of September, and that if they had not resolved this matter with Columbia or responded to the complaint by that time, that Columbia would seek a default judgment against them. Copies of these letters are included in the Exhibits annexing the respective Defaulting Defendant's affidavit of service. To date, none have responded to the Complaint.

12. A default judgment against the Defaulting Defendants is appropriate as each of them have been served with the Summons and Complaint in this action and have not appeared. And even after providing a subsequent reminder about their default status, have still not appeared.

13. This default is sought against less than all of the named defendants and is appropriate because each landowner's liability is independent of that of their co-defendant. Plus, the following Defaulting Defendants have received compensation for anticipated damages in the Temporary Work Space: Sallie Hamon; Paul and Michelle Ruggiero; and Andrew and Karen Perna.

14. Additionally, simultaneous with this application, Columbia is seeking preliminary relief granting it access to the various properties to perform certain pre-construction work.

15. Columbia has agreements from Robert McMahon, Carol McMahon, Gary Marina and Ruth Frazer-Munroe ("Settled Defendants") resolving this case as against them.

16. Columbia does not seek any money damages against any of the Defaulting Defendants and, as a result, an inquest is not necessary.

**Robert Antalocy**

17. Mr. Antalocy was personally served with the Summons and Complaint on June 25, 2007. His time to respond to the Complaint expired on July 18, 2007. A copy of the affidavit of service is annexed hereto as Exhibit D. To date, Mr. Antalocy has not responded to the Complaint.

**Dolores Korz**

18. Ms. Korz was served, via substituted service upon John Kilduff, with the Summons and Complaint, on June 28, 2007. Her time to respond to the Complaint expired on July 18, 2007. A copy of the affidavit of service is annexed hereto as Exhibit E. To date, Ms. Korz has not responded to the Complaint.

**John Kilduff**

19. Mr. Kilduff was personally served with the Summons and Complaint on June 28, 2007. His time to respond to the Complaint expired on July 18, 2007. A copy of the affidavit of service is annexed hereto as Exhibit F. To date, Mr. Kilduff has not responded to the Complaint.

**Sallie Harmon**

20. Ms. Harmon was served, via substituted service upon Donna Randall, with Summons and Complaint on June 28, 2007. Her time to respond to the Complaint expired on July 18, 2007. A copy of the affidavit of service is annexed hereto as Exhibit G. To date, Ms. Harmon has not responded to the Complaint.

**Paul Ruggiero**

21. Mr. Ruggiero was personally served with a copy of the Summons and Complaint on June 28, 2007. His time to respond to the Complaint expired on July 18, 2007. A copy of

the affidavit of service is annexed hereto as Exhibit H. To date, Mr. Ruggiero has not responded to the Complaint.

**Michelle Ruggiero**

22. Ms. Ruggiero was served, via substituted service upon Paul Ruggiero, with Summons and Complaint on June 28, 2007. Her time to respond to the Complaint expired on July 18, 2007. A copy of the affidavit of service is annexed hereto as Exhibit I. To date, Ms. Ruggiero has not responded to the Complaint.

**Terrance Donnary**

23. Mr. Donnary was personally served with the Summons and Complaint on June 28, 2007. His time to respond to the Complaint expired on July 18, 2007. A copy of the affidavit of service is annexed hereto as Exhibit J. To date, Mr. Donnary has not responded to the Complaint.

**Andrew Perna**

24. Mr. Perna was personally served with the Summons and Complaint on June 28, 2007. His time to respond to the Complaint expired on July 18, 2007. A copy of the affidavit of service is annexed hereto as Exhibit K. To date, Mr. Perna has not responded to the Complaint.

**Karen Perna**

25. Mrs. Perna was personally served with the Summons and Complaint on June 28, 2007. Her time to respond to the Complaint expired on July 18, 2007. A copy of the affidavit of service is annexed hereto as Exhibit L. To date, Mr. Perna has not responded to the Complaint.

**Kelvin Lewis**

26. Mr. Lewis was personally served with the Summons and Complaint on June 25, 2007. His time to respond to the Complaint expired on July 16, 2007. A copy of the affidavit of service is annexed hereto as Exhibit M. To date, Mr. Lewis has not responded to the Complaint.

**Marchelle Kirby**

27. Ms. Kirby was personally served with the Summons and Complaint on June 25, 2007. Her time to respond to the Complaint expired on July 16, 2007. A copy of the affidavit of service is annexed hereto as Exhibit N. To date, Ms. Kirby has not responded to the Complaint.

**Adelaide Faulkner**

28. Ms. Faulkner was personally served with the Summons and Complaint on June 27, 2007. Her time to respond to the Complaint expired on July 17, 2007. A copy of the affidavit of service is annexed hereto as Exhibit O. To date, Ms. Faulkner has not responded to the Complaint.

