UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

COLUMBIA GAS TRANSMISSION                    :      Civil Action No. 07 cv 5739 (KMK)
CORPORATION,                                                       ECF CASE

                                                             :

                                    Plaintiff,

                                                             :

        - against -

                                                             :

LEWIS PERRY, YOLANDA PERRY,
ALEXANDER ROAD ASSOCIATION, INC.,            :
ANTHONY VULPONE, ESTATE OF ANTHONY
VULPONE, ROBERT ANTALOCY,                    :
THOMAS HARRIS, DOLORES A. KORZ,
JOHN P. KILDUFF, KENNETH LEE d/b/a           :
"I CAN GET IT FOR YOU WHOLESALE",
SALLIE E. HARMON, PAUL RUGGIERO,             :
MICHELLE RUGGIERO, TERRANCE
DONNARY, ANDREW PERNA, KAREN                 :
PERNA, ROBERT McMAHON, CARL
McMAHON, KELVIN M. LEWIS, MARCHELLE          :
KIRBY, JHON GORDON, RUTH MONROE,
EDWARD R. MATEO, ROSANN P. MATEO,            :
ADAM DORAN, NICOLE DORAN, CREDENCE
DEVELOPMENT INC., RICHARD DELISI,            :
ADELAIDE FAULKNER, PAUL ESPEL,
CAROL ESPEL, DAWN FORNOFF, RICHARD           :
BURTON, GARY MARINA, and JOHN DOE
NO. "1" through "10" inclusive, the names of the :
last ten defendants being ficticous, the true names
being unknown to plaintiff, the parties intended   :
being those having an ownership interest in
property effected by a certain easement described  :
in the complaint,

                                                             :

                                    Defendants.
--------------------------------------------------------------X

## PLAINTIFF COLUMBIA GAS TRANSMISSION CORPORATION'S
## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
## A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

REED SMITH
599 Lexington Avenue
New York, New York 10022
212-521-5400

Attorneys for Plaintiff
Columbia Gas Transmission Corporation

# TABLE OF AUTHORITIES

## Cases

*Aim International Trading, LLC, et al. v. Valcucine S.p.A.,*
   188 F. Supp.2d 384 (S.D.N.Y. 2002).........................................................................4

*Columbia Gas Transmission Corp. v. An Exclusive Gas Storage Easement,*
   578 F. Supp. 930 (N.D. Ohio 1983), *aff'd*, 776 F.2d 125 (6th Cir. 1985).................7

*Columbia Gas Transmission Corp. v. Burke*, 768 F. Supp. 1167 (N.D.W.Va. 1990)....................4

*Columbia Gas Transmission Corp. v. Tarbuck,*
   845 F. Supp. 303 (W.D. Pa. 1994), *aff'd*, 62 F.3d 538 (3rd Cir. 1995)..............4, 5, 7

*Columbia Gas Transmission v. Large,*
   63 Ohio Misc. 2d 63, 619 N.E.2d 1215 (Crt. Com Pleas, Licking Co. 1992) ...........5

*Conners, v. Pallozzi*, 241 A.D.2d 719, 660 N.Y.S.2d 189 (3d Dep't 1997)....................7

*East Tennessee Natural Gas Company v. Sage*, 361 F.3d 808 (4th Cir. 2004) .....................4, 8, 9

*Glenwood Light and Water Co. v. Mutual Light, Heat and Power Co.,*
   239 U.S. 121 (1915).................................................................................................4

*Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333 (1977) ...............4

*Isaac G. Johnson & Co. v. Cox, et al.*, 196 N.Y. 110, 89 N.E. 454 (1909)....................6

*Kansas Pipeline Co. v. A 200 Foot by 250 Foot Piece of Land,*
   210 F. Supp. 2d 1253 (D. Kan. 2002)......................................................................8

*Le Sawyer v. Squillace*, 14 A.D.2d 961, 221 N.Y.S.2d 455 (3d Dep't 1961)................5

*Swango Homes, Inc. v. Columbia Gas Transmission Corp.,*
   806 F. Supp. 180 (S.D. Ohio 1992) .........................................................................7

*Tenn. Gas Pipeline Co. v. 104 Acres of Land*, 749 F. Supp. 427 (D. R.I. 1990)...........8

