UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
COLUMBIA GAS TRANSMISSION CORPORATION,

                                            *Plaintiff*,

-against-

LEWIS PERRY, YOLANDA PERRY, ALEXANDER
ROAD ASSOCIATION, INC., ANTHONY VULPONE,
ESTATE OF ANTHONY VULPONE, ROBERT
ANTALOCY, THOMAS HARRIS, DOLORES
A. KORZ, JOHN P. KILDUFF, KENNETH LEE d/b/a
"I CAN GET IT FOR YOU WHOLESALE", SALLIE
E. HARMON, PAUL RUGGERIO, MICHELLE
RUGGERIO, TERRANCE DONNARY, ANDREW PERNA,
KAREN PERNA, ROBERT McMAHON, CARL McMAHON,
KELVIN M. LEWIS, MARCHELLE KIRBY, JHON
GORDON, RUTH MONROE, EDWARD R. MATEO,
ROSANN P. MATEO, ADAM DORAN, NICOLE DORAN,
CREDENCE DEVELOPMENT, INC., RICHARD DELISI,
ADELAIDE FAULKNER, PAUL ESPEL, CAROL ESPEL,
DAWN FORNOFF, RICHARD BURTON, GARY MARINA,
and JOHN DOE NO. "1" through "10", inclusive, the names
of the last ten defendants being ficticous, the true names
being unknown to plaintiff, the parties intended being
those having an ownership interest in property effected
by a certain easement described in the complaint,

                                            *Defendants*.
-------------------------------------------------------------------------x

Civil Action No.:
07-CIV-5739 (KMK)

ECF CASE

DECLARATION IN
OPPOSITION TO
PLAINTIFF'S ORDER
TO SHOW CAUSE

Stuart E. Nahas declares under penalty of perjury:

1.     I am a partner of Zraick, Nahas & Rich, attorneys for Defendants Lewis Perry and Yolanda Perry (the "Perrys"), Alexander Road Association, Inc. ("ARA"), Edward R. Mateo and Rosann P. Mateo (the "Mateos"), Adam Doran and Nicole Doran (the "Dorans"), Credence Development, Inc. ("Credence") and Richard Delisi ("Delisi") (collectively the "Responding Defendants"). I am fully familiar with the facts set forth

herein and submit this Declaration pursuant to 28 U.S.C. § 1746 in opposition to Plaintiff Columbia Gas Company's ("Columbia Gas") Order to Show Cause for Entry of Default Judgment and Preliminary Relief.

PRELIMINARY STATEMENT

2.   Responding Defendants do not oppose that portion of Columbia Gas' Order to Show Cause seeking entry of Default Judgment against certain Defendants which have failed to respond or otherwise appear in this matter. Responding Defendants oppose Columbia Gas' request for a Preliminary Injunction.

INTRODCUTION

3.   Columbia Gas' recitation of the facts in its Introductory Paragraphs 2 and 3 of the Declaration of Scott S. McKessy are uncontroverted. However, in Paragraph 4 of said Declaration, Responding Defendants' position posited in its Answer and Counter Claim has been misstated. As posited by Columbia Gas "…a couple of the defendant landowners have taken the position that the rights granted under Columbia's easement do not allow Columbia or its assigns to do those things which the express terms of the easement authorize Columbia to do – namely: perform construction upon the existing pipeline." *See* McKessy Declaration in Support of Preliminary Relief, page 2, ¶ 4.

4.      Responding Defendants in their Answer and Counter Claim do not oppose or deny Columbia Gas' rights concerning the easement of record (attached as Exhibit B to Mr. McKessy's Declaration in Support of Preliminary Relief).  Rather, as has been argued by Responding Defendants and admitted by Columbia Gas (*See* Declaration of Andrew Lake in Support of Preliminary Relief, page 6, ¶ 16), said easement is undefined as to the extent, either in metes and bounds, or in square footage, of Columbia Gas' rights received in said grant.  Responding Defendants are seeking the same relief as Columbia Gas – a determination by this Court of the scope and breadth of the rights maintained by each party as granted and reserved in this easement.

5.      Of concern to Responding Defendants, and the basis for their Opposition to this instant motion, is Columbia Gas' embedded request for injunctive relief to begin its development activities in its Trojan Horse motion for Preliminary Relief seeking a determination by this Court of the scope and breadth of the undefined easement.

6.      Responding Defendants have not, and will not, oppose Columbia Gas's need to timely begin its activities.  However, Responding Defendants do oppose Columbia Gas' extra-ordinary motion via Order to Show Cause to address, if not preliminarily determine, the scope and breadth of the undefined easement, which should be reserved for all parties to fully brief and argue before the Court.

ARGUMENT

7.      Columbia Gas correctly states in its moving papers that a preliminary injunction is appropriate when "a party can show there is: (1) irreparable injury; (2) a likelihood of success on the merits; and (3) the balance of hardships tip in the favor of the movant ." *See* Plaintiff's Memorandum of Law in Support of its Motion, page 4.

8.      Responding Defendants do not contest prongs (1) and (3) of Columbia Gas' request; prong (2) however is again the core issue of the matter before this Court. Although the issue of success on the merits should be determined via a full briefing to the Court on the facts and law as the same applies to this matter, Columbia Gas, in its moving papers, has not met this burden.

