UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION CORPORATION, | Civil Action No. 07 cv 5739 (KMK) ECF CASE |
| Plaintiff, | |
| - against - | |
| LEWIS PERRY, YOLANDA PERRY, ALEXANDER ROAD ASSOCIATION, INC., ANTHONY VULPONE, ESTATE OF ANTHONY VULPONE, ROBERT ANTALOCY, THOMAS HARRIS, DOLORES A. KORZ, JOHN P. KILDUFF, KENNETH LEE d/b/a "I CAN GET IT FOR YOU WHOLESALE", SALLIE E. HARMON, PAUL RUGGIERO, MICHELLE RUGGIERO, TERRANCE DONNARY, ANDREW PERNA, KAREN PERNA, ROBERT McMAHON, CARL McMAHON, KELVIN M. LEWIS, MARCHELLE KIRBY, JHON GORDON, RUTH MONROE, EDWARD R. MATEO, ROSANN P. MATEO, ADAM DORAN, NICOLE DORAN, CREDENCE DEVELOPMENT INC., RICHARD DELISI, ADELAIDE FAULKNER, PAUL ESPEL, CAROL ESPEL, DAWN FORNOFF, RICHARD BURTON, GARY MARINA, and JOHN DOE NO. "1" through "10" inclusive, the names of the last ten defendants being ficticous, the true names being unknown to plaintiff, the parties intended being those having an ownership interest in property effected by a certain easement described in the complaint, | |
| Defendants. | |

------------------------------------------------------------X

**PLAINTIFF COLUMBIA GAS TRANSMISSION CORPORATION'S
REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR
<u>A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION</u>**

REED SMITH
599 Lexington Avenue
New York, New York  10022
212-521-5400

Attorneys for Plaintiff
Columbia Gas Transmission Corporation

Plaintiff, Columbia Gas Transmission Corporation ("Columbia"), respectfully submits this Reply Memorandum of Law in further support of its application for an Order, pursuant to Rule 65 of the Federal Rules of Civil Procedure, seeking to enjoin defendant-landowners from interfering with Columbia's immediate access to and use of its permanent right of way, as well as its use of temporary work space on defendants' respective properties.

## PRELIMINARY STATEMENT

In response to Columbia's instant application for immediate access to defendants' respective properties, certain defendants have objected: Lewis Perry, Yolanda Perry, Alexander Road Association, Inc., Edward Mateo, Rosann Mateo, Richard Delisi, Adam Doran, Nicole Doran, and Creedence Development, Inc. ("Responding Defendants"). It is an unusual objection in that they do not oppose Columbia or its assigns beginning the required pre-construction activities, but then oppose the instant application and argue it should be denied. *See* Declaration of Stuart Nahas, dated October 3, 2007 ("Nahas Declaration"), compare ¶¶ 6 and 19.

In their objection, Responding Defendants do not contest that Columbia has demonstrated irreparable harm and a balancing of the equities. Instead, they argue that there is no likelihood of success on the merits, but only argue this as it relates to the scope of Columbia's Permanent ROW – there is no contention that Columbia's easement does not provide for a temporary expansion of the width of its right-of-way under the terms of the Easement to accommodate Temporary Work Space. Columbia's right to utilize Temporary Work Space under the Easement is unchallenged.

But, returning to Responding Defendants' argument that there is no likelihood of success regarding the width of the Permanent ROW, that argument appears to be twofold. First, Responding Defendants claim that Andrew Lake's initial declaration only contains a conclusory statement that fifty feet is "reasonable and necessary" for the Permanent ROW "because FERC requires it." Nahas Declaration, ¶ 17. This, however, simply is not true. The declaration of Andrew Lake (¶¶ 14-18) previously submitted to this Court in connection with Columbia's initial

moving papers ("Lake Declaration") specifically sets forth the reasons why fifty feet is reasonable and necessary.

