UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
COLUMBIA GAS TRANSMISSION CORPORATION,

                            *Plaintiff*,         Civil Action No.:
                                                      07-CV-5739 (KMK)

                         *-against-*
                                                         ECF CASE

LEWIS PERRY, YOLANDA PERRY, ALEXANDER
ROAD ASSOCIATION, INC., ANTHONY VULPONE,
ESTATE OF ANTHONY VULPONE, ROBERT
ANTALOCY, THOMAS HARRIS, DOLORES
A. KORZ, JOHN P. KILDUFF, KENNETH LEE d/b/a
"I CAN GET IT FOR YOU WHOLESALE", SALLIE
E. HARMON, PAUL RUGGERIO, MICHELLE
RUGGERIO, TERRANCE DONNARY, ANDREW PERNA,
KAREN PERNA, ROBERT McMAHON, CARL McMAHON,
KELVIN M. LEWIS, MARCHELLE KIRBY, JHON
GORDON, RUTH MONROE, EDWARD R. MATEO,
ROSANN P. MATEO, ADAM DORAN, NICOLE DORAN,
CREDENCE DEVELOPMENT, INC., RICHARD DELISI,
ADELAIDE FAULKNER, PAUL ESPEL, CAROL ESPEL,
DAWN FORNOFF, RICHARD BURTON, GARY MARINA,
and JOHN DOE NO. "1" through "10", inclusive, the names
of the last ten defendants being ficticous, the true names
being unknown to plaintiff, the parties intended being
those having an ownership interest in property effected
by a certain easement described in the complaint,

                                 *Defendants*.
-------------------------------------------------------------------------------x


**DEFENDANTS' MEMORANDUM OF LAW**

<u>**IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**</u>


ZRAICK, NAHAS & RICH
303 Fifth Avenue
Suite 1201
New York, New York 10016

Attorneys for Defendants and Counter-Claimants
Lewis Perry, Yolanda Perry, Alexander Road Association, Inc., Edward R. Mateo, Rosann
P. Mateo, Adam Doran, Nicole Doran, Credence Development, Inc. and Richard Delisi

# **TABLE OF AUTHORITIES**

**Cases**

*Casella v. Gallo*,
    197 A.D. 825, 189 N.Y.S. 531 (3d Dep't 1921)………………………………. 8

*Fink v. Friedman,*
    78 Misc.2d 429, 358 N.Y.S.2d 250 (N.Y. Sup., 1974)……………………….. 13

*Green Harbour Homeowners' Ass'n., Inc. v. G.H. Development and Const., Inc.*
    307 A.D. 465, 763 N.Y.S.2d 114, N.Y. Slip Op. 15794 (3rd Dep't 2003)……. 13

*J.C. Tarr Q.P.R.T v. Delsener*,
    19 A.D.3d 548, 800 N.Y.S.2d 177 at 179, N.Y. Slip Op. 05262
    (N.Y.A.D. 2d Dep't 2005)……………………………………………………….. 9

*LeSawyer v. Squillace*,
    14 A.D.2d 961 at 962, 221 N.Y.S.2d 455 (3d Dep't 1961)…………………… 8

*Oliphant v. McCarthy,*
    208 A.D.2d 1079, 617 N.Y.S.2d 555 (3d Dep't 1994)………………………... 8,9

*Rivlin v. Sigalos*,
    9 Misc.2d 373, 172 N.Y.S.2d 882 (N.Y.Sup. 1957)…………………………... 8,9

*Town of Ulster v. Massa*,
    144 A.D.2d 726 at 728, 535 N.Y.S.2d 460 (3d Dep't 1998) …………………..8

**Federal Rules of Civil Procedure**

Federal Rules of Civil Procedure Rule 56………………………………………… 7,8

Defendants Lewis Perry and Yolanda Perry (the "Perrys"), Alexander Road Association, Inc. ("ARA"), Edward R. Mateo and Rosann P. Mateo (the "Mateos"), Adam Doran and Nicole Doran (the "Dorans"), Credence Development, Inc. ("Credence") and Richard Delisi ("Delisi") (collectively the "Responding Defendants") respectfully submit this Memorandum of Law in support of their Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure seeking Judgment from the Court on the grounds that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law by reason that the document known as the Lillian Alexander Grant contains the rights provided to Columbia Gas Company ("Columbia Gas"), that Columbia Gas' rights have been established by use from the inception of the Lillian Alexander Grant to this date, and that the Lillian Alexander Grant expressly provides for damages to Responding Defendants resulting from the exercise by Columbia gas of its rights, and costs, expenses, and attorneys fees attendant to this action.

