UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

COLUMBIA GAS TRANSMISSION CORPORATION,

*Plaintiff,*

-*against*-

LEWIS PERRY, YOLANDA PERRY, ALEXANDER ROAD ASSOCIATION, INC., ANTHONY VULPONE, ESTATE OF ANTHONY VULPONE, ROBERT ANTALOCY, THOMAS HARRIS, DOLORES A. KORZ, JOHN P. KILDUFF, KENNETH LEE d/b/a "I CAN GET IT FOR YOU WHOLESALE", SALLIE E. HARMON, PAUL RUGGERIO, MICHELLE RUGGERIO, TERRANCE DONNARY, ANDREW PERNA, KAREN PERNA, ROBERT McMAHON, CARL McMAHON, KELVIN M. LEWIS, MARCHELLE KIRBY, JHON GORDON, RUTH MONROE, EDWARD R. MATEO, ROSANN P. MATEO, ADAM DORAN, NICOLE DORAN, CREDENCE DEVELOPMENT, INC., RICHARD DELISI, ADELAIDE FAULKNER, PAUL ESPEL, CAROL ESPEL, DAWN FORNOFF, RICHARD BURTON, GARY MARINA, and JOHN DOE NO. "1" through "10", inclusive, the names of the last ten defendants being ficticous, the true names being unknown to plaintiff, the parties intended being those having an ownership interest in property effected by a certain easement described in the complaint,

*Defendants.*

---------------------------------------------------------------------x

Civil Action No.:
07-CV-5739 (KMK)

ECF CASE

**DECLARATION OF EDWARD R. MATEO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

I, Edward R. Mateo, being duly sworn, depose and say:

1. I am a named Defendant in the above referenced matter. I am fully familiar with the facts set forth herein and submit this declaration pursuant to 28 U.S.C. § 1746 in support of the Motion for Summary Judgment made by Defendants Lewis Perry and Yolanda Perry (the "Perrys"), Alexander Road Association, Inc. ("ARA"), Edward R. Mateo and Rosann P. Mateo (the "Mateos"), Adam Doran and Nicole

Doran (the "Dorans"), Credence Development, Inc. ("Credence") and Richard Delisi ("Delisi") (collectively the "Responding Defendants").

2. On December 31, 1991 I, along with my wife Rosann P. Mateo, contracted to purchase the real property located at Section 60, Block 3, Lot 4 in the Town of Warwick, County of Orange and commonly known as 144 Alexander Road, Monroe, New York.

3. On September 17, 1996, Credence Development, Inc, a domestic corporation of which I am the sole shareholder, purchased the real property located at Section 60, Block 3, Lot 2 and on December 17, 2001 purchased the real property located at Section 60, Block 3, Lot 3 in the Town of Warwick, County of Orange; the said lots 2 and 3 are commonly known as 136 Alexander Road, Monroe, New York.

4. As part of my purchase of the property located at 144 Alexander Road, I became aware via the title report of the Lillian Alexander Grant, recorded in 1949, from Lillian Alexander to Home Gas Company ("Lillian Alexander Grant"), the predecessor in interest to Columbia Gas Company ("Columbia Gas").

5. I am in the construction profession and, in particular, the construction of homes. As it was my intent to construct a new home at 144 Alexander Road, the Lillian Alexander Grant, and any rights provided by the same, were of particular interest to me at the time of purchase.

6. Prior to the closing on the purchase of 144 Alexander Road, I, at the recommendation of counsel, reviewed the Lillian Alexander Grant and current survey of the property I was about to purchase. Upon review of the language contained in the Lillian Alexander Grant and the survey of the premises, I believe the following to be true:

A. The Lillian Alexander Grant, and the rights provided Columbia Gas, would not diminish my use of the property. In fact, the Lillian Alexander Grant contains language guaranteeing the Grantee the right to "fully enjoy" the land with no restrictions concerning occupancy of the premises;

B. If Grantee's rights were to be abridged, the Lillian Alexander Grant provided that Grantor, now Columbia Gas, would compensate Grantee for any damages "real or personal" as a result of their activities;

