UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---x

COLUMBIA GAS TRANSMISSION CORPORATION,

*Plaintiff,*

*-against-*

LEWIS PERRY, YOLANDA PERRY, ALEXANDER ROAD ASSOCIATION, INC., ANTHONY VULPONE, ESTATE OF ANTHONY VULPONE, ROBERT ANTALOCY, THOMAS HARRIS, DOLORES A. KORZ, JOHN P. KILDUFF, KENNETH LEE d/b/a "I CAN GET IT FOR YOU WHOLESALE", SALLIE E. HARMON, PAUL RUGGERIO, MICHELLE RUGGERIO, TERRANCE DONNARY, ANDREW PERNA, KAREN PERNA, ROBERT McMAHON, CARL McMAHON, KELVIN M. LEWIS, MARCHELLE KIRBY, JHON GORDON, RUTH MONROE, EDWARD R. MATEO, ROSANN P. MATEO, ADAM DORAN, NICOLE DORAN, CREDENCE DEVELOPMENT, INC., RICHARD DELISI, ADELAIDE FAULKNER, PAUL ESPEL, CAROL ESPEL, DAWN FORNOFF, RICHARD BURTON, GARY MARINA, and JOHN DOE NO. "1" through "10", inclusive, the names of the last ten defendants being ficticous, the true names being unknown to plaintiff, the parties intended being those having an ownership interest in property effected by a certain easement described in the complaint,

*Defendants.*

---x

Civil Action No.:
07-CV-5739 (KMK)

ECF CASE

**DECLARATION OF RICHARD DELISI IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

I, Richard Delisi, being duly sworn, depose and say:

1. I am a named Defendant in the above referenced matter. I am fully familiar with the facts set forth herein and submit this declaration pursuant to 28 U.S.C. § 1746 in support of the Motion for Summary Judgment made by Defendants Lewis Perry and Yolanda Perry (the "Perrys"), Alexander Road Association, Inc. ("ARA"), Edward R. Mateo and Rosann P. Mateo (the "Mateos"), Adam Doran and Nicole

Doran (the "Dorans"), Credence Development, Inc. ("Credence") and Richard Delisi ("Delisi") (collectively the "Responding Defendants").

2. On May 22, 2006 1, along with my wife Carla, purchased the real property located at Section 58, Block 2, Lot 29 in the Town of Warwick, County of Orange and commonly known as 155 Alexander Road, Monroe, New York.

3. Attached to this Declaration as Exhibit "A" is a true and correct copy of the title policy from Old Republic National Title Insurance Company which pertains to my purchase transaction.

4. Although my title policy does not specifically except the 1949 Lillian Alexander Grant from Lillian Alexander to Home Gas Company, the predecessor in interest to Columbia Gas Company ("Columbia Gas"), and the Lillian Alexander Grant is not reflected on my survey, it is referenced on a land map attached to the report.

5. My ownership of my property, and subsequently that of my wife, has always been burdened by this grant, which I was aware of when I first purchased the property at 155 Alexander Road.

6. From the inception of my ownership of 155 Alexander Road the dimension of the easement granted to Home Gas Company has never been specified in writing, but

such has never been an issue until now. Home Gas Company and its successor, Columbia Gas, cleared the easement area of trees, maintained the easement area for use and have never taken more area or used less area.

7. I have never seen documentation supporting the position that the Lillian Alexander Grant provides a defined easement. Throughout my ownership of my property the easement has been recognized but not defined by any writing. Rather, the scope of the easement has always been defined by use.

8. I have never received notification prior to this matter, be it verbal or in writing, that Columbia Gas maintained a right over any additional portion of my property other than that which was, and has been, continuously used by Columbia Gas and its predecessor, Home Gas Company.

9. In particular, as the same affects my property at 155 Alexander Road, the easement area runs along approximately 400 feet of my property line at the northern end. I have measured, at various points, the easement area used over time by Columbia Gas: the easement area measures 14.5 feet, 17.5 feet at three separate locations, 21 feet and 24.5 feet at its widest (where Trout Brook crosses the property line) for an average of 19 feet along my property line. These dimensions are the area of the easement defined by my use and that of Columbia Gas from the inception of my ownership of my property to the present date.

10. The impact of the approximately 19 feet of cleared easement area along my property line has always been the same: it has affected the value of my property, prohibited my use and/or development of my property, as well as created safety, ecological and environmental concerns. In particular, my surrounding property is undeveloped forest, which I and my wife use and enjoy for walks and for view of the inherent wildlife that reside on my property.

11. Consistently throughout my ownership of my property Columbia Gas has maintained this recognized easement area. The only notices from Columbia Gas that I have ever received did not pertain easement dimension but rather anticipated gas ventilations, surveys, installation of cathodic protection cables to protect the pipeline and the installation of a pumping device.

12. Although I was aware of the Millennium Pipeline Project since 2006, the first time I became aware of the claim that the easement which burdens my property was "defined" was on January 19, 2007 when Mr. Ken Geltman, Right of Way Agent for Columbia Gas met with me and other members of the Alexander Road Association (ARA) and he asserted the easement to be fifty (50) feet. Mr. Geltman stated that Columbia Gas was granted a fifty (50) foot right of way affecting my property and across Alexander Road by the Lillian Alexander Grant.

