UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
COLUMBIA GAS TRANSMISSION CORPORATION,

                       *Plaintiff*,        Civil Action No.:
                                         07-CV-5739 (KMK)

          -*against*-                       ECF CASE

LEWIS PERRY, YOLANDA PERRY, ALEXANDER
ROAD ASSOCIATION, INC., ANTHONY VULPONE,
ESTATE OF ANTHONY VULPONE, ROBERT       DEFENDANTS'
ANTALOCY, THOMAS HARRIS, DOLORES            STATEMENT PURSUANT
A. KORZ, JOHN P. KILDUFF, KENNETH LEE d/b/a   TO LOCAL CIVIL RULE
"I CAN GET IT FOR YOU WHOLESALE", SALLIE    56.1
E. HARMON, PAUL RUGGERIO, MICHELLE
RUGGERIO, TERRANCE DONNARY, ANDREW PERNA,
KAREN PERNA, ROBERT McMAHON, CARL McMAHON,
KELVIN M. LEWIS, MARCHELLE KIRBY, JHON
GORDON, RUTH MONROE, EDWARD R. MATEO,
ROSANN P. MATEO, ADAM DORAN, NICOLE DORAN,
CREDENCE DEVELOPMENT, INC., RICHARD DELISI,
ADELAIDE FAULKNER, PAUL ESPEL, CAROL ESPEL,
DAWN FORNOFF, RICHARD BURTON, GARY MARINA,
and JOHN DOE NO. "1" through "10", inclusive, the names
of the last ten defendants being ficticous, the true names
being unknown to plaintiff, the parties intended being
those having an ownership interest in property effected
by a certain easement described in the complaint,

                               *Defendants*.
-------------------------------------------------------------------------x

        Defendants Lewis Perry and Yolanda Perry, Alexander Road Association, Inc., Edward R. Mateo and Rosann P. Mateo, Adam Doran and Nicole Doran, Credence Development, Inc. and Richard Delisi (collectively the "Responding Defendants"), pursuant to Local Civil Rule 56.1(a), submit the following statement of material facts as to which they contend there is no genuine issue to be tried:

1.  On or about July 9, 1949, Lillian A. Alexander granted an easement to Home Gas Company for "right of ingress, egress and regress to and from the above described lands, together with the right to maintain, operate, repair, and remove its existing pipe lines for the transportation of gas on said land" with specific rights reserved for Grantor's use and for Grantee to compensate Grantor and/or her successors and assigns for "any damages, both real and personal, which may arise…" (referred to hereinafter as the "Lillian Alexander Grant"). See *Plaintiff's Complaint, ¶ 34; Plaintiff's Complaint, Exhibit "A"*.

2.  The Lillian Alexander Grant contains specific provisions including, but not limited to, the location of the pipeline, driveway repair and compensation for timber. *See Plaintiff's Complaint, Exhibit "A"*.

3.  The Lillian Alexander Grant does not define the extent of the easement either in metes and bounds, or in square footage, along and adjacent to the pipeline. *See Plaintiff's Complaint, Exhibit "A", Plaintiff's Complaint, ¶ 46; Defendants' Answer and Counter-Claim, ¶ 46.*

4.  Ms. Alexander's property was subdivided and sold; in particular, the pipeline laid pursuant to the Lillian Alexander Grant is in part of certain Responding Defendants' properties. *See Plaintiff's Complaint, ¶ 37, Declaration of Lewis Perry, ¶¶ 5, 14; Declaration of Edward R. Mateo ¶¶ 11, 16, 21; Declaration of Adam Doran, ¶ 5; Declaration of Richard Delisi, ¶¶ 5, 13.*

5.   From 1975 to date, Greenwood Lakes Acres Association and thereafter Alexander Road Association have maintained an open, notorious and hostile ownership interest to and of Alexander Road which has been expressly recognized by Columbia Gas and is without claim to the contrary from the Town of Warwick or any other entity in interest. *Declaration of Lewis Perry, ¶ 23.*

6.   Each individual Responding Defendant was approached by Ken Geltman, Right of Way agent for Columbia Gas, asserting that Columbia Gas claimed the Lillian Alexander Grant provided to Columbia Gas a twenty-five (25) foot right of way that runs with the land along both sides of the existing pipeline, for a total easement of fifty (50) feet in width for the length of the existing pipeline. *See Declaration of Lewis Perry, ¶ 13; Declaration of Edward R. Mateo ¶ 20; Declaration of Adam Doran, ¶ 10; Declaration of Richard Delisi, ¶ 12.*

7.   Columbia Gas has asserted that inherent to its rights is an additional "right of way" grant expanding its easement to Seventy-Five (75) to One Hundred and Fifty (150) feet in total width during times of construction and the performance of major work. *Declaration of Lewis Perry, ¶ 13; Declaration of Edward R. Mateo ¶ 20; Declaration of Adam Doran, ¶ 10; Declaration of Richard Delisi, ¶ 12.*

8.   Columbia Gas has asserted that pursuant to the Lillian Alexander Grant Responding Defendants would be compensated for any lost timber, attorney's fees and any incurred costs. *Declaration of Lewis Perry, ¶¶ 14, 15; Declaration of*

3

*Edward R. Mateo ¶ 20; Declaration of Adam Doran, ¶ 20; Declaration of Richard Delisi, ¶¶ 13, 14.*

Dated: May 13, 2008

Respectfully submitted,

ZRAICK, NAHAS & RICH

By: /s/ Stuart E. Nahas
    Stuart E. Nahas, Esq. (SN-8206)
    303 Fifth Avenue
    New York, New York 10016
    (212) 686-0855
Attorneys for Defendants and Counter-Claimants Lewis Perry, Yolanda Perry, Alexander Road Association, Inc., Edward R. Mateo, Rosann P. Mateo, Adam Doran, Nicole Doran, Credence Development, Inc. and Richard Delisi

*Sen/2007-16/Statement pursuant to Local Rule 56.1*