UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION CORPORATION, : <br> : <br> Plaintiff, : <br> : <br> - against - : <br> : <br> LEWIS PERRY, YOLANDA PERRY, ALEXANDER ROAD ASSOCIATION, INC., : <br> ANTHONY VULPONE, ESTATE OF ANTHONY VULPONE, ROBERT ANTALOCY, : <br> THOMAS HARRIS, DOLORES A. KORZ, JOHN P. KILDUFF, KENNETH LEE d/b/a : <br> "I CAN GET IT FOR YOU WHOLESALE", SALLIE E. HARMON, PAUL RUGGIERO, : <br> MICHELLE RUGGIERO, TERRANCE DONNARY, ANDREW PERNA, KAREN : <br> PERNA, ROBERT McMAHON, CARL McMAHON, KELVIN M. LEWIS, MARCHELLE : <br> KIRBY, JHON GORDON, RUTH MONROE, EDWARD R. MATEO, ROSANN P. MATEO, : <br> ADAM DORAN, NICOLE DORAN, CREDENCE DEVELOPMENT INC., RICHARD DELISI, : <br> ADELAIDE FAULKNER, PAUL ESPEL, CAROL ESPEL, DAWN FORNOFF, RICHARD : <br> BURTON, GARY MARINA, and JOHN DOE NO. "1" through "10" inclusive, the names of the : <br> last ten defendants being ficticous, the true names being unknown to plaintiff, the parties intended : <br> being those having an ownership interest in property effected by a certain easement described : <br> in the complaint, <br> : <br> Defendants. : | Civil Action No. 07 cv 5739 (KMK) <br> ECF CASE |

------------------------------------------------------------X

**PLAINTIFF COLUMBIA GAS TRANSMISSION CORPORATION'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

REED SMITH
599 Lexington Avenue
New York, New York 10022
212-521-5400

Attorneys for Plaintiff
Columbia Gas Transmission Corporation


## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................1

RELEVANT FACTUAL BACKGROUND..................................................................2

LEGAL ARGUMENT...................................................................................................5

    COLUMBIA IS ENTITLED TO JUDGMENT ON ITS CLAIM..............................5

        A.    The Determinative Test is What Is Reasonable And Necessary..................6

        B.    Fifty Feet Is What Is Reasonable And Necessary.........................................7

CONCLUSION..............................................................................................................9

## Table of Authorities

### Cases

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986) .............. 5

*Celotex Corp. v. Catrett*, 477 U.S. 317, 196 S. Ct. 2548, 91 L.Ed.2d 265 (1986) ........................ 5

*Columbia Gas Transmission Corporation v. Adams,* 68 Ohio Misc.2d 29,
  646 N.E.2d 923 (Ohio Ct. Com.Pl. 1994) ................................................................. 2, 7, 8, 9

*Columbia Gas Transmission Corporation v. Burke,* 768 F.Supp. 1167
  (N.D. W.Va. 1990) ............................................................................................. 2, 7, 9

*Columbia Gas Transmission Corporation v. Large,* 63 Ohio Misc.2d 63,
  619 N.E.2d 1215 (Ohio Ct. Com.Pl. 1992) ............................................................. 2, 7, 9

*Columbia Gas Transmission Corporation v. Savage,* 863 F.Supp 198 (M.D. Pa. 1994) ... 2, 7, 8, 9

*Columbia Gas Transmission Corporation v. Tarbuck,* 845 F.Supp. 303
  (W.D. Pa. 1994) *aff'd* 62 F.3d 538 (3d Cir. 1995) .................................................... 2, 8, 9

*Del. & Hudson Railway Co. v. Consol. Rail Corp.*, 902 F.2d 174 (2d Cir. 1990) ........................ 6

*First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 88 S. Ct. 1575, 20 L.Ed.2d 569
  (1968) ....................................................................................................................... 5

*Le Sawyer v. Squillace*, 14 A.D.2d 961, 221 N.Y.S.2d 455 (3d Dep't 1961) .............................. 6

*Lund's, Inc. v. Chemical Bank*, 870 F.2d 840 (2d Cir. 1989) ......................................................... 5

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L.Ed.2d
  538 (1986) ................................................................................................................ 6

*Slamow v. Delcol*, 79 N.Y.2d 1016, 584 N.Y.S.2d 424 (1992) ................................................. 6

*Town of Ulster v. Massa*, 144 A.D.2d 726, 535 N.Y.S.2d 460 (3d Dep't 1988) ...................... 2, 6

### Rules

Fed. R. Civ. P. 56(c) ...................................................................................................... 5

### Statutes

29 CFR §§ 1926.650 *et seq.* .......................................................................................... 7

49 CFR §§ 192.601, *et seq.* .......................................................................................... 7

49 CFR §§ 192.602 *et seq.* ............................................................................................ 7

Plaintiff, Columbia Gas Transmission Corporation ("Columbia"), respectfully submits this Memorandum of Law in support of its application for Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, on its claim seeking an adjudication that the width of Columbia's easement across defendant-landowners' property is that which is reasonable and necessary to effectuate the purpose of the granted easement – which is a minimum of twenty-five feet on either side of the existing natural gas pipeline.

