EXHIBIT E

ECF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x

COLUMBIA GAS TRANSMISSION CORPORATION,

<em>Plaintiff,</em>

-against-

LEWIS PERRY, YOLANDA PERRY, ALEXANDER
ROAD ASSOCIATION, INC., ANTHONY VULPONE,
ESTATE OF ANTHONY VULPONE, ROBERT
ANTALOCY, THOMAS HARRIS, DOLORES
A. KORZ, JOHN P. KILDUFF, KENNETH LEE d/b/a
"I CAN GET IT FOR YOU WHOLESALE", SALLIE
E. HARMON, PAUL RUGGERIO, MICHELLE
RUGGERIO, TERRANCE DONNARY, ANDREW PERNA,
KAREN PERNA, ROBERT McMAHON, CARL McMAHON,
KELVIN M. LEWIS, MARCHELLE KIRBY, JHON
GORDON, RUTH MONROE, EDWARD R. MATEO,
ROSANN P. MATEO, ADAM DORAN, NICOLE DORAN,
CREDENCE DEVELOPMENT, INC., RICHARD DELISI,
ADELAIDE FAULKNER, PAUL ESPEL, CAROL ESPEL,
DAWN FORNOFF, RICHARD BURTON, GARY MARINA,
and JOHN DOE NO. "1" through "10", inclusive, the names
of the last ten defendants being ficticous, the true names
being unknown to plaintiff, the parties intended being
those having an ownership interest in property effected
by a certain easement described in the complaint,

<em>Defendants.</em>

-----------------------------------------------------------------------------x

Civil Action No.:
07-CIV-5739

ANSWER AND
COUNTERCLAIM
OF DEFENDANTS
LEWIS PERRY,
YOLANDA PERRY,
ALEXANDER ROAD
ASSOCIATION, INC.
EDWARD R. MATEO,
ROSANN P. MATEO,
ADAM DORAN, NICOLE,
DORAN, CREDENCE
DEVELOPMENT, INC.,
and RICHARD DELISI

Defendants Lewis Perry and Yolanda Perry (the "Perrys"), Alexander Road

Association, Inc. ("ARA"), Edward R. Mateo and Rosann P. Mateo (the "Mateos"), Adam

Doran and Nicole Doran (the "Dorans"), Credence Development, Inc. ("Credence") and

Richard Delisi ("Delisi"), by and through their attorneys Zraick, Nahas & Rich, hereby

answer Plaintiff Columbia Gas Transmission Corporation's complaint by admitting,

denying and alleging as follows:

1.      Answering Paragraph 1, the Perrys and ARA deny taking "the position that Columbia Gas' easement does not entitle it to lay, maintain, operate, repair, change or remove" the existing pipeline across their property and further deny making the demand that Columbia Gas purchase easement rights.  Save and except as expressly denied above, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

2.      Answering Paragraph 2, the Perrys and ARA deny interfering with "Columbia Gas' rights" as alleged.  Further, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi deny each allegation contained therein.

3.      Answering Paragraph 3, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

4.      Answering Paragraph 4, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

5.      Answering Paragraph 5, the Perrys admit being the owners of certain property known as 125 Alexander Road, Monroe, New York. Save and except as expressly admitted herein, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

6.      Answering Paragraph 6, ARA admits being a domestic non-profit corporation that manages the common areas of certain defendants' property. ARA further admits to possess rights in and to Alexander Road. Save and except as expressly admitted herein, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

7.      Answering Paragraph 7, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

8.      Answering Paragraph 8, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief

3

as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

9.     Answering Paragraph 9, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

10.     Answering Paragraph 10, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

11.     Answering Paragraph 11, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

12.     Answering Paragraph 12, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

13.      Answering Paragraph 13, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

14.      Answering Paragraph 14, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

15.      Answering Paragraph 15, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

16.      Answering Paragraph 16, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

17.      Answering Paragraph 17, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief

as to the truth of the allegations contained in said paragraph, and on that basis deny

each and every allegation contained therein.

18.    Answering Paragraph 18, the Perrys, ARA, the Mateos, the Dorans,

Credence and Delisi are without sufficient knowledge or information to form a belief

as to the truth of the allegations contained in said paragraph, and on that basis deny

each and every allegation contained therein.

19.    Answering Paragraph 19, the Perrys, ARA, the Mateos, the Dorans,

Credence and Delisi are without sufficient knowledge or information to form a belief

as to the truth of the allegations contained in said paragraph, and on that basis deny

each and every allegation contained therein.

