UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
**COLUMBIA GAS TRANSMISSION CORPORATION,**

                                              *Plaintiff*,

                   -against-

**LEWIS PERRY, YOLANDA PERRY, ALEXANDER
ROAD ASSOCIATION, INC., ANTHONY VULPONE,
ESTATE OF ANTHONY VULPONE, ROBERT
ANTALOCY, THOMAS HARRIS, DOLORES
A. KORZ, JOHN P. KILDUFF, KENNETH LEE d/b/a
"I CAN GET IT FOR YOU WHOLESALE", SALLIE
E. HARMON, PAUL RUGGERIO, MICHELLE
RUGGERIO, TERRANCE DONNARY, ANDREW PERNA,
KAREN PERNA, ROBERT McMAHON, CARL McMAHON,
KELVIN M. LEWIS, MARCHELLE KIRBY, JHON
GORDON, RUTH MONROE, EDWARD R. MATEO,
ROSANN P. MATEO, ADAM DORAN, NICOLE DORAN,
CREDENCE DEVELOPMENT, INC., RICHARD DELISI,
ADELAIDE FAULKNER, PAUL ESPEL, CAROL ESPEL,
DAWN FORNOFF, RICHARD BURTON, GARY MARINA,
and JOHN DOE NO. "1" through "10", inclusive, the names
of the last ten defendants being ficticous, the true names
being unknown to plaintiff, the parties intended being
those having an ownership interest in property effected
by a certain easement described in the complaint,**

                                             *Defendants*.
-------------------------------------------------------------------------------x

Civil Action No.:
07-CV-5739 (KMK)

ECF CASE

## DEFENDANTS' MEMORANDUM OF LAW

## IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

ZRAICK, NAHAS & RICH
303 Fifth Avenue
Suite 1201
New York, New York 10016

Attorneys for Defendants and Counter-Claimants
Lewis Perry, Yolanda Perry, Alexander Road Association, Inc., Edward R. Mateo, Rosann
P. Mateo, Adam Doran, Nicole Doran, Credence Development, Inc. and Richard Delisi

Defendants Lewis Perry and Yolanda Perry (the "Perrys"), Alexander Road Association, Inc. ("ARA"), Edward R. Mateo and Rosann P. Mateo (the "Mateos"), Adam Doran and Nicole Doran (the "Dorans"), Credence Development, Inc. ("Credence") and Richard Delisi ("Delisi") (collectively the "Responding Defendants") respectfully submit this Memorandum of Law in Opposition to Plaintiff Columbia Gas Transmission Corporation (hereinafter "Columbia Gas")'s Motion for Summary Judgment.

PRELIMINARY STATEMENT

Upon review of Columbia Gas' Memorandum of Law and Declaration of Andrew G. Lake in Support of its Motion for Summary Judgment, it becomes apparent that Columbia Gas and Responding Defendants agree on a majority of the issues before the Court. In fact, as to the primary factual allegations posited by Columbia Gas, Responding Defendants agree that Columbia Gas must be cognizant of the safety of its employees, the Responding Defendants and the public in regard to its easement rights. Responding Defendants further agree with Columbia Gas that it must be able to readily locate, inspect and have access to its pipeline. However, in New York, prudent safety concerns and practical needs for use do not grant property rights.

Columbia Gas, in its Motion for Summary Judgment, fails to properly analyze the legal standard under which this Court must determine what is "reasonable and necessary in order to effectuate a grant" that is undefined. Rather than relying on New York State case law, Columbia Gas cites out of state decisions wherein Columbia Gas, as Plaintiff, successfully applied different facts under different law to demonstrate that fifty (50) feet is a safe, prudent and practical easement area. Further, and in stark contrast to Responding Defendants' Declarations in support of their Motion for Summary Judgment, Columbia Gas fails to provide any evidence of its use of its easement right over time to support its contention for a fifty (50) foot permanent right-of-way. For these reasons in unison with Responding Defendants' argument and facts as presented in their Motion for Summary Judgment, Responding Defendant's oppose Columbia Gas' Motion for Summary Judgment.

ARGUMENT

As stated by both parties in their moving papers, to define an undefined easement, where the metes and bounds of a right of way are not specified, the right must be construed as such right of way that was necessary for the purpose or use created. See *Town of Ulster v. Massa,* 144 A.D.2d 726 at 728, 535 N.Y.S.2d 460 (3d Dep't 1998) and *LeSawyer v. Squillace*, 14 A.D.2d 961 at 962, 221 N.Y.S.2d 455 (3d Dep't 1961).

New York State courts have long recognized that such a general standard is not sufficient to determine this issue. For example, what was "reasonable and

3

necessary" in order to effectuate a grant in 1949 is, clearly, different for Columbia Gas' larger pipe and equipment in year 2008. Arguably, Columbia Gas could posit any safety requirement or practical use standard, be it ten (10) feet or one hundred (100) feet, and address the cited holding in *Town of Ulster*.