**Paul Espel**

29. Mr. Espel was personally served with the Summons and Complaint on June 28, 2007. His time to respond to the Complaint expired on July 18, 2007. A copy of the affidavit of service is annexed hereto as Exhibit P. To date, Mr. Espel has not responded to the Complaint.

**Carol Espel**

30. Ms. Espel was served, via substituted service upon Paul Espel, with the Summons and Complaint on June 28, 2007. Her time to respond to the Complaint expired on July 18, 2007. A copy of the affidavit of service is annexed hereto as Exhibit Q. To date, Ms. Espel has not responded to the Complaint.

**Dawn Fornoff**

31. Ms. Fornoff was personally served with the Summons and Complaint on June 28, 2007. Her time to respond to the Complaint expired on July 18, 2007. A copy of the affidavit of service is annexed hereto as Exhibit R. To date, Ms. Fornoff has not responded to the Complaint.

**Richard Burton**

32. Mr. Burton was personally served with the Summons and Complaint on June 28, 2007. His time to respond to the Complaint expired on July 18, 2007. A copy of the affidavit of service is annexed hereto as Exhibit S. To date, Mr. Burton has not responded to the Complaint.

**Jhon Gordon**

33.    Mr. Gordon was personally served with the Summons and Complaint on July 17, 2007. His time to respond to the Complaint expired on August 6, 2007. A copy of the affidavit of service is annexed hereto as Exhibit T. After service of the Complaint it was discovered that Mr. Gordon had filed for bankruptcy. A copy of the order lifting that stay is annexed hereto as Exhibit U. To date, Mr. Gordon has not responded to the Complaint.

**Estate of Anthony Vulpone**

34.    The Estate of Anthony Vulpone was served with a copy of the Summons and Complaint in this action by serving Anthony Vulpone, executor, via substituted service upon Heather Vulpone, on August 1, 2007. An additional copy of the Summons and Complaint was personally served upon Vivian Vulpone, executrix, on August 16, 2007. The Estate's time to respond to the Complaint expired on August 21, 2007 or at the latest September 5, 2007. Copies of the affidavit of service and the Letters Testamentary are collectively annexed hereto as Exhibit V. To date, the Estate has not responded to the Complaint.

35.    Annexed hereto as Exhibit W is a copy of the proposed Default Judgment.

36.    Copies of the instant application were sent to the Defaulting Defendants via overnight delivery on Thursday, September 27, 2007, along with a cover letter indicating that Columbia would be presenting this application to the Court on the morning of October 1, 2007.

37.    No prior application for the relief requested herein has been made to this or any court.

**WHEREFORE**, it is respectfully requested that this Court grant Columbia's motion for a default judgment against the Defaulting Defendants and granting Columbia such other and further relief as the Court may deem just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 27, 2007.

_____
Scott S. McKessy

**Exhibits A through W of the Declaration in Support of Entry of Default Judgment Are Voluminous and are available for inspection at the offices of Reed Smith LLP**

Civil Action No. 07-5739

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

COLUMBIA GAS TRANSMISSION CORPORATION,

Plaintiff,

- against -

LEWIS PERRY, YOLANDA PERRY, ALEXANDER ROAD ASSOCIATION, INC, ANTHONY VULPONE, ESTATE OF ANTHONY VULPONE, ROBERT ANTALOCY, THOMAS HARRIS, DOLORES A. KORZ, JOHN P. KILDUFF, KENNETH LEE d/b/a "I CAN GET IT FOR YOU WHOLESALE", SALLIE E. HARMON, PAUL RUGGIERO, MICHELLE RUGGIERO, TERRANCE DONNARY, ANDREW PERNA, KAREN PERNA, ROBERT McMAHON, CARL McMAHON, KELVIN M. LEWIS, MARCHELLE KIRBY, JHON GORDON, RUTH MONROE, EDWARD R. MATEO, ROSANN P. MATEO, ADAM DORAN, NICOLE DORAN, CREDENCE DEVELOPMENT INC., RICHARD DELISI, ADELAIDE FAULKNER, PAUL ESPEL, CAROL ESPEL, DAWN FORNOFF, RICHARD BURTON, GARY MARINA, and JOHN DOE NO. "1" through "10" inclusive, the names of the last ten defendants being fictitious, the true names being unknown to plaintiff, the parties intended being those having an ownership interest in property effected by a certain easement described in the complain,

Defendants.

---

**DECLARATION AND EXHIBITS
IN SUPPORT OF DEFAULT JUDGMENT**

---

*Attorney(s) for*

**REED SMITH LLP**
*Plaintiff*
Office Address & Tel. No.:
599 Lexington Avenue
New York, New York  10022-7650
(212) 521-5400