*Tenn. Gas Pipeline Co. v. New England Power*, 6 F.Supp. 2d 102 (D. Mass. 1998)................8, 9

*Texas Eastern Transmission v. Perano*, 2007 WL 1157145 (3d Cir. April 19, 2007) .........5, 6, 10

*Town of Ulster v. Massa*, 144 A.D.2d 726, 535 N.Y.S.2d 460 (3d Dep't 1988)............5

*Twenty-First Street Assoc., L.L.C. v. Estates at Hallet's Cove Homeowners Ass'n, Inc.*, 179
   Misc.2d 972, 686 N.Y.S.2d 696 (Sup. Ct. Queens Co. 1999) .................................7

*USG Pipeline Co. v. 1.74 Acres in Marion County, Tenn.,*
   1 F. Supp. 2d 816 (E.D. Tenn. 1998).......................................................................8

*Wolski v. DeLuca, et. al.*, 112 A.D.2d 220, 490 N.Y.S.2d 869 (2d Dep't 1985)............................ 6

*Zettlemoyer v. Transcontinental Gas Pipeline Corp.*, 657 A.2d 920 (PA. 1995)........................... 6

**Statutes**

15 U.S.C. § 717f(h)........................................................................................................................... 7

28 U.S.C. § 1331 .............................................................................................................................. 4

28 U.S.C. § 1337 .............................................................................................................................. 4

28 U.S.C. §1332................................................................................................................................ 4

Federal Rules of Civil Procedure Rule 65 ....................................................................................... 2

Plaintiff, Columbia Gas Transmission Corporation ("Columbia"), respectfully submits this Memorandum of Law in support of its application for an Order, pursuant to Rule 65 of the Federal Rules of Civil Procedure , seeking to enjoin defendant-landowners from interfering with Columbia's immediate access to and use of its permanent right of way, as well as its use of temporary work space on defendants' respective properties.

## PRELIMINARY STATEMENT

Columbia is a natural gas transmission company that transmits natural gas throughout the State of New York and elsewhere. In connection with this work, Columbia has spent considerable time and money acquiring easements and rights-of-ways across hundreds of thousands of parcels of properties. It uses these rights to build, expand, maintain and operate its natural gas pipeline network. In connection with a federally approved and sanctioned natural gas pipeline project, 181 miles of natural gas pipeline will be laid or replaced in order to, *inter alia*, increase the supply of natural gas to local utilities, as well as to refurbish Columbia's New York natural gas transmission infrastructure. The construction plan has already been approved by the Federal Energy Regulatory Commission ("FERC" or "Commission") and Columbia already possesses an easement that allows it the right to, among other things, lay, replace and change a natural gas pipeline across the defendants' properties herein -- each defendant purchased their properties subject to Columbia's easement.

A couple of the defendants herein, however, recently have taken the position that the rights granted under Columbia's easement do not allow it to do those things which the express terms of the easement authorize Columbia to do – perform construction upon the existing pipeline. The remaining defendants have not taken the same position and were named herein because they were necessary parties. Pursuant to FERC's approval of this preconstruction work, certain tree clearing is to begin October 1, 2007 and must be completed within five months in order to mitigate harm to the Indiana bat – defendants' properties fall within this designated tree

clearing area.  Consequently, Columbia and its assigns require immediate access to the

defendants' properties to begin this preconstruction work and to keep the project on schedule.

The instant application for immediate relief should be granted for the following reasons:

- There is more than a likelihood that Columbia will succeed on the merits of this action:  the easement Columbia possesses explicitly allows it access to the various defendants' properties to perform construction work, the FERC specifically approved of the tree clearing efforts to be used in connection with this project, but, beyond all this, the possessor of a FERC Certificate may condemn property and gain immediate access to the property if an agreement with the landowner cannot be reached.

- Irreparable harm will occur absent immediate access as the FERC construction approvals require tree clearing defendants' properties to begin October 1, 2007 and only provide a short window within which to complete this work.  To deny immediate access could jeopardize the project timeline, substantially increase construction inefficiencies and costs and threaten the various commercial commitments made to local utilities regarding the transmission of natural gas.

- The equities tip decidedly in Columbia's favor:  the easement is clear and each defendant purchased their property rights subject to the easement; defendants long have been aware of the construction project, and the scope of the work required to be performed on their properties.  They are now out of time and in the wrong forum to challenge the FERC Order.  Plus, the project is for the benefit of the public and defendants will be compensated for construction related damage such as clearing of marketable timber, removal of fences, damage to crops, *etc.*  Plus, Columbia will remediate the properties according to FERC mandates once the construction project is complete.

Consequently, the instant application should be granted in its entirety.

## BACKGROUND

The Court is respectfully referred to the accompanying Declarations of Scott S. McKessy

in support of preliminary relief, executed September 27, 2007 ("McKessy Decl.") and Andrew

Lake, executed September 27, 2007 ("Lake Decl.") for a full recitation of the relevant facts.  A

brief synopsis is below.

Columbia owns and operates natural gas pipelines throughout the State of New York and

elsewhere.  Lake Decl. ¶ 1.  The instant preliminary relief is needed in order for Columbia and its

assigns to fulfill contractual obligations and to keep the 181 mile Millennium Pipeline Project on

schedule and in compliance with its FERC Certificate of Public Convenience and Necessity. Lake Decl. ¶ 1. In addition to the FERC Order approving and authorizing this construction, Columbia possesses an easement that allows it and its assigns ingress, egress and regress across defendants' properties in order to, *inter alia*, remove, change and lay a natural gas pipeline. Exhibit B.

The area required to be cleared, in this pre-construction phase of the project, is only what is reasonable and necessary in order to properly and safely perform the construction work authorized by FERC, minimize environmental harm, and to effectuate the purpose of the grant of rights under the relevant easement. Lake Decl. ¶ 2. The affected land will be remediated after the project is completed and the affected landowners will be compensated for any compensable damages inflicted outside of Columbia's permanent right-of-way. Lake Decl. ¶ 22. Columbia is prepared to post a bond for these estimated damages. Lake Decl. ¶ 23.

Moreover, Columbia and others will be irreparably harmed by delay in getting access to the properties. First, the FERC approved a 2007 construction implementation plan for the work for which Columbia and its assigns now need access. Exhibit E. In order to comply with the FERC's Order to minimize the adverse affects the Millennium Pipeline Project may have on the Indiana bat, tree clearing is to begin October 1, 2007 and be completed by March 30, 2008 within a 19 mile stretch that encompasses defendants' properties; but defendants' properties are only a handful of the approximately 220 parcels that need to be cleared during this short time period, which time constraints will be further hampered by adverse weather conditions. Lake Decl. ¶¶ 8-10; Exhibit E. Second, the Millennium Pipeline Project needs to remain on schedule as commercial commitments to, among others, local utilities have been made based on a November 2008 completion date. Lake Decl. ¶ 8.

## JURISDICTION

Jurisdiction is appropriate based upon diversity as there is complete diversity of citizenship between Columbia and each defendant, and the amount in controversy exceeds the

jurisdictional threshold. *See* 28 U.S.C. §1332. Diversity of citizenship exists in that Columbia is a citizen of Delaware, its state of incorporation, and West Virginia, its principal place of business, while the defendants are citizens of New York. Additionally, the amount in controversy exceeds the sum of $75,000. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977); *accord Glenwood Light and Water Co. v. Mutual Light, Heat and Power Co.*, 239 U.S. 121 (1915); *Columbia Gas Transmission Corp. v. Tarbuck*, 845 F. Supp. 303, 308 (W.D. Pa. 1994), *aff'd*, 62 F.3d 538, 541 (3rd Cir. 1995). Here, Columbia seeks to protect and enforce rights that are necessary for the proper and timely completion of a multi-million dollar natural gas transmission project. The value of these interests exceeds $75,000. *See Tarbuck*, 62 F.3d at 542-543.

This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337 because this action involves substantial questions arising under federal laws, including laws regulating interstate commerce and federal common law, as well as orders issued by the Federal Energy Regulatory Commission. *Columbia Gas Transmission Corp. v. Burke*, 768 F. Supp. 1167 (N.D.W.Va. 1990).

## ARGUMENT

## COLUMBIA IS ENTITLED TO A PRELIMINARY RELIEF

A preliminary injunction is appropriate when a party can show there is: (1) irreparable injury; (2) a likelihood of success on the merits; and (3) the balance of hardships tip in the favor of the movant. *Aim International Trading, LLC, et al. v. Valcucine S.p.A.* , 188 F. Supp.2d 384, 386 (S.D.N.Y. 2002); *see also East Tennessee Natural Gas Company v. Sage*, 361 F.3d 808 (4th Cir. 2004)(granting preliminary relief of immediate access to defendant-landowners' properties to gas company). Here, each prong of this test is satisfied.

1.    **Columbia Has Demonstrated A Likelihood**
      **Of Success On The Merits**

There is more than a substantial likelihood of success of the merits herein, due to both the rights Columbia possesses under the Easement as well as pursuant to the FERC Certificate of Public Convenience and Necessity. To begin with, Columbia has had an undisputed right to enter the subject properties pursuant to an express easement since 1949. The Easement, which predates defendants' purchases of their respective properties, grants Columbia and its assigns the legal "right and privilege to lay, maintain, operate, repair, change and remove" a natural gas pipeline across defendants' properties. *See* Exhibit B. The Easement also grants Columbia the express right to lay a second line. *Id.* And since the Easement is silent as to the width of the right-of-way granted under its terms, it has long been held that the width of the unrestricted easement is determined by what is reasonable and necessary to effectuate the purpose of the granted rights. *See Town of Ulster v. Massa*, 144 A.D.2d 726, 535 N.Y.S.2d 460 (3d Dep't 1988); *Le Sawyer v. Squillace*, 14 A.D.2d 961, 221 N.Y.S.2d 455 (3d Dep't 1961).

Here, the reasonable and necessary width for Columbia to safely and properly maintain and operate its natural gas pipeline is fifty (50) feet. Lake Decl. ¶¶ 14-17; *See Texas Eastern Transmission v. Perano*, 2007 WL 1157145 (3d Cir. April 19, 2007)[1]; *Columbia Gas Transmission v. Tarbuck*, 845 F. Supp. 303 (W.D. Pa. 1994); *Columbia Gas Transmission v. Large*, 63 Ohio Misc. 2d 63, 619 N.E.2d 1215 (Crt. Com Pleas, Licking Co. 1992). Columbia has long maintained this width as its Permanent ROW and is the swath of land that is depicted in the pictures annexed as Exhibit K. Columbia does not allow any encroachments into this area without its express authorization. Lake Decl. ¶ 16.

Additionally, the reasonable and necessary width for Columbia and its assigns to safely and properly perform construction to repair, replace, lay and change a natural gas pipeline can temporarily increase up to one hundred and fifty (150) feet or more, depending on the terrain,

---

[1]     A copy of this decision is annexed hereto.

size pipe, equipment needed, *etc.* Lake Decl. ¶¶ 18-22. Without the ability to temporarily

increase its right-of way from the normal Permanent ROW width to that required for Temporary

Work Space, Columbia will not be able to effect the purpose of the original grant under the

Easement. Lake Decl. ¶¶ 18-22. In this regard, New York has long held that an easement must

be construed to include any reasonable use to which it may be devoted as long as it is a use

contemplated by the grant.

Thus, in *Isaac G. Johnson & Co. v. Cox, et al.*, 196 N.Y. 110, 89 N.E. 454 (1909), the

Court of Appeals held that the defendant property owners were properly enjoined from fencing

in the land in front of their property, affirming that the power owners were not permitted to

"interfere with the plaintiff's use of the said roadbed, or such use of the said roadbed by its

officers, agents, employees, servants, vehicles, conveyances and trucks as may be reasonably

necessary to the carrying on of its business." *Isaac*, 196 N.Y. at 120. Here, Columbia was

granted the express right to lay, remove, repair and change its pipeline – which is all it wants to

be able to do now. And simply because Columbia does not engage in construction on a daily

basis and would only need Temporary Work Space on temporary occasions, this does not, in any

way, diminish the rights granted under the Easement. *Texas Eastern Transmission v. Perano*,

2007 WL 1157145, *2 (3d Cir. April 19, 2007) ("the width of an unrestricted grant of an

easement cannot be diminished because the grantee fails to immediately use the easement to the

fullest extent.") (citing *Zettlemoyer v. Transcontinental Gas Pipeline Corp.*, 657 A.2d 920, 926

(PA. 1995).

Moreover, each of the landowners purchased their properties subject to the rights granted

under the Easement and the law is well settled that an owner of land that is subject to an

easement has no right to interfere with the reasonable and proper use of the easement or obstruct

or interfere with the use of the easement. A landowner who is burdened by an express easement

of ingress and egress may not impair the easement holder's right of passage. *See Wolski v.*

*DeLuca, et. al.*, 112 A.D.2d 220, 490 N.Y.S.2d 869 (2d Dep't 1985)(Defendant engaged in

persistent course of conduct aimed at preventing plaintiff from enjoying use of a right-of-way

existing over land owned by defendant, resulting in the granting of a permanent injunction.); *see also Conners, v. Pallozzi*, 241 A.D.2d 719, 660 N.Y.S.2d 189 (3d Dep't 1997); *Twenty-First Street Assoc., L.L.C. v. Estates at Hallet's Cove Homeowners Ass'n, Inc.*, 179 Misc.2d 972, 686 N.Y.S.2d 696 (Sup. Ct. Queens Co. 1999); *Swango Homes, Inc. v. Columbia Gas Transmission Corp.*, 806 F. Supp. 180 (S.D. Ohio 1992); *Tarbuck*, 845 F. Supp. at 308, 62 F.3d at 541.

Here, in order to effectuate the purpose of the grant of rights, Temporary Work Space must be utilized: the replacement of the natural gas pipes was anticipated under the Easement and Columbia and its assigns were expressly granted the rights to do so. There is more than a likelihood of success by Columbia herein.

But beyond this, FERC has issued a certificate of public convenience and necessity approving of the Millennium Pipeline Project through the existing energy corridor established by Columbia's Easement. The construction footprint – the space required for the Temporary Work Space herein – was submitted to FERC and approved by the Commission. Lake Decl. ¶ 7. Even if this Court were to determine that the Easement did not allow sufficient space to properly and safely lay, repair, replace and remove its gas pipeline – which would be contrary to the express grant of rights under the Easement – defendants' properties could be immediately condemned and immediate possession of the properties granted to perform the preconstruction work.

In this regard, section 717f(h) of the Natural Gas Act provides:

> **Right of eminent domain for construction of pipelines, etc.**
> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of the property to the compensation to be paid for, the necessary right-of-way to construct, operate and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located . . . .

15 U.S.C. § 717f(h); *Columbia Gas Transmission Corp. v. An Exclusive Gas Storage Easement*, 578 F. Supp. 930, 933-34 (N.D. Ohio 1983), *aff'd*, 776 F.2d 125, 128-29 (6th Cir. 1985) (Natural

Gas Act authorizes holder of certificate of public convenience and necessary to condemn property rights necessary for gas storage operations); *East Tennessee Natural Gas Co. v. Sage*, 361 F.3d 808, 822 (4th Cir. 2004) (any holder of certificate of public convenience and necessity may acquire property by the exercise of eminent domain); *Kansas Pipeline Co. v. A 200 Foot by 250 Foot Piece of Land*, 210 F. Supp. 2d 1253, 1257-58 (D. Kan. 2002) (holder of FERC certificate of public convenience and necessity is entitled to condemnation of property where it is unable to agree with landowners on compensation to be paid); *Tenn. Gas Pipeline Co. v. New England Power*, 6 F.Supp. 2d 102, 104 (D. Mass. 1998) (same). And if immediate access can be obtained by condemnation without any easement rights, clearly immediate access in the instant action is appropriate. Condemnation, however, is not the preferred course, and usually yields the condemnees lower compensation.

And to the extent the landowners seek to challenge the FERC Order of Public Convenience and Necessity issued for the Millennium Pipeline Project, they cannot do so in this proceeding. *See Tenn. Gas Pipeline Co. v. 104 Acres of Land*, 749 F. Supp. 427, 430 (D. R.I. 1990) (collateral attacks on the validity of a FERC certificate may not be decided by the District Court); *USG Pipeline Co. v. 1.74 Acres in Marion County, Tenn.*, 1 F. Supp. 2d 816, 821 (E.D. Tenn. 1998) (questions of validity of a FERC certificate must be brought to the Commission then reviewed by the U.S. Court of Appeals). There is simply no merit to an out-of-time objection made in the wrong forum.

Consequently, and once again, there is more than a likelihood of success in gaining access to the defendants' properties.

### 2.    There Is Irreparable Harm Absent The Grant Of Injunctive Relief

Irreparable harm will occur absent the granting of the preliminary relief sought in this application. Immediate access is required so that the FERC approved preconstruction work can be completed by the FERC deadline. As previously mentioned, the FERC Order has deadlines for completing this project, as well as when, for environmental reasons, certain activities are to

begin. The FERC approval for the 2007 construction requires tree clearing to begin October 1, 2007 and be completed within five months in order to mitigate harm to the Indiana bat. This nineteen mile stretch of land encompasses more than 220 parcels of land (defendants' being including therein) and Columbia will be battling adverse winter weather conditions in order to finish on time. Indeed, the construction and preconstruction aspects of this project will proceed in an assembly-line fashion, with work crews performing different functions following each other sequentially through the designated corridor. To interrupt this work due to one or two landowners only serves to increase construction inefficiencies and costs. Plus, in connection with the project, Columbia will have to occasionally take a transmission line off-line. These down periods are carefully scheduled to comply with the existing project schedule, as well as existing customer demands – the lines cannot be taken down during peak demand periods.

Moreover, the project is slated to begin production and transmission of gas to local utilities beginning November 2008, and commercial commitments have been made based upon this projected start date. Lake Decl. ¶ 8. If the project is delayed, the project timeline, the commitments and agreements made are jeopardized. Lake Decl. ¶ 8. *East Tennessee Natural Gas Company v. Sage*, 361 F.3d 808 (4th Cir. 2004) (also finding irreparable harm without a grant of immediate possession due to natural gas transmission company's "inability to satisfy [its] commitments would have negative impacts on its customers and the consumers they serve."); *East Tennessee Natural Gas Company v. Sage*, 361 F.3d 808, 830 (4th Cir. 2004); *Tennessee Gas Pipeline Company v. New England Power, C.T.L, Inc.*, 6 F.Supp.2d 102, 104 (D. Mass. 1998).

Accordingly, absent a grant of immediate possession, Columbia will be irreparably harmed.

3.    **The Balance of Equities Tips Decidedly in Columbia's Favor**

Columbia's requested injunctive relief would not deprive the defendants of any rights or property to which they are entitled. Columbia's requested injunctive relief seeks only to protect Columbia's ability to exercise its right of access to defendants' properties. *See Texas Eastern*, 818 F. Supp. at 758. The rights granted under the Easement are clear and each defendant purchased their property subject to these rights and any inconvenience to the Defendants that would result from the issuance of a temporary restraining order and preliminary injunction is of their own making. Indeed, in *Texas Eastern*, the Court concluded that any inconvenience to the landowners which accompanied the recognition and protection of a valid right-of-way would not prevent the issuance of a preliminary injunction because the defendants "were well aware of [easement holder]'s right-of-way traversing their land and so they were cognizant of the inconveniences this would entail." *Id.* At 760.

Moreover, FERC has already determined that the construction project and the construction footprint are in the best interest of the public. The project will stabilize natural gas as a source of clean and efficient fuel, as well as refurbish a portion of Columbia's New York natural gas transmission infrastructure. Lake Decl. ¶ 5. And the increased source of clean fuel will help power local utilities. Lake Decl. ¶ 5. Furthermore, to allow defendants, at this late date, the equivalent of an out-of-time challenge, brought in the wrong forum in order to hold up a 181 mile pipeline project the FERC deems serves the public interest, would occasion a severe prejudice upon Columbia, the citizens of New York, as well as others.

Plus, not all defendants herein contest the Permanent ROW or the use of the Temporary Work Space – only a handful of them do, and then these objecting landowners only claim that the rights under the Easement have somehow been limited to a much narrower use than what the express terms of the Easement provide. There is no basis for this claim and is nothing more than an attempt to grain bargaining power to extort an inappropriate payday from Columbia.

Finally, Columbia provides reasonable compensation to landowners for any compensable damage caused while working in the Temporary Work Space (*i.e.* damage to marketable timber,

fences, crops, and the like). And once the project is complete, Columbia remediates the

properties in compliance with FERC mandates. Lake Decl. ¶ 22.

Accordingly, the equities tip in favor of granting Columbia's application.

## CONCLUSION

Columbia is entitled to the injunctive relief requested herein.

Dated:    New York, New York
          September 27, 2007

                        **REED SMITH LLP**

                        By:_____
                              Scott S. McKessy (SM-5479)
                        599 Lexington Avenue
                        New York, New York 10022
                        (212) 521-5400

                        *Attorneys for Plaintiff*
                        *Columbia Gas Transmission Corp.*

# EXHIBIT  1

Westlaw.

230 Fed.Appx. 134                                                                 Page 1
230 Fed.Appx. 134, 2007 WL 1157145 (3rd Cir.(Pa.))
**(Cite as: 230 Fed.Appx. 134, 2007 WL 1157145 (3rd Cir.(Pa.)))**

**H**

This case was not selected for publication in the
Federal Reporter.

Not for Publication in West's Federal Reporter See
Fed. Rule of Appellate Procedure 32.1 generally
governing citation of judicial decisions issued on or
after Jan. 1, 2007. See also Third Circuit LAR,
App. I, IOP 5.7. (Find CTA3 App. I, IOP 5.7)

United States Court of Appeals,
Third Circuit.
TEXAS EASTERN TRANSMISSION, LP
v.
Frank T. PERANO, t/d/b/a GSP Management; RHG
Properties, LLC, Appellants.
No. 05-1720.

Submitted Pursuant to Third Circuit
L.A.R. 34.1(a) April 11, 2007.
Filed: April 19, 2007.

**Background:** Holder of easement, a natural gas
pipeline company, brought action against property
owner seeking preliminary injunction to require re-
moval of mobile home located ten feet from gas
pipeline and to enjoin further interference with
easement. The United States District Court for the
Eastern District of Pennsylvania, Mary A.
McLaughlin, J., granted preliminary injunction.
Property owner appealed.

**Holdings:** The Court of Appeals, Smith, Circuit
Judge, held that:
(1) 25 feet on either side of gas pipeline was reas-
onable and necessary width for natural gas pipeline
company's right of way;
(2) width of an unrestricted grant of an easement
could not be diminished under Pennsylvania law on
ground that grantee failed to immediately use ease-
ment to fullest extent possible; and
(3) safety concerns posed by cluttered right of way
constituted irreparable harm required for grant of
preliminary injunction requiring property owner to
remove mobile home built within 10 feet of
pipeline and to prevent further interference with

right of way.
Affirmed.

West Headnotes

**[1] Gas** ⬅—9
190k9 Most Cited Cases
Under Pennsylvania law which instructs that when
width of easement is not specified in grant, grantee
is given such rights as are necessary for reasonable
and proper enjoyment of thing granted, 25 feet on
either side of gas pipeline was reasonable and ne-
cessary width for natural gas pipeline company's
right of way.

**[2] Easements** ⬅—42
141k42 Most Cited Cases

**[2] Easements** ⬅—44(2)
141k44(2) Most Cited Cases
Width of an unrestricted grant of an easement could
not be diminished under Pennsylvania law on
ground that grantee failed to immediately use ease-
ment to fullest extent possible.

**[3] Gas** ⬅—9
190k9 Most Cited Cases
Safety concerns posed by cluttered right of way for
natural gas pipeline constituted irreparable harm re-
quired for grant of preliminary injunction to
pipeline company requiring property owner to re-
move mobile home built within 10 feet of pipeline
and to prevent further interference with right of
way.
**\*135** On Appeal from the United States District
Court for the Eastern District of Pennsylvania, Dis-
trict Court No. 04-CV-3915, District Judge: The
Honorable Mary A. McLaughlin.

Charles W. Rubendall, II, Donald M. Lewis, III,
Keefer, Wood, Allen & Rahal, Harrisburg, PA, for
Texas Eastern Transmission, LP.

Daniel F. Schranghamer, Allen E. Ertel & Asso-
ciates, Williamsport, PA, for Appellants.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

230 Fed.Appx. 134                                                                    Page 2
230 Fed.Appx. 134, 2007 WL 1157145 (3rd Cir.(Pa.))
**(Cite as: 230 Fed.Appx. 134, 2007 WL 1157145 (3rd Cir.(Pa.)))**

Before: SMITH, NYGAARD, and HANSEN, Circuit Judges. [FN*]

> FN* The Honorable David R. Hansen, Senior United States Circuit Judge for the Court of Appeals for the Eighth Circuit, sitting by designation.

OPINION

SMITH, Circuit Judge.

**\*\*1** Frank T. Perano, doing business as GSP Management, and RHG Properties, LLC (hereafter referred to collectively as Perano), appeals the District Court's order granting a preliminary injunction in favor of Texas Eastern Transmission, LP. "[T]he standard governing our review is that accorded to grants or denials of preliminary injunctions, i.e., whether the district court abused its discretion, committed an obvious error in applying the law, or made a clear mistake in considering the proof." *In re Assets of Martin,* 1 F.3d 1351, 1357 (3d Cir.1993) (citation omitted). We exercise plenary review with regard to questions of law, and conduct clear error review as to the factual determinations. *Id.* For the reasons set forth below, we will affirm.

Perano purchased real estate in Honey Brook Township, Chester County, Pennsylvania, which was subject to an easement held by Texas Eastern for the operation of two parallel natural gas pipelines. A mobile home park is situated on the real estate. During an aerial inspection of its right-of-way, Texas Eastern observed activity at one of the mobile home sites which encroached further into its easement. As a result, Texas Eastern notified Perano by letter that he was prohibited from installing any additional trailers or structures within 25 feet of either of the two pipelines, and that digging within 25 feet of the pipelines was prohibited by state and federal regulations. Perano installed a new, larger mobile home, however, situated five feet closer to the pipeline, leaving a distance of only ten feet between the edge of the home and the 20 inch gas pipeline. Texas Eastern initiated a civil action. It moved for a preliminary injunction which would require the removal of the mobile home and

would enjoin further interference with its easement.

After a hearing, the District Court granted the preliminary injunction. It concluded, *inter alia,* that Texas Eastern had demonstrated a likelihood of success in establishing that the width of the right of way, which was not specified in the easement, was 25 feet from either pipeline, and that Texas Eastern had demonstrated irreparable harm if injunctive relief was denied. The Court enjoined Perano from interfering with Texas Eastern's ability to operate the two pipelines, prohibited any excavation or digging without first notifying Texas Eastern, and ordered the removal **\*136** of the mobile home. Perano appealed. [FN1]

> FN1. The District Court exercised diversity jurisdiction. 28 U.S.C. § 1332. We exercise appellate jurisdiction pursuant to 28 U.S.C. § 1292(a).

Perano asserts that the District Court erred by granting the preliminary injunction. He contends that the District Court erred in its determination that 25 feet on either side of the pipeline was the reasonable and necessary width of the easement. Perano also challenges the District's Court's determination that Texas Eastern demonstrated irreparable harm.

[1] Perano's arguments lack merit. The District Court correctly applied Pennsylvania law, which instructs that when the width of an easement is not specified in the grant, "the grantee is given such rights as are necessary for the reasonable and proper enjoyment of the thing granted." *Zettlemoyer v. Transcontinental Gas Pipeline Corp.,* 540 Pa. 337, 657 A.2d 920, 924 (1995). Consistent with *Zettlemoyer,* and based on the testimony of Texas Eastern's employees, the District Court did not err by finding that 25 feet on either side of the pipelines was the reasonable and necessary width for the right of way.

**\*\*2** [2] Nor can we fault the District Court for rejecting Perano's argument that Texas Eastern's past use of only 10 or 15 feet of the easement demonstrated that the reasonable and necessary width of

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

230 Fed.Appx. 134                                                                              Page 3
230 Fed.Appx. 134, 2007 WL 1157145 (3rd Cir.(Pa.))
**(Cite as: 230 Fed.Appx. 134, 2007 WL 1157145 (3rd Cir.(Pa.)))**

the entire easement was only 25 feet in toto. *Zettlemoyer* instructs that the width of an unrestricted grant of an easement cannot be diminished because the grantee fails to immediately use the easement to the fullest extent possible. 657 A.2d at 926.

[3] Finally, Perano's contention that the District Court erred by concluding that Texas Eastern had met its burden of demonstrating irreparable harm is without merit. The District Court, relying on the testimony of Texas Eastern's employees, concluded that the safety concerns posed by a cluttered right of way constituted irreparable harm. There is no basis for disturbing this determination.

We will affirm the order of the District Court granting Texas Eastern's motion for a preliminary injunction.

230 Fed.Appx. 134, 2007 WL 1157145 (3rd Cir.(Pa.))

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.