9.      On this particular issue, Columbia Gas posits in the Declaration of Scott S. McKessy and its Memorandum of Law that:

   A. Although the scope and breadth of the easement is undefined, it is reasonable and necessary to define the same as a Permanent Right of Way (ROW) of Twenty-Five (25) feet on either side of the existing pipeline (*See* Declaration of Andrew Lake in Support of Preliminary Relief, Page 6, ¶ 16);

   B. The ROW of Fifty (50) feet is stated to be "reasonable and necessary" in the "ordinary course of business" and required so as to comply with "applicable laws", which are stated to be the Federal Energy Regulatory Commission ("FERC")

4

approval (*See* Declaration of Andrew Lake in Support of Preliminary Relief, Page 6, ¶ 16); and

    C. To protect Responding Defendants, Columbia Gas admits it has not assessed the same nor provided more than a superficial outline of their anticipated activities, yet estimates compensable damages to be $30,000.00 (*See* Declaration of Andrew Lake in Support of Preliminary Relief, Page 7, ¶ 23).

10.    Further, Columbia Gas posits in its Memorandum of Law in Support of its Motion for Preliminary Relief two (2) New York State cases as authority on the determination of the scope and breadth of an undefined easement. However, said authority is clearly distinguishable from the case at hand and fails to address all that must be considered when defining the scope and breadth of an undefined easement.

11.    In both *Town of Ulster v. Massa,* 144 A.D.2d 726, 535 N.Y.S.2d 460 (3d Dep't 1998) and *LeSawyer v. Squillace*, 14 A.D.2d 961, 221 N.Y.S.2d 455 (3d Dep't 1961), the court held that where the physical extent of a right of way is not specifically defined the granted right must be construed as referring to such right of way that which is necessary for the purpose or use created. *Town of Ulster* 144 A.D.2d at 728; *LeSawyer* 14 A.D.2d at 962.

12.    Both cases are clearly distinguishable from the facts at hand: in *Town of Ulster*, the parties had agreed amongst themselves as to the scope and breadth of the

undefined easement, and in *LeSwayer,* the scope of the easement was specifically granted for "ingress and egress" *Id.*

13. Neither factual pattern found in *Town of Ulster* nor *LeSawyer* applies in the instant matter: there has been no agreement between the parties as to the scope and breadth of the easement nor is the same specifically limited to ingress or egress. Rather, the only parameters of scope and breadth to be found regarding this undefined easement are those indicated by the actual and accepted use by Columbia Gas of its easement rights for over Fifty (50) years.

14. Moreover, applying Columbia Gas' authority to the argument that it will be successful on the merits, this Court must find, as stated in *Town of Ulster* and *LeSawyer*, that its intended use is reasonable and necessary for the use as it was created. To do so requires this Court to construe the grant in light of the facts and circumstances existing <u>at</u> <u>the</u> <u>date</u> of the easement and the intention of the parties participant to the original grant. <u>This is not addressed by movant in its moving papers.</u>

15. Your declarant, as of yet, could not locate New York State case law as authority specifically addressing the factors to consider in determining "reasonable and necessary" use. However other jurisdictional decisions and law review articles reviewed by your declarant indicate that a determination of "reasonably and necessary" use in regard to an undefined easement must address: (1) the actual use

6

by the parties; (2) whether the actual use is necessary and proper under the easement grant, (3) the parties intent at the time of the grant, (4) the language of the grant and (5) pertinent surrounding circumstances.

16. If the Court is to determine Columbia Gas' likelihood of success on the merits, Responding Defendants argue the above factors need to be addressed by the Court. They are not addressed in Columbia Gas' moving papers.

17. What is presented to the Court by Columbia Gas is not <u>proof</u> of what is "reasonable and necessary"; rather, the Court is provided a conclusory statement by Andrew Lake that Fifty (50) feet is the "reasonable and necessary" scope and breadth of this undefined easement because FERC requires it. The fact that FERC's approval process mandated a particular scope and breadth of easement does not determine that indeed Fifty (50) feet was granted by Lillian Alexander to Columbia Gas' predecessor in interest in 1949. Rather, as admitted by Columbia Gas, if it does not have the rights necessary for their intended work, they may proceed via condemnation to gain said rights. *See* Declaration of Scott S. McKessy, page 3, ¶ 9.

18. Responding Defendants note the remaining authority in support of Columbia Gas' request for relief is not controlling in this jurisdiction, and moreover addresses either specific and defined easements or the legal burdens and obligations in instances of defined easements.

19. As should be evident from the positions stated above, the request by Columbia Gas for a Preliminary Injunction is not warranted by its instant Order to Show Cause for the same.

20. In the alternative, if the Court should grant Columbia Gas's motion, Responding Defendants request a bond be posted by Columbia Gas which is based upon the actual assessed damages anticipated by its activities.

21. Copies of this Declaration in Opposition to Plaintiff's Order to Show Cause have been sent to Plaintiff via facsimile and overnight delivery (via Federal Express) on Wednesday October 3, 2007 at 4.30 p.m., with courtesy copy sent to the Honorable Judge Kenneth H. Karas via First Class Mail, posted October 3, 2007.

**WHEREFORE,** it is respectfully requested that this Court deny Columbia Gas' application for preliminary injunction or, in the alternative, if granted, that Columbia Gas post a bond based upon the actual assessed damages anticipated by its activities, and for such other and further relief as the Court may deem just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 3rd day of October, 2007.

                                                                                     S/
                                                                                  Stuart E. Nahas

*Sen/2007-16/Declaration in Opposition to OSC*