Next, Responding Defendants argue that Columbia did not satisfy some five-prong test they determined other unnamed authorities and jurisdictions have set forth for evaluating what is reasonable and necessary. Nahas Declaration, ¶ 15. This, too, is an odd position for them to take as they claim some of Columbia's case law should not be followed because they are from another jurisdiction. Nahas Declaration, ¶ 18. Regardless, Columbia's papers do address each prong of their five-prong test in its initial moving papers.

Finally, Responding Defendants contend that Columbia's suggestion of a bond amount be ignored because it is based upon only anticipated damages and not actual damages, but then does not offer any other suggested amount as being appropriate. In this regard, as explained in the accompanying Reply Declaration of Andrew Lake, executed October 4, 2007 ("Lake Reply Declaration"), the reference to these damages as anticipated is because they have not occurred yet, and may, due to unforeseen circumstances, increase or decrease if the construction footprint requires modification. But, for the purpose of the current footprint, Mr. Lake's reply declaration sets forth the estimated damage breakdown per property owner and even padded that figure a little in favor of defendants in arriving at the $30,000 figure.

Consequently, Columbia's instant application should be granted in its entirety.

## ARGUMENT

### COLUMBIA IS ENTITLED TO ITS REQUESTED RELIEF

Here, the standard for granting a preliminary injunction is not in dispute. Nahas Declaration, ¶ 7. In fact, Responding Defendants do not contest that Columbia has demonstrated irreparable harm or that the equities favor granting the instant application. Nahas Declaration, ¶ 8. Responding Defendants then go on to argue that Columbia's demonstration of likelihood of success on the merits is somehow a "Trojan Horse" for an adjudication of Columbia's rights under the Easement. Nahas Declaration, ¶ 5. This "Trojan Horse" reference is baffling since – as Responding Defendants concede – likelihood of success is an essential element when a party

seeks preliminary injunctive relief. If a movant does not demonstrate a likelihood of success, it stands a very good chance of having its application for a preliminary injunction denied.

In this regard, Responding Defendants contest that Columbia has not demonstrated a likelihood of success on the merits regarding it having a fifty foot right-of-way across the affected properties. Indeed, Responding Defendants' argue that the Easement is undefined, not fifty feet (but offer no alternative width or reason why fifty is not reasonable or necessary), and that Columbia has no support for its claim. This is simply an untenable position.

It is important to note, in this respect, that no objection is made that Columbia's right-of-way may temporarily expand during times of construction – the reason the immediate access is needed herein.

### A. The Need For A Fifty Foot Permanent Right Of Way Is Not Conclusory

Responding Defendants argue that Columbia's position that a fifty-foot width is reasonable and necessary for its permanent right-of-way is not supported by any proof but merely the conclusory statement that it is required by FERC. Nahas Declaration ¶ 17. Again, this is simply not true. A simple review of the declaration of Andrew Lake submitted in connection with Columbia's initial moving papers reveals that Columbia specifically detailed why fifty feet is the reasonable and necessary width for its permanent right-of-way. Mr. Lake explained, among other things[1], that:

> ➢ There are safety concerns that require such a buffer zone: the ability to readily locate and access the pipeline, inspect the pipeline, take all steps necessary to allow early detection of leaks with the concomitant ability to take rapid corrective actions if required; and delays due to encroachments in this regard can result in catastrophic failures which could jeopardize public safety. Lake Declaration, ¶ 14

---

1   Some of these other things encompass specifics as to why a temporary expansion of the width of the right-of-way is reasonable and necessary during times of construction. Lake Declaration, ¶¶ 18-20. Indeed, the FERC brochure disseminated to the landowners specifically indicates that, for purposes of construction, rights-of-way can expand up to 100 feet or more. See Exhibit G.

- ➤ Columbia personnel must periodically perform a variety of tests on its natural gas pipelines and attendant facilities which requires unobstructed access to its various lines. Lake Declaration, ¶ 15

- ➤ Operation and maintenance of a natural gas pipeline requires routine inspections across the right-of-way by Columbia's crews and agents and, as a result, access to these right-of-ways cannot be restricted or obstructed, in any way, by the subservient landowners. Lake Declaration, ¶ 15

- ➤ It allows for normal operational and maintenance activities to be performed, while providing for safe personnel, vehicular and equipment traffic along either side of the natural gas pipeline as crossing high-pressure pipelines with heavy equipment may cause undue mechanical stress on a pipeline and could lead to ruptures. Lake Declaration, ¶ 17

- ➤ This distance provides a sufficient perimeter of protection from unauthorized excavations around or near the pipeline that may further endanger public safety. Lake Declaration, ¶ 17

As detailed above, Columbia has not merely said that fifty feet is necessary and reasonable because "FERC requires it," but has set forth specific reasons why this width is reasonable and necessary for maintaining and operating a natural gas pipeline.

**B. Columbia's Case Law Is On Point**

In its moving papers, Columbia cited New York case law for the proposition that, "it has long been held that the width of the unrestricted easement is determined by what is reasonable and necessary to effectuate the purpose of the granted rights. *See Town of Ulster v. Massa*, 144 A.D.2d 726, 535 N.Y.S.2d 460 (3d Dep't 1988); *Le Sawyer v. Squillace*, 14 A.D.2d 961, 221 N.Y.S.2d 455 (3d Dep't 1961)." Columbia Initial Memo of Law, p. 5. Responding Defendants argue that these cases are distinguishable and that the standard established by those cases fail "to address all that must be considered when defining the scope and breadth of an undefined easement." Nahas Declaration, ¶ 10. Neither argument holds water.

To begin with, Responding Defendants offer no citation to law that would indicate these two cases fail to address all that must be considered under New York law. Second, the purpose of the rights granted under the Easement at the time of the grant is self evident from the document itself. The document specifically granted Columbia the right to, *inter alia*, lay, maintain and operate a natural gas pipeline – fifty feet is the necessary and reasonable width to

accomplish these tasks. Moreover, the parties to the the initial grant also anticipated future construction and repair work on the pipeline because the Easement specifically granted Columbia the right to "repair, change and remove" the pipeline. Exhibit B.

As for the cases themselves, Responding Defendants argue that in *Town of Ulster v. Massa*, 144 A.D.2d 726, 535 N.Y.S.2d 460 (3d Dep't 1988), in contrast to the present case, the parties there had agreed amongst themselves as to the scope of the undefined easement. Nahas Declaration, ¶ 15. This is not true. In that case, the plaintiff claimed the undefined easement was 25 feet while the defendant claimed it was only 16 feet. 535 N.Y.S.2d 461. In proving its case, the plaintiff introduced evidence that the defendant had, at one point in time, considered the undefined easement to be approximately 25 feet. But the issue litigated therein was the reasonable and necessary width of an undefined easement. Responding Defendants' attack on *Le Sawyer v. Squillace*, 14 A.D.2d 961, 221 N.Y.S.2d 455 (3d Dep't 1961) fairs no better. Their sole distinguishing argument here is that the undefined easement in *Le Sawyer* was for ingress and egress only. True: but the issue the court had to address was the width of that right-of-way under an undefined easement, and even commented that the width could increase under the appropriate circumstances. 221 N.Y.S.2d at 456.

Responding Defendants go on to argue that all of the non-New York cases Columbia cites should not be considered because they are from other jurisdictions and all deal with "specific and defined easements." Nahas Declaration, ¶ 18. First, Responding Defendants cannot argue in good faith that Columbia's case law should be disregarded because they are from another jurisdiction and then argue that the appropriate test in this case is some five-prong test as set forth in unidentified authorities from unidentified jurisdictions outside of New York. Nahas Declaration ¶ 15. Second, all of the cases Columbia cites deal with undefined easements in favor of natural gas transmission companies – that is why Columbia cited them!

In *Columbia Gas Transmission Corporation v. Large*, 63 Ohio Misc.2d 63, 619 N.E.2d 1215 (Crt Common Pleas, Licking County, 1992), as noted by the court, "the right-of-way agreements . . . fail to state the width of the grant." The court held that a fifty foot permanent

easement was appropriate under an undefined easement granting the gas company the "right to lay, maintain, operate, repair, replace and remove" the natural gas pipeline. *Id.* at 1216. These are the very rights granted Columbia under the Easement here.

The same set of facts are found in *Columbia Gas Transmission Corporation v. Tarbuck*, 845 F.Supp. 303 (W.D. Pa. 1994) *aff'd* 62 F.3d 538 (3d Cir. 1995). There, the pipeline company had the stated right under an easement to "maintain, operate, repair, and remove" the natural gas pipeline pursuant to an undefined easement. 854 F.Supp. at 305. The District Court found that anything less than a fifty-foot right-of-way "would effectively preclude Columbia from using the right-of-way for its intended purpose of maintaining and repairing" the pipeline. 845 F.Supp. at 310. In affirming, the Third Circuit held that the stated purpose of the grant was the operation of a pipeline and that fifty feet was the reasonable and necessary width in order to effectuate that purpose. 62 F.3d at 544.

A similar result was reached in *Texas Easetern Transmission, LP v. Perano*, 2007 WL 1157145 (3d Cir. April 19, 2007)("likelihood of success in establishing that the width of the right of way, which was not specified in the easement, was 25 feet from either side of the pipeline"). Indeed, courts which have addressed this issue routinely hold that the "reasonable and necessary" width to operate and maintain a gas pipeline is 50 feet (25 feet on either side of the pipeline). *See Columbia Gas Transmission Corp. v. Savage*, 863 F. Supp. 198, 201-02 (M.D. Pa. 1994); *Columbia Gas Transmission Corp. v. Adams*, 646 N.E. 2d at 926 (Ohio Ct. Com. Pl. 1994); *Columbia Gas Transmission Corp. v. Burke*, 768 F. Supp. at 1173 (N.D. W.Va. 1990).

As in all these cases, the Easement here is undefined in width. Also, as in these cases, the rights granted here are to, *inter alia*, maintain and operate a natural gas pipeline. In fact, Columbia's Easement grants it the rights to, *inter alia*, "lay, maintain, operate, repair, change and remove" a natural gas pipeline, which, in some instances, exceed the grant of rights in the cited case law. Exhibit B.

There is simply no reason to believe Columbia will not succeed on the merits of its claims herein.

### C. Columbia Satisfies The Mysterious Five-Prong Test

While Responding Defendants offer no authority for their supposed five-prong test which comes from some undisclosed jurisdiction(s) other than New York, Columbia satisfies it. First issue, according to Responding Defendants, is actual use. Columbia has been maintaining its Permanent ROW for many years and does so today. Lake Declaration ¶ 17. Second issue, is the actual use necessary. As specifically set forth in the Lake Declaration, it is. Lake Declaration ¶¶ 14 – 21. Third and Fourth issues: the parties intent at the time of the grant and the language of the grant itself. As set forth in the Easement itself, the parties specifically intended to grant the right and privilege to Columbia to operate, maintain, change, repair and remove the pipeline – this is in the document itself, what better indicia of intent is there than that. Fifth issue: pertinent surrounding circumstances. Here, the construction project is proceeding under FERC approvals and all defendants purchased their property rights subject to the duly recorded Easement, as well as the clearly visible visual demarcation of the Permanent ROW.

There simply is no tenable that Columbia has not shown a likelihood of success on its claims.

### CONCLUSION

Columbia is entitled to the injunctive relief requested herein.

Dated:  New York, New York
        October 5, 2007

>                                            **REED SMITH LLP**
>
>                                            By: _/s/ Scott McKessy_
>                                                Scott S. McKessy (SM-5479)
>                                            599 Lexington Avenue
>                                            New York, New York 10022
>                                            (212) 521-5400
>
>                                            *Attorneys for Plaintiff*
>                                            *Columbia Gas Transmission Corp.*