STATEMENT OF FACTS

On or about July 9, 1949, Lillian A. Alexander granted an easement to Home Gas Company for "right of ingress, egress and regress to and from the above described lands, together with the right to maintain, operate, repair, and remove its existing pipe lines for the transportation of gas on said land" with specific rights

3

reserved for Grantor's use and for Grantee to compensate Grantor and/or her successors and assigns for "any damages, both real and personal, which may arise…" in connection with Grantee's rights.  Said easement, referred to hereinafter as the "Lillian Alexander Grant" was given for consideration of One ($1.00) Dollar and was recorded. *Plaintiff's Complaint, ¶ 34; Plaintiff's Complaint, Exhibit "A".*

The Lillian Alexander Grant contains specific provisions including, but not limited to, the location of the pipeline, driveway repair and compensation for timber; however, left undefined in the Lillian Alexander Grant is the extent of the easement either in metes and bounds, or in square footage, along and adjacent to the pipeline. *Plaintiff's Complaint, Exhibit "A".*

Subsequent to the Lillian Alexander Grant, Home Gas Company and/or Columbia Gas, its successor in interest, laid its gas pipeline and since has operated, maintained and repaired the same. *Plaintiff's Complaint, ¶ 36.*  Ms. Alexander's property was subdivided and sold; in particular, the pipeline laid pursuant to the Lillian Alexander Grant is in part of the properties belonging to the Perrys, the Mateos, and Delisi and intersects Alexander Road, the private road servicing ARA, in two (2) locations. *Plaintiff's Complaint, ¶ 37.*

Since 1975 residents along Alexander Road contributed to the "Greenwood Lake Acres Association" to fund snow removal from and maintenance of Alexander Road. *Declaration of Lewis Perry, ¶ 21.*  ARA was created in 1997 as the successor in interest to Greenwood Lakes Acres Association for the purpose of maintaining Alexander Road, a private road connected to the Town of Warwick's Old Dutch Hollow Road. *Declaration of Lewis Perry, ¶ 22.*  Alexander Road provides the only

4

ingress and egress to Responding Defendants' properties. *Declaration of Lewis Perry, ¶ 20.* From 1975 to date, Greenwood Lakes Acres Association and thereafter ARA have maintained an open, notorious and hostile ownership interest to and of Alexander Road which has been expressly recognized by Columbia Gas and is without claim to the contrary from the Town of Warwick or any other entity in interest. *Declaration of Lewis Perry, ¶ 23.*

Upon information and belief, on or about December 1997, Columbia Gas filed its initial application, under section 7(c) of the Natural Gas Act and Part 157 of the Federal Energy Regulatory Commission regulations, to construct, acquire, own, and operate a 422-mile long natural gas pipeline that would extend from an interconnection in Lake Erie at the Canada/United States border through southern New York to Mount Vernon, Westchester County. This application (the "Millennium Pipeline Project") is intended to provide consumers in the Northeast with the additional natural gas infrastructure that is required to meet the growing need for clean energy. *Defendants' Answer and Counter-Claim, ¶ 80.*

Those of the Responding Defendants who were homeowners in 1997 have been on notice of the Millennium Pipeline Project; the remaining Responding Defendants have been aware of the Millennium Pipeline Project since acquiring their respective properties. *Declaration of Lewis Perry, ¶ 13; Declaration of Edward R. Mateo ¶ 20; Declaration of Adam Doran, ¶ 10; Declaration of Richard Delisi, ¶ 12.* Each individual Responding Defendant was approached by Ken Geltman, Right of Way agent for Columbia Gas, asserting that Columbia Gas claimed the Lillian Alexander Grant provided to Columbia Gas a twenty-five (25) foot right of way that

5

runs with the land along both sides of the existing pipeline, for a total easement of fifty (50) feet in width for the length of the existing pipeline.  Further, Columbia Gas asserted that inherent to its rights is an additional "right of way" grant expanding its easement to Seventy-Five (75) to One Hundred and Fifty (150) feet in total width during times of construction and the performance of major work.  *Declaration of Lewis Perry, ¶ 13; Declaration of Edward R. Mateo ¶ 20; Declaration of Adam Doran, ¶ 10; Declaration of Richard Delisi, ¶ 12.*  Responding Defendants were advised by Mr. Geltman to waive any claim controverting that assertion by Columbia Gas and that, pursuant to the Lillian Alexander Grant, Responding Defendants would be compensated for any lost timber, attorney's fees and any incurred costs.  *Declaration of Lewis Perry, ¶¶ 14, 15; Declaration of Edward R. Mateo ¶ 20; Declaration of Adam Doran, ¶ 20; Declaration of Richard Delisi, ¶¶ 13, 14.*

     Responding Defendants do not agree with Columbia Gas' interpretation of the Lillian Alexander Grant and contend that Columbia Gas was not granted a twenty-five (25) foot easement that runs with the land along both sides of the existing pipeline, for a total easement of fifty (50) feet for the length of the existing pipeline, as alleged in Plaintiff's Complaint.  Further, Responding Defendants contend that the rights contained in the Lillian Alexander Grant do not provide Columbia Gas inherent rights to expand the easement width to Seventy-Five (75) to One Hundred and Fifty (150) feet in total width during times of construction and the performance of major work.  Responding Defendants, except the Dorans and Credence, acknowledge that although Columbia Gas has an easement that burdens their

6

respective properties, the dimension of the easement is undefined. *Declaration of Lewis Perry, ¶¶ 5, 14; Declaration of Edward R. Mateo ¶¶ 11, 16, 21; Declaration of Adam Doran, ¶ 5; Declaration of Richard Delisi, ¶¶ 5, 13.*

Both Columbia Gas and Responding Defendants have sought a court determination by declaratory relief causes of action to resolve the question of the dimension of the Lillian Alexander Grant. Upon review of the facts and pertinent case law, there is no genuine issue as to any material fact and Responding Defendants are entitled to judgment as a matter of law by reason that the rights provided to Columbia Gas contained in the Lillian Alexander Grant have been established by use from the inception of the Lillian Alexander Grant to this date. Moreover, the Lillian Alexander Grant expressly provides that Responding Defendants be awarded damages, costs, expenses, and attorney's fees.

ARGUMENT

Pursuant to Federal Rules of Civil Procedure Rule 56(a) "a party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof".

The court shall render forthwith the requested judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

7

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". Federal Rules of Civil Procedure Rule 56(c). Responding Defendants meet this burden.

The core question of the declaratory relief causes of action is the dimension of the easement granted to Columbia Gas by the Lillian Alexander Grant. To define an undefined easement, where the metes and bounds of a right of way are not specified, the right must be construed as such right of way that was necessary for the purpose or use created. See *Town of Ulster v. Massa,* 144 A.D.2d 726 at 728, 535 N.Y.S.2d 460 (3d Dep't 1998) and *LeSawyer v. Squillace*, 14 A.D.2d 961 at 962, 221 N.Y.S.2d 455 (3d Dep't 1961). In application of this standard courts must address: 1) the grant in light of the facts and circumstances existing at the creation date of the easement, 2) the intention of the parties participant to the original grant, and 3) the use by the parties over time. See *Casellla v. Gallo*, 197 A.D. 825, 189 N.Y.S. 531 (3d Dep't 1921); *Oliphant v. McCarthy,* 208 A.D.2d 1079, 617 N.Y.S.2d 555 (3d Dep't 1994)(citing *Town of Ulster v. Massa*); and *Rivlin v. Sigalos*, 9 Misc.2d 373, 172 N.Y.S.2d 882 (N.Y.Sup. 1957).

A case in point on evaluating the grant in light of the facts and circumstances existing as of the creation date of the easement is *Casellla v. Gallo*, 197 A.D. 825, 189 N.Y.S. 531 (3d Dep't 1921). In *Casella*, no dimensions of a right of way for "persons and wagons, animal or animals" were specified in the original grant. *Casella* at 827. However, the extent of the easement was determined "by the true construction of the grant or reservation by which it is created, aided by any circumstances surrounding the estate and the parties which have a legitimate

8

tendency to show the intention of the parties". Id. at 828. As such, the court held that the original grant for ingress and egress, at the time the grant was made, did not contemplate expansion in use from persons and wagons to vans or automobiles and defined the easement to reasonable dimensions necessary to effectuate the grant as contemplated by the original parties. Id. at 533. See also *J.C. Tarr Q.P.R.T v. Delsener*, 19 A.D.3d 548, 800 N.Y.S.2d 177 at 179, N.Y. Slip Op. 05262 (N.Y.A.D. 2d Dep't 2005) (where the court held that construction of a grant, the dimensions of which were undefined, includes any reasonable use to which it may be devoted, provided the use is lawful and is one contemplated by the grant) (Emphasis added).

In *Oliphant*, the Defendant's property was burdened by an undefined easement that, over time from the date of the original grant, had been defined by the parties' use at approximately ten (10) feet. *Oliphant* at 1080-1081. To discern the intention of the parties participant to the original grant and what was necessary for the use for which the right of way had been created, the court held that the interpretation of the grant by the parties was an important factor. Id. at 1080. Noting that the width of ten (10) feet had always been recognized by the parties, had always been adequate for the needs of the dominant tenement and had never been denied by the servient tenement, the court held the construction of the undefined easement at ten (10) feet, and not the alleged fifty (50) feet now requested by the dominant tenement. Id. at 1081.

Most illustrative of the importance of evaluating the use of an easement by the parties over time so as to construe the definition of an undefined easement is *Rivlin v. Sigalos*. In *Rivlin*, the original grant in 1883 was undefined but recognized by the

9

parties use of their properties, without issue, for over 34 years. *Rivlin* at 377. In determining whether the servient tenement must remove a rose arbor and miscellaneous shrubbery as claimed by the dominant tenement, the court found that the "practical construction which the owners of the respective tenements have given it throughout the years has supplied the omissions" of the easement definition. Id. The use by the dominant tenement for over 34 years, without challenge by the servient tenement was deemed to have fixed the dimensions of the undefined easement "in accordance with the intent of the parties by whom and to whom it was granted". Id.

Both parties agree that the Lillian Alexander Grant does not specifically define the extent, either in metes and bounds, or in square footage, of Columbia Gas' rights received in said grant. *Plaintiff's Complaint, ¶ 46; Defendants' Answer and Counter-Claim, ¶ 46.* This Court must assess this right by determining what is necessary for the purpose or use for which the right was originally created under the established legal precedent: construction of the Lillian Alexander Grant in light of the facts and circumstances existing as of the creation date of the easement, the intention of the parties participant to the original grant, and the use by the parties over time. By application of these precedents to the facts as identified in the Declarations of Lewis Perry, Edward R. Mateo, Adam Doran and Richard Delisi, the Lillian Alexander Grant is defined.

The Declarations of Lewis Perry, Edward R. Mateo, Adam Doran and Richard Delisi are silent concerning the facts and circumstances existing as of the creation date of the easement. The parties cannot now provide testimony as to the

circumstances existing as of the creation date to supplement the language of the Lillian Alexander Grant.  However, the grant in and of itself speaks volumes. Meticulous specificity is provided in the Lillian Alexander Grant regarding the pipeline entry and exit points.  The same specificity is employed in the Lillian Alexander Grant on the location and cost of tree and timber damage.  Despite this proclivity for attention to detail and specificity, nothing is mentioned in the Lillian Alexander Grant concerning the dimensions of the easement.

Clearly, the dimensions of the easement were not the "key issue" for the parties at the time of the grant.  When the easement was granted, the burdened property was undeveloped forest and had yet to be subdivided.  For the minimal consideration of One ($1.00) Dollar, Home Gas Company was granted the right to lay a "linear rod of right of way" of pipe.  Given such consideration and this language, it is incongruous to now construe that Lillian Alexander and Home Gas Company intended that the dimension of the easement was fifty (50) feet – expanding at points to seventy-five (75) to one hundred and fifty (150) feet during times of construction – in width for the length of the pipeline, as is asserted by Columbia Gas.

It was the parties' actual use of her property and the rights that she granted appurtenant thereto that demonstrates their intention and which define the easement area.

Columbia Gas (and its predecessor in interest) has consistently used, maintained, operated and repaired the current gas pipeline for over fifty (50) years. Throughout this time, the dimensions of the easement have been recognized by

11

Columbia Gas and Responding Defendants during their ownership of their properties.  *Declaration of Lewis Perry, ¶ 12; Declaration of Edward R. Mateo ¶ 18 Declaration of Adam Doran, ¶¶ 6, 7; Declaration of Richard Delisi, ¶ 11.*  Columbia Gas has enjoyed its easement rights over an area of: approximately 19 feet concerning the Perrys' property (*Declaration of Lewis Perry, ¶ 9*); approximately one foot concerning the Mateos' property (*Declaration of Edward R. Mateo, ¶ 15*); zero impact upon either Credence or Dorans properties (*Declaration of Edward R. Mateo, ¶ 16; Declaration of Adam Doran, ¶¶ 8, 9*), and; approximately 19 feet concerning the Delisi property (*Declaration of Richard Delisi, ¶ 9*).

Columbia Gas now, for the first time and as a result of the Millennium Pipeline Project, asserts that its rights are defined, to wit: a Permanent Right of Way of Twenty-Five (25) feet on either side of the existing pipeline for a total of fifty (50) feet that is alleged to be "reasonable and necessary" to comply with the Millennium Pipeline Project.  *Declaration of Lewis Perry, ¶¶ 13, 18; Declaration of Edward R. Mateo ¶¶ 20, 24; Declaration of Adam Doran, ¶¶ 10, 25; Declaration of Richard Delisi, ¶¶ ¶ 12, 17.*   This definition is stated to be "reasonable and necessary" in the "ordinary course of business" and is required so as to comply with "applicable laws", which are stated to be the Federal Energy Regulatory Commission ("FERC") approval.  *Plaintiff's Complaint, ¶ 46*.

Such a position does not describe what was reasonable and necessary for the purpose or use for which the Lillian Alexander Grant was originally created, nor is such position supported by any facts and circumstances existing as of the creation date of the easement.  Moreover the intention of the parties participant to the original

12

grant and, specifically, the use by the parties over time demonstrate the contrary. What is really being argued to the Court by Columbia Gas is not evidence in satisfaction of the standard to be applied, but is rather what is necessary for Columbia Gas to accomplish its Millennium Pipeline Project. This federal requirement of a particular scope and breadth of easement does not convey property nor determine, over fifty (50) years later and contrary to the parties' consistent use over that time, that indeed fifty (50), and at points seventy-five (75) to one hundred and fifty (150) feet, was granted by Lillian Alexander to Columbia Gas' predecessor in interest in 1949.

New York State follows the American Rule concerning attorney's fees. The rule states that attorney's fees can be awarded if the same is authorized by agreement between the parties, statute or court rule. *Green Harbour Homeowner's Ass'n, Inc. v. G.H. Development and Const., Inc.*, 307 A.D.2d 465, 763 N.Y.S.2d. 114 at 118, N.Y. Slip Op. 15794 (3rd Dep't 2003). See also *Fink v. Friedman*, 78 Misc.2d 429, 358 N.Y.S.2d 250 (1974).

Responding Defendants have this right, and more, pursuant to the Lillian Alexander Grant.

The Lillian Alexander Grant expressly states that Grantee is to compensate Grantor "for <u>any</u> damages, <u>both real and personal</u>, which may arise…" from the use of Grantee's rights (emphasis added). Grantee, now Columbia Gas, under the claim of enforcing its rights under the Lillian Alexander Grant, has caused Responding Defendants to incur the "personal" damage of legal and attorney's fees attendant to the defense of Plaintiff's claims. Pursuant to court order, Plaintiff is beginning to

remove trees from Responding Defendants' properties incurring "real" and measurable damages. These personal damages, in addition to the real damages that have occurred to their properties as a result of Columbia Gas' activities, are recoverable by express agreement between the parties. Further, this interpretation of the Lillian Alexander Grant and obligation to remit attorney's fees has been expressly stated to Responding Defendants by Columbia Gas' Right of Way agent. *Declaration of Lewis Perry, ¶ 15; Declaration of Edward R. Mateo ¶ 20; Declaration of Adam Doran, ¶ 20; Declaration of Richard Delisi, ¶ 14.*

## CONCLUSION

For the reasons above stated, and upon review of the facts and pertinent case law, there is no genuine issue as to any material fact. Responding Defendants are entitled to judgment as a matter of law by reason that the rights provided to Columbia Gas contained in the Lillian Alexander Grant have been established by use from the inception of the Lillian Alexander Grant to this date and are the recognized dimensions in existence on or about December 1997. Further, pursuant to express agreement between the parties contained in the Lillian Alexander Grant, Responding Defendants are entitled to damages, costs, expenses, and attorneys fees.

Dated: May 13, 2008

Respectfully submitted,

ZRAICK, NAHAS & RICH

By: /s/ Stuart E. Nahas
    Stuart E. Nahas, Esq. (SN-8206)
    303 Fifth Avenue
    New York, New York 10016
    (212) 686-0855
Attorneys for Defendants and Counter-Claimants Lewis Perry, Yolanda Perry, Alexander Road Association, Inc., Edward R. Mateo, Rosann P. Mateo, Adam Doran, Nicole Doran, Credence Development, Inc. and Richard Delisi

*Sen/2007-16/Memorandum of Law in Support of Motion for Summary Judgment*