C. Should Grantor decide to lay a second or larger pipe, compensation for any damage "would also be paid by the company";

D. In lieu of any vendor's lien, Grantee agreed in the Lillian Alexander Grant to accept Grantor's obligation to pay any consideration in addition to the consideration already paid;

E. Grantor was required, at "any future time" to make repairs as necessary at driveway crossings;

F. Pursuant to the plain language of the Lillian Alexander Grant, "no other statements verbal or written have been made modifying, adding to or changing the terms of said original right-of-way"; and

G. The original survey provided by the seller of 144 Alexander Road (a copy of which is attached to this Declaration as Exhibit "A") had no defined dimension of the easement but rather demonstrated only an approximate route of the pipeline.

7. With the above understanding of the Lillian Alexander Grant, my wife and I purchased the property located at 144 Alexander Road on April 21, 1992 in a corporate capacity. Subsequently, on or about July 2, 2005, I and my wife took title to this property individually.

8. Prior to my purchase and during the application process to build my new home at 144 Alexander Road, the Town of Warwick requested I inform Columbia Gas of my intentions. I agreed with this idea, as the same would identify if Columbia Gas had any issue with my construction as the same would apply to its understanding of its rights granted under the Lillian Alexander Grant and provide Columbia Gas an opportunity to raise such issues, if any, before I commenced construction. As understood at that time, any applicable Federal or State safety issues, (i.e. buffers or clearances) would apply to both Grantor and Grantee equally and have no bearing relative to the Lillian Alexander Grant unless these issues would cause either party to abandon their interests in the property. Columbia Gas, under the Lillian Alexander Grant, was bound to guarantee my right to fully enjoy my property. Further, pursuant to my understanding of the Lillian Alexander Grant, the only issue incident to our property development was Columbia Gas' permission to physically cross its

pipeline with our soil line, which was a prerequisite for our construction and anticipated use and enjoyment of this particular property.

9. On February 14, 1992 I contacted Columbia Gas and provided it with a copy of my plot plan. The plot plan (a copy of which is attached to this Declaration as Exhibit "B" and referred to as the "Plot Plan") indicated my intention to build my home twenty-five (25) feet from the existing pipeline, with parts of my septic system transversing directly over the pipeline itself, and the septic absorption field for same within 23 feet of the existing pipeline.

At the time I drew the Plot Plan, I was aware of Columbia Gas' stated construction/safety guidelines (a copy of which is attached to this Declaration as Exhibit "C") which suggest a twenty-five foot buffer from the existing pipeline to the above ground construction. I understood the dimension of twenty-five feet to be a buffer established by the Federal Energy Regulatory Commission ("FERC") to ensure the safety of the owner, not as a line intended to define Columbia Gas' easement. Knowing that Columbia Gas' rights under the Lillian Alexander Grant did not specifically provide a defined area, I drew the proposed house foundation within the specific construction/safety guidelines and stated my intention to establish my soil line, septic absorption field and driveway within the suggested clearance area.

10. On or about April 3, 1992 Columbia Gas responded, stating that Columbia Gas did not object to my Plot Plan. As such, and with written confirmation that my anticipated construction was within my right as property owner and did not infringe

upon Columbia Gas' rights provided under the Lillian Alexander Grant, I began and subsequently completed the construction of my home. A copy of Columbia Gas' correspondence is attached to this Declaration as Exhibit "D".

11. My and my wife's ownership of our property has always been burdened by this grant. We have been aware of the Lillian Alexander Grant since we purchased the property at 144 Alexander Road.

12. However, from the inception of my ownership of 144 Alexander Road, the dimension of the easement granted Columbia Gas has never been an issue. At the time of my purchase, the entire lot was overgrown with brush saplings and mature trees. There was evidence of an earlier clearing which had since re-grown. As part of the construction of my home, my wife and I "cleared" the property which did not maintain a defined route or area denoting Columbia Gas' pipeline. Subsequent to my purchase and construction of my home at 144 Alexander Road, Columbia Gas has never maintained any recognized easement area for use and has never taken more area or used less area.

13. I have never seen documentation supporting the position that the Lillian Alexander Grant provided a defined easement; in fact, as was evident in the survey I reviewed prior to my purchase, the easement, although recognized, is not defined.

14. I have never received notification prior to this matter, be it verbal or in writing, that Columbia Gas maintained a right over any additional portion of my property other than that which was, and has been, continuously used by Columbia Gas and its predecessor, Home Gas Company.

15. In particular, as the same affects my property at 144 Alexander Road, the easement area runs the entire length of my property, diagonally from one corner, through the center of my property, to the opposite corner. I have measured, at various points, the easement area used over time by Columbia Gas: the easement area measures <u>eleven (11) inches</u> in width (the pipeline itself); however, during times of construction Columbia Gas has used approximately fifteen (15) to twenty-five (25) feet in total width for the length of the easement. These are the only dimensions defined by Columbia Gas' use of the easement from the inception of my ownership of my property to the present date.

16. In regard to 136 Alexander Road, the property and home owned by Credence Development, Inc., of which I am the sole shareholder, the existing pipeline is at least twenty-five (25) feet from my property line at the nearest point. These dimensions have not changed from the inception of my ownership of my property to the present date.

17. The impact of the approximately one hundred and seventy five (175) feet of existing pipeline across my property at 144 Alexander Road has always been the

same; it has affected the value of my property, prohibited my use and/or development of my property, as well as created safety and environmental concerns.

NEVER

18. Consistently throughout the ownership of my propertv Columbia Gas has maintained this easement area. The only notic Gas that I received did not question easement anticipated gas ventilations, surveys a s to protect the pipeline.

WE DISCUSSED THIS CHANGE IN YOUR OFFICE.

19. In particular, Columb nstall the aforementioned cathodic prote n aged section of pipeline spanning the . instances, the already existing dimensions of the pipe, nbia Gas' use of the same, remained unchanged.

20. The first time I became aware of any claim that the easement which burdens my property was "defined" was on or about November 7, 1997 when the same was asserted by Mr. Banach, Operations Supervisor for Columbia Gas, to be fifty (50) feet. Subsequently, on November 21, 2006 I, along with counsel, met with Mr. Geltman to discuss the Millennium Pipeline Project and how the same would affect my property. Mr. Geltman stated that pursuant to the Lillian Alexander Grant Columbia Gas was granted a fifty (50) foot right of way affecting my property and across Alexander Road. This was a complete reversal of Columbia Gas' position

concerning its easement rights prior to the Millennium Pipeline Project. At all times prior to the meetings with Mr. Banach and Mr. Geltman, Columbia Gas had always expressed concern for our use and enjoyment of our property and never stated that the suggested construction/safety guidelines for property use actually granted Columbia Gas property rights! I was further informed by Mr. Geltman that: Columbia Gas would asset these rights despite claims to the contrary; Columbia Gas would not be required to subject its plan for construction to local municipal review and; property owners such as I could not review, advise or in any other fashion affect Columbia Gas' planned construction. Further, I would not be provided a detailed plot plan describing the metes and bounds of the planned construction; rather, I was given an aerial rendering which contained raw delineation over my property. Consequently, I have no clear description of the Millennium Pipeline Project's affect upon my property. Mr. Geltman, however, went on to say that Columbia Gas would remain responsible pursuant to the Lillian Alexander Grant to reimburse me any legal fees, should they arise.

21. I expressed my belief at this meeting that Mr. Geltman and Columbia Gas were wrong in their assertion, and that the Lillian Alexander Grant did not convey rights of specified dimension.

22. These statements from Mr. Banach and Mr. Geltman concerning Columbia Gas' belief that it maintained a fifty (50) foot easement right and its anticipated damage and disruption to my property came as a complete shock to my wife and me.

Not only was such a position contrary to the consistent use and interpretation of the easement by Columbia Gas since I first purchased my property and constructed my home at 144 Alexander Road, the anticipated activity and temporary construction area would require the demolition of my home, create a large area on my property that is not only unsightly but unsafe with large hazardous equipment and open trenches. A larger swath of barren area would now become a permanent part of my property.

23. The statements of Mssrs. Banach and Geltman contradict those made by Mr. Humphreys, a site inspector for Columbia Gas, who met with me and other property owners affected by the Millennium Pipeline Project on August 1, 2007. In discussing the impact of the planned development, Mr. Humphreys clearly indicated that, due to the topography and location of residences, the "required" fifty (50) feet of easement would, or could, be less than fifty (50) feet. Mr. Humphrey further indicated that Columbia Gas would assess the "physical" realities of its project and, in particular, whether Columbia Gas could "burrow" underneath my property. Immediately subsequent to this meeting with Mr. Humphreys, Columbia Gas engineers investigated my property and advised me that indeed they would burrow under my property instead of implementing its originally anticipated "lift and lay" plan for removal and installation of pipe.

24. It is my belief that Columbia Gas asserts that it has an easement right of fifty (50) feet to comply with the FERC approval of the Millennium Pipeline Project,

although such assertion is contrary to the Lillian Alexander Grant and inconsistent with Columbia Gas' use of its easement rights and my use of my property since I acquired my property.

25. For years my wife and I adjusted to and accepted the fact that our property at 144 Alexander Road was burdened by a pipeline carrying volatile natural gas a few feet below the surface of the ground. Now it is Columbia Gas' intent to increase the scale of this concern many times over! It is for this reason that, through Credence Development, Inc., I purchased the property located at 136 Alexander Road, which has no recorded easement granted to Columbia Gas and built another home (at a greater distance from the existing pipeline). We have learned to live with our original concerns over the pipeline yet use and enjoy all that our property has to offer us, as the dimensions of this easement, its risks and detriment, have never changed. Now, with a change in position by Columbia Gas asserting that it has rights over more area of my property and plans to install a 30 inch additional pipeline, my wife and I not only have property taken from us but are given more concern and have suffered in our ability to rent or sell our original home at 144 Alexander Road which lies immediately adjacent to the existing pipeline. In fact, 70 Alexander Road, which is the property immediately adjacent to 144 Alexander Road and having a dwelling similarly situated relative to the existing pipeline, had until recently been listed for sale unsuccessfully for almost two (2) years, It is now under contract for a fraction of its most recent list price and remains vacant.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 12th day of May 2008.

Edward R. Mateo

Sworn to before me this 12th
day of May 2008

Notary Public

STUART NAHAS
Notary Public, State of New York
No. 02NA5026737
Qualified in New York County
Commission Expires April 25, 19 2010

*Sen/2007-16/Declaration of Edward R. Mateo in Support of Motion for Summary Judgment*

NOTICE OF ENTRY

PLEASE take notice that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on

Dated,

Yours, etc.

**ZRAICK, NAHAS & RICH**
*Attorney(s) for*

*Office and Post Office Address*
303 FIFTH AVENUE
BOROUGH OF MANHATTAN NEW YORK, N.Y. 10016

To

Attorney(s) for

NOTICE OF SETTLEMENT

PLEASE take notice that an order

of which the within is a true copy will be presented for settlement to the Hon.

one of the judges of the within named Court, at

on
at M.
Dated,

Yours, etc.

**ZRAICK, NAHAS & RICH**
*Attorney(s) for*

*Office and Post Office Address*
303 FIFTH AVENUE
BOROUGH OF MANHATTAN NEW YORK, N.Y. 10016

To

Attorney(s) for

Civil Action No.: 07-CV-5739 (KMK)
Index No. Year

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COLUMBIA GAS TRANSMISSION CORPORATION,

Plaintiff,

-against-

LEWIS PERRY, et. al.

Defendants.

DECLARATION OF
EDWARD R. MATEO IN
SUPPORT OF MOTION
FOR SUMMARY JUDGMENT

Signature (Rule 130-1.1-a)

Print name beneath

**ZRAICK, NAHAS & RICH**
*Attorney(s) for* Defendants

*Office and Post Office Address, Telephone*
303 FIFTH AVENUE
BOROUGH OF MANHATTAN NEW YORK, N.Y. 10016
MURRAY HILL 6-0855

To

Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated,

..........................................

Attorney(s) for