13. I, along with everyone else present at this meeting, expressed our belief that Mr. Geltman and Columbia Gas were wrong in their assertion, and that the Lillian

Alexander Grant did not convey rights of a specific dimension. I was told by Mr. Geltman that Columbia Gas disagreed, and would enforce its rights, although I would be compensated for stumpage for trees removed from my property. I was further informed by Mr. Geltman that Columbia Gas' removal of the forest in the additional claimed 25 feet of easement would "benefit" me by reducing the amount of bugs or mosquitoes in and around that area. I was told this affected area of my property would be re-seeded but that no removed trees would be replaced and that all affected property owners would be compensated for temporary construction licenses. Finally, I was informed that road crossings on Alexander Road would be restored to previous or better condition by Columbia Gas.

14. When asked who would bear the costs of the damages contemplated by Columbia Gas' anticipated activity and any legal fees resultant therefrom, Mr. Geltman stated that Columbia Gas, pursuant to the Lillian Alexander Grant, would bear all legal fees incurred.

15. These statements by Mr. Geltman concerning Columbia Gas' belief that it maintained a fifty (50) foot easement right and its anticipated damage and disruption to my property came as a complete shock to my wife and me. Not only was such a position contrary to the consistent use and interpretation of the easement by Columbia Gas since I first purchased my property, the anticipated activity and temporary construction area would create a large intrusion on my property that is not only unsightly but unsafe with large hazardous equipment and open trenches. A

larger swath of area barren of trees would now become a permanent part of my property. If, in their work, Columbia Gas does not remove their current A-5 pipeline but rather leaves the same, my property may now have increased environmental concerns.

16. The statements of Mr. Geltman contradicted those made by Mr. Humphreys, a site inspector for Columbia Gas, who met with me and other property owners affected by the Millennium Pipeline Project on August 1, 2007. In discussing the impact of the planned development, Mr. Humphreys clearly indicated that, due to the topography and location of residences, the "required" fifty (50) feet of easement would, or could, be less than fifty (50) feet.

17. It is my belief that Columbia Gas asserts that it has an easement right of fifty (50) feet to comply with the Federal Energy Regulatory Commission ("FERC") approval of the Millennium Pipeline Project, although such assertion is contrary to the Lillian Alexander Grant and inconsistent with Columbia Gas' use of its easement rights and my use of my property since I acquired my property.

18. I (and my wife) have adjusted to and accepted the fact that our property was burdened by a 12 inch pipeline carrying volatile natural gas a few feet below the surface of the ground. We have learned to live with the same yet use and enjoy all that our property has to offer us, as the dimensions of this easement, its risks and detriment, have never changed. Now, with Columbia Gas asserting that it has rights

over substantially more area of my property and with its plans to install a 30 inch additional pipeline, my wife and I not only have property taken from us but are given more concern. Trout Brook, which intersects the pipeline, will be interrupted or diverted thus impacting topography; clearing will cause soil erosion on inclines due to uninterrupted water run-off and the unpaved portion of Alexander Road will have an even greater drainage problem. Further, as parents of small children, my wife and I are greatly concerned for their safety as Columbia Gas opens trenches and maintains large hazardous equipment on my property.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 12th day of May 2008.

Richard Delisi

Sworn to before me this 12th
day of May 2008

Notary Public

STUART NAHAS
Notary Public, State of New York
No. 02NA5026737
Qualified in New York County
Commission Expires April 25, 19 2010

*Sen/2007-16/Declaration of Richard Delisi in Support of Motion for Summary Judgment*

NOTICE OF ENTRY

PLEASE take notice that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on

Dated,

Yours, etc.

**ZRAICK, NAHAS & RICH**

*Attorney(s) for*

*Office and Post Office Address*
303 FIFTH AVENUE
BOROUGH OF MANHATTAN NEW YORK, N.Y. 10016

To

Attorney(s) for

NOTICE OF SETTLEMENT

PLEASE take notice that an order

of which the within is a true copy will be presented for settlement to the Hon.

one of the judges of the within named Court, at

on
at M.
Dated,

Yours, etc.

**ZRAICK, NAHAS & RICH**

*Attorney(s) for*

*Office and Post Office Address*
303 FIFTH AVENUE
BOROUGH OF MANHATTAN NEW YORK, N.Y. 10016

To

Attorney(s) for

Civil Action No.: 07-CV-5739 (KMK)

Index No. Year

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COLUMBIS GAS TRANSMISSION CORPORATION,

Plaintiff,

-against-

LEWIS PERRY, et. al.

Defendants.

DECLARATION OF
RICHARD DELISI IN
IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT

Signature (Rule 130-1.1-a)

Print name beneath

**ZRAICK, NAHAS & RICH**

*Attorney(s) for* Defendants

*Office and Post Office Address, Telephone*
303 FIFTH AVENUE
BOROUGH OF MANHATTAN NEW YORK, N.Y. 10016
MURRAY HILL 6-0855

To

Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated,

..............................................

Attorney(s) for