## PRELIMINARY STATEMENT

Columbia is a natural gas transmission corporation that transmits and stores natural gas throughout the State of New York and elsewhere. Columbia has spent considerable time and money throughout many decades acquiring easements and rights-of-way across the country. Many of its vested land rights in the State of New York date back to the late 1800s. These rights are used to build, expand, maintain and operate its natural gas pipeline network. In 1949, Columbia acquired an easement from Lillian Alexander that granted Columbia the rights, *inter alia*, to maintain, operate and replace a natural gas pipeline, as well as to lay an additional pipeline across her property – the easement is silent as to the width of this permanent right-of-way. The Lilian Alexender property subject to the granted easement was subsequently subdivided, with certain of those parcels being purchased by each defendant, including: Lewis Perry, Yolanda Perry, Alexander Road Association, Inc., Edward Mateo, Rosann Mateo, Richard Delisi, Adam Doran, Nicole Doran, and Creedence Development, Inc. ("Responding Defendants"). The Responding Defendants each purchased their properties subject to rights granted in the Alexander easement which is of record in Orange County, providing the Responding Defendants constructive notice of Columbia's dominant rights.

And while the Alexander easement is silent as to the right-of-way's width, the reasonable and necessary width for proper maintenance, operation and safety is twenty-five feet on either side of the pipeline – this is the width Columbia has maintained on the subject properties and Columbia has not permitted any alteration or intrusion into this right-of-way without its prior permission. Responding Defendants now claim that Columbia's right-of-way is not fifty-feet,

but some other dimension because this other dimension was the intended (yet unspoken and unrecorded) width at the time of the granted rights.

This position is simply untenable. When a right-of-way is undefined in its width, the width is determined to be whatever is reasonable and necessary in order to effectuate the grant of rights under the controlling instrument. *Town of Ulster v. Massa*, 144 A.D.2d 726, 535 N.Y.S.2d 460 (3d Dep't 1988). Here, the purpose of the granting instrument was to allow Columbia, *inter alia*, to lay, maintain, repair and operate a natural gas pipeline. And, as established by Columbia, fifty feet (twenty-five feet on either side of the pipeline) is the minimum of what is reasonable and necessary to effectuate this grant of rights, as well as the width needed to adequately protect Columbia's employees, the public and the Responding Defendants. *Columbia Gas Transmission Corporation v. Large*, 63 Ohio Misc.2d 63, 619 N.E.2d 1215 (Ohio Ct. Com.Pl. 1992); *Columbia Gas Transmission Corporation v. Tarbuck*, 845 F.Supp. 303 (W.D. Pa. 1994) *aff'd* 62 F.3d 538 (3d Cir. 1995); *Columbia Gas Transmission Corporation v. Adams,* 68 Ohio Misc.2d 29, 646 N.E.2d 923 (Ohio Ct. Com.Pl. 1994); *Columbia Gas Transmission Corporation v. Savage*, 863 F.Supp 198 (M.D. Pa. 1994); *Columbia Gas Transmission Corporation v. Burke*, 768 F.Supp. 1167 (N.D. W.Va. 1990).

Columbia's instant application should be granted in its entirety.

## RELEVANT FACTUAL BACKGROUND

In 1949, Home Gas Company, predecessor-in-interest to Columbia, obtained from Lillian A. Alexander, Responding Defendants' predecessor-in-interest, an easement across certain property to lay, maintain, operate, repair, change and remove a natural gas pipeline with ingress and egress to the same (the "Easement"). Declaration of Andrew G. Lake, dated May 14, 2008 ("Lake Decl.") ¶ 5; Ex. A.[1] The grant also included the right, at any time, to lay a second line upon the same terms and conditions as the initial lay. *Id.* The Easement was duly recorded

---

[1] All references to Exhibits herein are to the exhibits annexed to the accompanying declarations.

among the land records of the Office of the Orange County Clerk on August 30, 1949. *Id.* Lillian A. Alexander's property was subsequently subdivided into various plots, and the subdivisions that are subject to Columbia's Easement are owned by, among others, Responding Defendants. *Id.*.

The pipeline that Columbia operates under the rights granted in the Easement is a transmission line. Lake Decl. ¶ 6. The line transmits large volumes of natural gas across the State for ultimate consumption by residential and commercial users, and is transmitted under significant pressure. *Id.* Columbia must maintain and operate the natural gas pipeline in accordance with applicable federal and state laws and regulations, as well as other applicable safety standards, and must be able to locate and access the pipeline, to inspect the pipeline, and be able to take all steps necessary to allow early detection of leaks with the concomitant ability to take rapid corrective actions if required. Lake Decl. ¶ 7. Delays, in this regard, can result in catastrophic failures which could jeopardize public safety. *Id.*

Among other activities, Columbia personnel periodically perform a variety of tests on its natural gas pipelines and attendant facilities which require unobstructed access to its various lines. Lake Decl. ¶ 8. Operation and maintenance of a natural gas pipeline also requires United States Department of Transportation mandated inspections at specific intervals across the right-of-way by Columbia's crews and agents and, as a result, access to these right-of-ways cannot be restricted or obstructed, in any way, by the subservient landowners. *Id.* Twenty-five feet on either side of the pipeline allows Columbia crews and agents, *inter alia*, to inspect for and detect gas leaks and perform other safety related inspections. Lake Decl. ¶ 9. It also allows for normal operational and maintenance activities to be performed, while providing for safe personnel, vehicular and equipment traffic along either side of the natural gas pipeline. *Id.*

This distance also provides a sufficient perimeter of protection from unauthorized excavations, encroachments or grade manipulation around or near the pipeline that may further endanger public safety. Lake Decl. ¶ 10. If someone digs too close to the pipeline, the pipeline itself may be damaged, the excavation (or even the placement of additional fill) may sufficiently

change the grade of the land that makes location of the pipeline more difficult in case of an emergency, and hinder vehicular access to the pipeline. *Id.* Grade manipulation could also cause sink holes or landslides – both of which can cause damage to a pipeline or the protective coating which prevents pipeline corrosion. *Id.*

In order to safeguard against these and other like events, as well as comply with other applicable safety and maintenance regulations, Columbia maintains and keeps clear an approximate twenty-five (25) foot wide area on both sides of its pipeline. Lake Decl. ¶ 11. In this regard, in instances when Columbia must access its line, employees need to excavate over, around and under the pipeline – pipelines usually have 3 to 5 feet of cover. Lake Decl. ¶ 12. But when accessing a pipeline, Columbia must comply with various rules and regulations. *Id.* Specifically, in order to prevent cave-ins and ensure safe ingress and egress to the trench, trenches are sloped pursuant to a formula that takes into consideration, among other things, depth of the trench and soil type. Lake Decl. ¶ 13. Different soil types require different minimum rise-to-run ratios ranging from 1:¾ ratio to 1: 1 ½ ratio. *Id.* For example, a 30 inch pipeline with 3 1/2 feet of cover will require a 4 foot trench floor, six feet deep. Lake Decl. ¶ 14. Even at a 1:1 rise-to-run ratio, the minimum required trench opening is sixteen feet (4 foot trench bottom plus 6 feet wide sloped walls on each side of the trench). *Id.* Next, nothing is to be placed within 2 feet of the edge of the trench opening (neither spoil nor equipment) as a precaution against cave-ins leaving 15 feet within which Columbia is to work. *Id.*

The next consideration for Columbia is the spoil – which is the earth removed from the excavation site to make the trench. Lake Decl. ¶ 15. The spoil must remain within the boundaries of the right-of-way, and will occupy the other side of the trench opening. *Id.* The spoil must be piled in a certain sloped manner and Columbia may be required to segregate the top soil from the subsoil – all within the right-of-way. *Id.*

Back on the work-side of the trench, the remaining 15 feet has to accommodate a work space for employees, an equipment lane for vehicles, and if Columbia is required to perform topsoil conservation on the work-side of the pipeline, an area would have to be allocated for that

soil as well. Lake Decl. ¶ 16. Plus, if two vehicles had to pass each other, 15 feet is a very tight lane within which to do so – even without this space being limited by work area or topsoil conservation needs. *Id.*

Responding Defendants are aware that Columbia has long protected this area from any encroachments – requiring the landowners to obtain Columbia's permission before allowing any decks, fencing or other encroachments from being placed within this fifty-foot area. Lake Decl. ¶ 17. Simply put, Columbia's only interest in maintaining a 50 foot right-of-way is safety and service. Lake Decl. ¶ 18. The maintenance of a right-of-way is a cost to Columbia – there is no benefit to maintaining more than what is needed to properly and safely operate the gas pipeline. *Id.; see also* Exhibit B.

## ARGUMENT

## COLUMBIA IS ENTITLED TO JUDGMENT ON ITS CLAIM

Summary judgment should be granted when the moving party demonstrates "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *See also, Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 196 S. Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Summary judgment is appropriate when, after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, "no reasonable trier of fact could find in favor of the non-moving party." *Lund's, Inc. v. Chemical Bank*, 870 F.2d 840, 844 (2d Cir. 1989).

Once the moving party has met its initial burden of showing the lack of a genuine issue as to any material fact, the burden shifts to the non-movant to demonstrate the existence of a factual issue requiring trial. *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 290, 88 S. Ct. 1575, 1593, 20 L.Ed.2d 569, 593 (1968). There must be "more than a scintilla of evidence," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 2512, 91 L.Ed.2d 202 (1986) and "more than some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L.Ed.2d 538

(1986). Conclusory allegations will not suffice to meet this burden. *Del. & Hudson Railway Co. v. Consol. Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990).

Here, both the law and the relevant facts cannot be disputed. The long-standing test in New York for determining the width of a right-of-way when the granting document is silent as to the width granted is whatever width is reasonable and necessary to effectuate the rights granted under the easement. *Town of Ulster v. Massa*, 144 A.D.2d 726, 528, 535 N.Y.S.2d 460, 461 (3d Dep't 1988). And in this regard, the undisputed facts demonstrate that fifty feet (twenty-five feet on either side of the pipeline) is what is reasonable and necessary to properly and safely operate and maintain a natural gas pipeline.

A.      **The Determinative Test is What Is Reasonable And Necessary**

The Easement, which predates Responding Defendants' purchases of their respective properties, grants Columbia and its assigns the legal "right and privilege to lay, maintain, operate, repair, change and remove" a natural gas pipeline across Responding Defendants' properties. *See* Exhibit A. The Easement also grants Columbia the express right to lay a second line. *Id.* And there is no greater indicator of the rights conveyed and intentions of the parties to an agreement than the agreement itself. *Slamow v. Delcol*, 79 N.Y.2d 1016, 584 N.Y.S.2d 424, 425 (1992)("The best evidence of what parties to a written agreement intend is what they say in their writing.") Here, the intentions of the parties and grant of rights are clear: Columbia has the rights, *inter alia*, to maintain and operate a natural gas pipeline. And since the Easement is silent as to the width of the right-of-way granted under its terms, it has long been held in this State that the width of such an easement is determined by what is reasonable and necessary to effectuate the purpose and intentions of the granted rights. *See Town of Ulster v. Massa*, 144 A.D.2d 726, 535 N.Y.S.2d 460 (3d Dep't 1988); *Le Sawyer v. Squillace*, 14 A.D.2d 961, 221 N.Y.S.2d 455 (3d Dep't 1961).

This legal analysis is not unique to the State of New York. Indeed, many other jurisdictions, when faced with an easement that does not define the width of the right-of-way

-6-

granted, also apply this "reasonable and necessary" test determine an undefined width. *See e.g. Columbia Gas Transmission Corporation v. Adams,* 68 Ohio Misc.2d 29, 646 N.E.2d 923 (Ohio Ct.Com.Pl. 1994) (Ohio law); *Columbia Gas Transmission Corporation v. Savage*, 863 F.Supp 198 (M.D. Pa. 1994) (Pennsylvania law); *Columbia Gas Transmission Corporation v. Burke*, 768 F.Supp. 1167 (N.D.W.Va. 1990) (West Virginia law).

B.     **Fifty Feet Is What Is Reasonable And Necessary**

As more fully detailed in the accompanying Lake Declaration, a width of fifty feet for the permanent right-of-way under the Easement is what is reasonable and necessary to effectuate the rights granted to Columbia pursuant to the Easement. Indeed, safety is the paramount reason for the fifty-foot distance: safety of Responding Defendants, Columbia's employees and the public at large. Lake Decl. ¶18. This distance ensures the space necessary to safely operate and maintain the pipeline – allowing for proper and adequate work space. Lack Decl. ¶¶ 3, 7-18; *See e.g.* 29 CFR §§ 1926.650 *et seq.*; 49 CFR §§ 192.601, *et seq.*; 49 CFR §§ 192.602 *et seq.* This distance also prevents encroachments that could jeopardize the integrity of the pipeline, Columbia's ability to detect any leaks, as well as the migration of gas in case of any leaks. Lake Decl. ¶¶ 7-11. And from a practical stand point, a fifty-foot right-of-way is not excessive, but quite restrictive in scope. Lake Decl. ¶¶ 12-17; *see* Exhibit B. In fact, maintenance of a right-of-way is a cost to Columbia – Columbia gains no benefit from it to protecting more than it has to. Lake Decl. ¶ 18.

In this regard, fifty feet is what other courts that have addressed this issue have determined is reasonable and necessary to adequately and properly maintain and operate a natural gas pipeline in circumstance when the document granting the rights is silent as to the width of the right-of-way. In *Columbia Gas Transmission Corporation v. Large*, 63 Ohio Misc.2d 63, 619 N.E.2d 1215 (Ohio Ct. Com.Pl. 1992), the parties there (like here) disputed the width of a right-of-way granted under a document that was silent as to the width of the right-of-way, but which expressly granted Columbia the "right to lay, maintain, operate, repair, replace and remove" a natural gas pipeline. *Id.* at 1216. The Court there determined that, under the

rights granted pursuant to the right-of-way agreements, a fifty foot width is what is reasonable and necessary to safely and properly operate and maintain a natural gas pipeline.

The same set of facts is found in *Columbia Gas Transmission Corporation v. Tarbuck*, 845 F.Supp. 303 (W.D. Pa. 1994) *aff'd* 62 F.3d 538 (3d Cir. 1995). There, the pipeline company had the stated right under an easement to "maintain, operate, repair, and remove" a natural gas pipeline pursuant to an easement that did not delineate the width of the right-of-way granted. 854 F.Supp. at 305. The District Court found that, for safety and maintenance concerns (the same concerns espoused herein) anything less than a fifty-foot right-of-way "would effectively preclude Columbia from using the right-of-way for its intended purpose of maintaining and repairing" the pipeline. 845 F.Supp. at 310. In affirming, the Third Circuit held that the stated purpose of the grant was the operation of a pipeline and that fifty feet was the reasonable and necessary width in order to effectuate that purpose. 62 F.3d at 544. Again, the same easement rights granted in *Tarbuck* are the same rights granted here, and the same safety and maintenance concerns involved there are the same concerns involved here.   And as the District Court stated there:

> the entire right-of-way granted to Columbia is 50 feet wide. To find otherwise would effectively preclude Columbia from using the right-of-way for its intended purpose of maintaining and repairing [the natural gas pipeline].

845 F.Supp. at 309-10.

Indeed, courts which have addressed this issue routinely hold that, in undefined right-of-ways, the "reasonable and necessary" width to operate and maintain a natural gas pipeline is 50 feet (25 feet on either side of the pipeline). *See Columbia Gas Transmission Corp. v. Savage*, 863 F. Supp. 198, 202 (M.D. Pa. 1994) ("The evidence in the record shows a fifty (50) foot width area is necessary for the use of the right-of-way by the Plaintiff and in maintaining the safety of the area."); *Columbia Gas Transmission Corp. v. Adams*, 646 N.E. 2d at 926 (Ohio Ct. Com. Pl. 1994) ("It is standard practice in the operation of an underground natural gas pipeline . . . to keep at least twenty-five feet on each side of the pipeline free and clear of encroaches so that

inspections, maintenance, and repairs can be safely and efficiently undertaken"); *See also Columbia Gas Transmission Corp. v. Burke,* 768 F. Supp. at 1173 (N.D.W.Va. 1990).

Accordingly, Columbia, like in *Large, Tarbuck, Savage, Adams* and *Burke,* is entitled to a declaration that its permanent right-of-way under the Easement is fifty feet (twenty-five feet on either side of the pipeline).

## CONCLUSION

Columbia is entitled to an adjudication that fifty feet is the reasonable and necessary width of its permanent right-of-way across Responding Defendants' properties pursuant to the Easement.

Dated:   New York, New York
         May 14, 2008

                                             **REED SMITH LLP**

                                             By:___/s/ Scott S. McKessy_____
                                                  Scott S. McKessy (SM-5479)
                                             599 Lexington Avenue
                                             New York, New York 10022
                                             (212) 521-5400

                                             *Attorneys for Plaintiff*
                                             *Columbia Gas Transmission Corp.*