20.    Answering Paragraph 20, the Mateos admit being the owners of certain

property known as 144 Alexander Road, Monroe, New York.  Save and except as

expressly admitted herein, the Perrys, ARA, the Mateos, the Dorans, Credence and

Delisi are without sufficient knowledge or information to form a belief as to the truth

of the allegations contained in said paragraph, and on that basis deny each and every

allegation contained therein.

21.    Answering Paragraph 21, the Dorans admit being the owners of certain

property known as 146 Alexander Road, Monroe, New York.  Save and except as

expressly admitted herein, the Perrys, ARA, the Mateos, the Dorans, Credence and

Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

22.    Answering Paragraph 22, Credence admits being the owner of certain property known as 136 Alexander Road, Monroe, New York.  Save and except as expressly admitted herein, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

23.    Answering Paragraph 23, Delisi admits being the owner of certain property known as 155 Alexander Road, Monroe, New York.  Save and except as expressly admitted herein, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

24.    Answering Paragraph 24, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

25.      Answering Paragraph 25, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

26.      Answering Paragraph 26, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

27.      Answering Paragraph 27, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

28.      Answering Paragraph 28, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

29.      Answering Paragraph 29, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi admit the allegations contained therein.

30.    Answering Paragraph 30, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi admit the allegations contained therein.

31.    Answering Paragraph 31, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

32.    Answering Paragraph 32, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

33.    Answering Paragraph 33, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

34.    Answering Paragraph 34, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

35.      Answering Paragraph 35, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

36.      Answering Paragraph 36, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

37.      Answering Paragraph 37, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

38.      Answering Paragraph 38, Defendant Lewis Perry admits purchasing the property located at 125 Alexander Road on or about April 1, 1973 subject to any and all easements of record that affected this property at that time.  Save and except as expressly admitted herein, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

10

39.        Answering Paragraph 39, ARA admits acquiring the rights to Alexander

Road pursuant to adverse possession.  Save and except as expressly admitted herein,

the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient

knowledge or information to form a belief as to the truth of the allegations contained

in said paragraph, and on that basis deny each and every allegation contained therein


40.        Answering Paragraph 40, the Perrys, ARA, the Mateos, the Dorans,

Credence and Delisi are without sufficient knowledge or information to form a belief

as to the truth of the allegations contained in said paragraph, and on that basis deny

each and every allegation contained therein.


41.        Answering Paragraph 41, the Perrys, ARA, the Mateos, the Dorans,

Credence and Delisi are without sufficient knowledge or information to form a belief

as to the truth of the allegations contained in said paragraph, and on that basis deny

each and every allegation contained therein.


42.        Answering Paragraph 42, the Perrys, ARA, the Mateos, the Dorans,

Credence and Delisi are without sufficient knowledge or information to form a belief

as to the truth of the allegations contained in said paragraph, and on that basis deny

each and every allegation contained therein.


43.        Answering Paragraph 43, the Perrys, ARA, the Mateos, the Dorans,

Credence and Delisi are without sufficient knowledge or information to form a belief

as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

44.      Answering Paragraph 44, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

45.      Answering Paragraph 45, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi deny each and every allegation contained therein.

46.      Answering Paragraph 46, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi admit the Easement grants Columbia Gas an undefined right over and through certain property.  Save and except as expressly admitted herein, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

47.      Answering Paragraph 47, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi deny each and every allegation contained therein.

48.      Answering Paragraph 48, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

49.      Answering Paragraph 49, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

50.      Answering Paragraph 50, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi deny each and every allegation contained therein.

51.      Answering Paragraph 51, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi incorporate their answers to Paragraphs "1" through "50" as if fully set forth hereat.

52.      Answering Paragraph 52, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

53.     Answering Paragraph 53, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

54.     Answering Paragraph 54, the Perrys and ARA admit purchasing and/or acquiring their property subject to any and all easements of record that affected their property at that time.  Save and except as expressly admitted herein, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

55.     Answering Paragraph 55, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi admit the Easement does not define Columbia Gas' rights. Save and except as expressly admitted herein, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

56.     Answering Paragraph 56, the Perrys and ARA admit challenging and denying Columbia Gas' position concerning its rights under the Easement as alleged in Plaintiff's complaint.  Save and except as expressly admitted herein, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge

or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

57.     Answering Paragraph 57, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi admit the allegations contained therein.

58.     Answering Paragraph 58, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi deny each and every allegation contained therein.

59.     Answering Paragraph 59, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi incorporate their answers to Paragraphs "1" through "58" as if fully set forth hereat.

60.     Answering Paragraph 60, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

61.     Answering Paragraph 61, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

62.    Answering Paragraph 62, the Perrys and ARA admit purchasing and/or acquiring their property subject to any and all easements of record that affected their property at that time.  Save and except as expressly admitted herein, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

63.    Answering Paragraph 63, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi admit the Easement does not define Columbia Gas' rights. Save and except as expressly admitted herein, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

64.    Answering Paragraph 64, the Perrys and ARA admit challenging and denying Columbia Gas' position concerning its rights under the Easement as alleged in Plaintiff's complaint.  Save and except as expressly admitted herein, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

65.    Answering Paragraph 65, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi admit the allegations contained therein.

66.     Answering Paragraph 66, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi deny each and every allegation contained therein.

67.     Answering Paragraph 67, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi incorporate their answers to Paragraphs "1" through "66" as if fully set forth hereat.

68.     Answering Paragraph 60, the Perrys and ARA deny each and every allegation contained therein. Save and except as expressly denied, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

69.     Answering Paragraph 69, the Perrys and ARA deny each and every allegation contained therein. Save and except as expressly denied, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

70.     Answering Paragraph 70, the Perrys and ARA deny each and every allegation contained therein. Save and except as expressly denied, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to

form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

71.    Answering Paragraph 71, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

72.    Answering Paragraph 72, the Perrys and ARA deny each and every allegation contained therein.  Save and except as expressly denied, the Mateos, the Dorans, Credence and Delisi are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

## COUNTER CLAIM

73.    Defendants and Counter-Claimants Lewis and Yolanda Perry (the "Perrys"), Alexander Road Association, Inc. ("ARA"), Edward R. Mateo and Rosann P. Mateo (the "Mateos"), Adam Doran and Nicole Doran (the "Dorans"), Credence Development, Inc. ("Credence") and Richard Delisi ("Delisi") individually and collectively, by and through their attorneys Zraick, Nahas & Rich, for their Counterclaim, respectfully allege against Defendant Columbia Gas Transmission Corporation ("Columbia Gas") as follows:

74.     Upon information and belief, Columbia Gas is a foreign corporation authorized to do and doing business in the State of New York with its principal executive offices located at 12801 Fair Lakes Parkway, Fairfax, Virginia, and that it is the successor-in-interest to Home Gas Company.

## FACTUAL BACKGROUND

75.     Upon information and belief, in 1949 Lillian Alexander, as the Grantor, pursuant to written conveyance to Home Gas Company, as Grantee, granted and conveyed to Grantee "the right and privilege to lay, maintain, operate, repair, change and remove a pipeline over and through lands" as more particularly described in Exhibit "A" to Plaintiff's Complaint.  This conveyance shall hereinafter be referred to as the "Lillian Alexander Grant".

76.     The Lillian Alexander Grant provided to Grantee the "right of ingress, egress and regress to and from the above described lands, together with the right to maintain, operate, repair, and remove its existing pipe lines for the transportation of gas on said land" with specific rights reserved for Grantor's use and for Grantee to compensate Grantor and/or her successors and assigns for damages.

77.     Further, the Lillian Alexander Grant provided for Grantee to select the location of the pipe line to be laid by Grantee in and through the land specified in the

Lillian Alexander Grant.  **Left undefined in the Lillian Alexander Grant is the extent, either in metes and bounds, or in square footage, of the extent of Grantee's rights received in said grant in, along and adjacent to the pipeline.**

78.     Subsequent to the recorded Lillian Alexander Grant, the burdens and benefits of which run with the land, the land subject to said grant was developed and now comprises those lots owned by the members of ARA.

79.     In particular, the pipeline laid pursuant to the Lillian Alexander Grant borders and is part of the Perrys' property, the Mateos' property, and Delisi's property; further the Millennium Pipeline Project will, upon information and belief, affect the Dorans' property and Credence's property.  Further, the pipeline intersects in two (2) locations on Alexander Road, the private road servicing ARA that ARA maintains and operates.

80.     Upon information and belief, on or about December 1997, Columbia Gas filed its initial application, under section 7(c) of the Natural Gas Act and Part 157 of the Federal Energy Regulatory Commission regulations to construct, acquire, own, and operate a 422-mile long natural gas pipeline that would extend from an interconnection in Lake Erie at the Canada/United States border through southern New York to Mount Vernon, Westchester County.  This application (the "Millennium Pipeline Project") is intended to provide consumers in the Northeast with the additional natural gas infrastructure that is required to meet the growing

need for clean energy. Upon information and belief the Millennium Pipeline Project is currently underway with construction to begin in year 2007.

81.     Columbia Gas has approached the Counterclaimants to inform them of the impact of the Millennium Pipeline project. In particular, Columbia Gas, in said representations, has asserted that its rights, pursuant to and as defined in the Lillian Alexander Grant, provide it, as successor to the original grantee, a twenty-five (25) foot easement that runs with the land along both sides of the existing pipeline, for a total easement of fifty (50) feet in width for the length of the existing pipeline. Further, Columbia Gas has asserted that inherent in its rights is an additional "right of way" grant expanding its easement to Seventy-Five (75) to One Hundred and Fifty (150) feet in total width during times of construction and the performance of major work.

82.     The Perrys, ARA, the Mateos, the Dorans, Credence and Delisi claim that the rights provided to Columbia Gas in the Lillian Alexander Grant do not provide Columbia Gas a twenty-five (25) foot easement that runs with the land along both sides of the existing pipeline, for a total easement of fifty (50) feet for the length of the existing pipeline. Further, the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi claim that the rights contained in the Lillian Alexander Grant do not provide Columbia Gas inherent rights to expand the easement width to Seventy-Five (75) to One Hundred and Fifty (150) feet in total width during times of construction and the performance of major work. The Perrys, ARA, Mateos, Dorans, Credence

and Delisi contend that Columbia Gas' rights have been established by use from the inception of the Lillian Alexander Grant to this date.

## FIRST CAUSE OF ACTION

### INJUCTIVE RELIEF

83.        Counterclaimants repeat and reallege Paragraphs 73 through 82, inclusive, and incorporate the same as if set forth hereat at length.

84.        Columbia Gas asserts that its rights under the Lillian Alexander Grant provide it as successor to the original grantee a twenty-five (25) foot easement that runs with the land along both sides of the existing pipeline, for a total easement of fifty (50) feet in width for the length of the existing pipeline and the right to expand the total width of the easement to Seventy-Five (75) to One Hundred and Fifty (150) feet during times of construction and the performance of major work.

85.        The Perrys, ARA, the Mateos, the Dorans, Credence and Delisi claim that the rights provided Columbia Gas are contained in the Lillian Alexander Grant and that Columbia Gas' rights have been established by use from the inception of the Lillian Alexander Grant to this date.

86.        Notwithstanding its knowledge of the contentions of the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi concerning their property rights, Columbia

22

Gas plans to exercise its alleged rights to said Defendants' properties which plan, if attempted or accomplished, would injure and destroy the use and benefit that the Perrys, ARA, the Mateos, the Dorans, Credence and Delisi maintain and enjoy in their property.

87.     Columbia Gas implementation of the Millennium Pipeline Project, described above, is ongoing and its exercise is threatened and can reasonably be expected to continue unless and until the Plaintiff is restrained by this Court from further activity, and until this court can adjudge the rights contained in the Lillian Alexander Grant.

88.     The Perrys, ARA, the Mateos, the Dorans, Credence and Delisi have no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Defendants and Counterclaimants, pray for judgment and relief as follows:

On Plaintiff's Complaint:

A.     On the First and Second Causes of Action, a declaratory judgment establishing the rights of the Plaintiff under the Lillian Alexander Grant have been established by use from the inception of the Lillian Alexander Grant and

prohibit Plaintiff's taking of Defendants' property and the use and enjoyment thereof;

B.       On the Third Cause of Action, that Plaintiff takes nothing by reason of this Cause of Action;

C.       Pursuant to Plaintiff's Exhibit "A" and the first full text paragraph thereof, that Defendants be awarded, pursuant to said agreement, costs, expenses, and attorneys fees attendant to this action;

D.       Such other and further relief as the Court may deem necessary or appropriate.

On Defendants' and Counterclaimants' Counterclaim:

A.       A judgment permanently enjoining Columbia Gas from implementing any plan to use the Defendants' property inconsistent with Plaintiff's rights under the Lillian Alexander Grant;

B.       Pursuant to Plaintiff's Exhibit "A" and the first full text paragraph thereof, that Defendants be       awarded, pursuant to said agreement, costs, expenses, and attorneys fees attendant to this action;

24

C.        Such other and further relief as the Court may deem necessary or appropriate.

DATED: August 14, 2007

                                        ZRAICK, NAHAS & RICH

                                        By:_____S/_____
                                            Stuart E. Nahas, Esq. (SN-8206)
                                            303 Fifth Avenue
                                            New York, New York 10016
                                            (212) 686-0855
                                        Attorneys for Defendants and Counter-
                                        Claimants Lewis Perry, Yolanda Perry,
                                        Alexander Road Association, Inc., Edward R.
                                        Mateo, Rosann P. Mateo, Adam Doran, Nicole
                                        Doran,  Credence  Development,  Inc.  and
                                        Richard Delisi

Sen/2007-16/Answer on Behalf of all Defendants