As presented by Responding Defendants what is required, and where Columbia Gas fails in its argument, is a further evaluation by the Court of this standard, addressing: 1) the grant in light of the facts and circumstances existing at the creation date of the easement, 2) the intention of the parties participant to the original grant, and 3) the use by the parties over time. See *Casellla v. Gallo*, 197 A.D. 825, 189 N.Y.S. 531 (3d Dep't 1921); *Oliphant v. McCarthy,* 208 A.D.2d 1079, 617 N.Y.S.2d 555 (3d Dep't 1994)(citing *Town of Ulster v. Massa*); and *Rivlin v. Sigalos*, 9 Misc.2d 373, 172 N.Y.S.2d 882 (N.Y.Sup. 1957).

Instead of engaging in an application of the above legal standard to the facts in this matter, Columbia Gas relies on and cites its successful out of state adjudications adding its "only intent in maintaining a 50 foot right-of-way is safety and service". *Plaintiff's Memorandum of Law, page 5, citing Lake Decl. ¶ 18.* Rest assured, Responding Defendants agree with and support Columbia Gas' safety and use concerns. However, when the facts are applied to the applicable legal standard, Columbia Gas is not entitled to a fifty (50) foot permanent right-of-way.

Responding Defendants provide in their Memorandum of Law and supporting Declarations (and need not reiterate here) a detailed analysis of the legal standard and facts in support of their Motion for Summary Judgment. However, of moment is

the lack of evidence by Columbia Gas in its moving papers of its use over time in contrast to the facts as presented by Responding Defendants.

The Declaration of Andrew G. Lake contains one paragraph (#17) wherein it is stated, without facts in support, that Columbia Gas has "long protected this area [fifty (50) feet] from any encroachments-<u>requiring</u> the landowners to obtain Columbia Gas' permission before allowing any decks, fencing or other encroachments from being placed within this fifty foot area". *Decl. of Lake, ¶ 17 (emphasis added)*. Of note in support of this statement are pictures of the right-of-way taken in the <u>fall of 2007</u>.

The facts, as submitted to this Court by the Responding Defendants, demonstrate otherwise:

A. Columbia Gas has not, over time, protected a fifty (50) foot area from encroachments. From 1997 to present, Columbia Gas has in fact enjoyed easement rights over an area of: approximately 19 feet concerning the Perrys' property (*Declaration of Lewis Perry, ¶ 9*); approximately one foot concerning the Mateos' property (*Declaration of Edward R. Mateo, ¶ 15*); zero impact upon either Credence or Dorans properties (*Declaration of Edward R. Mateo, ¶ 16; Declaration of Adam Doran, ¶¶ 8, 9*), and; approximately 19 feet concerning the Delisi property (*Declaration of Richard Delisi, ¶ 9*).

B. Individual homeowners, and not Columbia Gas, cleared and maintained the area subject to the easement. *Declaration of Edward R. Mateo, ¶ 12*.

    C. Individual homeowners solicited Columbia Gas in regard to safety issues and their use of their property. *Declaration of Edward R. Mateo, ¶ 9.*

The facts, when applied to the law, do not provide Columbia Gas with a fifty (50) foot right-of-way. Safety and practical use concerns, now necessary for Columbia Gas to continue with its Millennium Pipeline Project, do not grant Columbia Gas with a fifty (50) foot right of way.

Rather, the facts when applied to the law provide Columbia Gas with the rights it was provided by the original grant that have been established by use from the inception of the grant and are the recognized dimensions in existence on or about December 1997, which is the date prior to Columbia Gas' exercise of its commitments under the Millennium Pipeline Project as the same pertains to Responding Defendants' properties.

Finally, Responding Defendants note Columbia Gas does not, in its Motion for Summary Judgment, contest Responding Defendants' claim for damages, which include attorney's fees and costs, attendant to the defense of Plaintiff's claims.

## CONCLUSION

For the reasons above stated, and upon review of the facts and pertinent case law, Responding Defendants oppose Plaintiff Columbia Gas Transmission Corporation's Motion for Summary Judgment.

Dated:   June 17, 2008

                                            Respectfully submitted,

                                            ZRAICK, NAHAS & RICH

                                            By: /s/ Stuart E. Nahas
                                                 Stuart E. Nahas, Esq. (SN-8206)
                                                 303 Fifth Avenue
                                                 New York, New York 10016
                                                 (212) 686-0855
Attorneys for Defendants and Counter-Claimants Lewis Perry, Yolanda Perry, Alexander Road Association, Inc., Edward R. Mateo, Rosann P. Mateo, Adam Doran, Nicole Doran, Credence Development, Inc. and Richard Delisi

*Sen/2007-16/Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment*